UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DAVID J. WIDI, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:12-cv-00188-JAW |
| | ) | |
| PAUL MCNEIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO CORRECT THE RECORD
AND MOTION FOR SANCTIONS**

The Court denies the Plaintiff's motion to correct the record and motion for
sanctions against TD Bank, N.A. for its alleged failure to timely serve him with a
copy of its motion for summary judgment.

**I.    STATEMENT OF FACTS**

On March 13, 2013, David J. Widi, Jr. moved for sanctions against TD Bank,
N.A. (TD Bank) for failing to properly serve him with its motion for summary
judgment. *Reply to TD Bank Resp. (Doc # 101) and Mot. for Sanctions* (ECF No.
113) (*Widi Mot.*); *Mot. for Sanctions* (ECF No. 114). Mr. Widi's motion is based on a
complicated set of facts, beginning with a motion for summary judgment and
supporting statement of material facts that TD Bank filed on October 16, 2012.
*Def., TD Bank, N.A.'s Mot for Summ. J.* (ECF No. 40); *Def., TD Bank, N.A.'s
Statement of Material Facts in Support of its Mot. for Summ. J.* (ECF No. 41). Mr.
Widi, who is acting pro se in this case, says that he did not receive a copy of the
Bank's Motion when it was filed and only learned from his then-attorney in another

case that it had been filed. *Widi Mot.* at 1. Upon learning about the TD Bank Motion, Mr. Widi says that he filed a motion to stay proceedings in order to obtain a copy of the motion and to respond. *Id.* (citing *Mot. to Stay Proceedings* (ECF No. 51)).

On November 22, 2012, before the Court ruled on his motion to stay, Mr. Widi filed a motion requesting an extension of time to respond to the motion for summary judgment and requesting a copy of the filed motions. *Letter from David J. Widi, Jr. to United States District Court (Nov. 22, 2012)* (ECF No. 55). On November 29, 2012, the Magistrate Judge granted Mr. Widi's motion to extend time, allowing him until January 11, 2013 to respond to all pending motions, and she also ordered the Clerk to mail him copies of the motions he had enumerated. *Order* (ECF No. 56); *Order* (ECF No. 57). On December 2, 2012, Mr. Widi filed a letter with the Court complaining that TD Bank had not corrected its service deficiencies and again asking that TD Bank's motion for summary judgment be stayed until service is completed. *Letter from David J. Widi, Jr. to U.S. District Court (Dec. 2, 2012)* (ECF No. 61). After further motions and letters from Mr. Widi, the Magistrate Judge issued an Order on January 2, 2013, reminding TD Bank that Mr. Widi is not an electronic filer and directing it to send him a copy of its pending motion with the supporting statement of facts and affidavit; the Magistrate Judge further extended the time for Mr. Widi to respond to the TD Bank motion to February 1, 2013. *Order* (ECF No. 73).

On January 3, 2013, TD Bank's counsel sent Mr. Widi at his address in Otisville, New York, where he was incarcerated, copies of its motion for summary judgment and statement of material facts with supporting affidavit. *Letter from Attorney Joseph G. Talbot to David J. Widi, Jr. (Jan. 3, 2013)* (ECF No. 76). However Mr. Widi filed another letter with the Court indicating that he was being transferred from Otisville, and that in anticipation of the transfer, he was "dispossessed of [his] legal materials" because the Bureau of Prisons (BOP) would not allow him to take the legal materials with him. *Letter from David J. Widi, Jr. to United States District Court (Jan. 7, 2013)* (ECF No. 78).  Mr. Widi said that the BOP would send the material to him.  *Id.*  On January 11, 2013, the Magistrate Judge denied the motion to stay, but she extended his deadline for responding to the TD Bank motion to February 11, 2013, noting that "if plaintiff has not yet received his legal materials by the extended date he should further notify the court." *Order* (ECF No. 79).

On January 14, 2013, Attorney Talbot for TD Bank sent Mr. Widi another copy of its motion for summary judgment and statement of material facts with affidavit to his new facility in Brooklyn, New York. *Letter from Attorney Joseph G. Talbot to David J. Widi, Jr. (Jan. 14, 2013)* (ECF No. 82).  On January 25, 2013, Mr. Widi notified the Court of his new address, which was Ray Brook, New York. *Notice of Change of Address* (ECF No. 87).  On January 30, 2013, Mr. Widi objected to the Magistrate Judge's January 2, 2013 Order denying his motion to stay and her Orders granting him extensions of time to respond to the TD Bank motion.

3

*Objection to Magistrate's Orders* (ECF No. 89).  The same day, Mr. Widi moved again to stay the case.  *Letter from David J. Widi, Jr. to U.S. District Court (Jan. 30, 2013)* (ECF No. 90).  The Magistrate Judge denied the motion to stay on February 7, 2013.  *Order* (ECF No. 91).  She noted that she had taken measures to make sure Mr. Widi received a copy of the TD Bank filings, that the sole issue is whether TD Bank's compliance with legal process allowed the provision of bank records to the United States Attorney, and that she had previously given him "a generous extension of time."  *Id.*  On February 6, 2013, Attorney Talbot sent another copy of the motion, statement of facts and affidavit to Mr. Widi, this time at his address in Ray Brook, New York.  *Letter from Attorney Joseph G. Talbot to David J. Widi, Jr. (Feb. 8, 2013)* (ECF No. 92).  On February 8, 2013, Mr. Widi filed another motion for extension, noting that he had not yet received his legal papers and was unable to meet the February 11, 2013 deadline, and asking that all pending deadlines be reset. *Letter from David J. Widi, Jr. to U.S. District Court (Feb. 8, 2013)* (ECF No. 95).  On February 14, 2013, the Magistrate Judge granted the motion to extend, extending all unexpired deadlines including the deadline to respond to TD Bank's motion to February 21, 2013.   *Order* (ECF No. 96).   On February 13, 2013, Mr. Widi moved for another extension, stating that he finally received a copy of TD Bank's motion for summary judgment on February 8, 2013 and asking the Court to set a twenty-one day period for response.  *Letter from David J. Widi, Jr. to U.S. District Court (Feb. 13, 2013)* (ECF No. 97) (*Widi Feb. 13 Ltr.*).  On February 20, 2013, the Magistrate Judge denied the request, noting that she

4

had already granted an extension to February 13, 2013, and would allow no further extensions. *Order* (ECF No. 98). On February 19, 2013, Mr. Widi filed a motion for reconsideration and/or objection. *Mot. for Recons. and/or Objection to Magistrate's Order (Doc. No. 96)* (ECF No. 99). On February 26, 2013, the Magistrate Judge denied the motion for reconsideration. *Order* (ECF No. 100).

Mr. Widi's opposition to TD Bank's motion for summary judgment was filed on February 21, 2013, and docketed on March 4, 2013. *Pl.'s Opp'n to TD Bank's Mot. for Summ. J.* (ECF No. 104) (*Pl.'s Opp'n*). On March 6, 2013, the Court issued a comprehensive order, granting Mr. Widi's motion to extend time and deeming his opposition timely. *Order on Objections and on Status* (ECF No. 107). While the Court's March 6, 2013 Order was in the mail, the Court received yet another motion from Mr. Widi asking to be allowed to correct or supplement his response, *Objection to Magistrate's Order (Doc. No. 98)* (ECF No. 108), and on March 11, 2013, the Court received additional attachments Mr. Widi filed on March 5, 2013, in support of his objection. *Letter from David J. Widi, Jr. to U.S. District Court (Mar. 5, 2013)* (ECF No. 110). The Court rejected his request to file a supplement to his opposition to TD Bank's motion for summary judgment, noting that TD Bank's motion was only four pages long and that his already-filed opposition was twelve pages. *Order on Objection to Order Denying Mot. to Extend Time* (ECF No. 111).

On March 15, 2013, the Court received a motion from Mr. Widi to correct the record. *Mot. to Correct the Record* (ECF No. 121) (*Mot. to Correct*). Although the Court had sustained his objection to the Magistrate Judge's denial of his motion for

further extension and deemed as timely his response to TD Bank's motion for summary judgment, *Order on Objections and on Status* (ECF No. 107), Mr. Widi was not satisfied.  He maintained that because of the so-called mailbox rule, he filed his objection on February 21, 2013, the date the Magistrate Judge ordered.  *Mot. to Correct* at 1-2.  From Mr. Widi's perspective, the Court failed to acknowledge that he was required to file his response by February 21, 2013, which he did, and he maintains that the seven days between February 13, 2013, when he got his legal papers, and February 21, 2013, the deadline set by the Magistrate Judge, was not a reasonable amount of time for him to properly respond.  *Id.* at 2.

## II.   DISCUSSION

Mr. Widi's motion for sanctions against TD Bank and his motion to correct the record are without merit.  Regarding the motion to correct the record, it remains unclear when Mr. Widi actually received TD Bank's motion.  In his motion for sanctions, Mr. Widi admits that he actually received TD Bank's motion after the Clerk of Court sent him a courtesy copy on November 29, 2012:

> On November 22nd, 2012, Mr. Widi contacted the Court and requested a copy of the motion because TD Bank had still not provided service. (Doc. # 55).  A week later the Magistrate ruled that as a "ONE TIME courtesy the clerk will send Mr. Widi copies of the motions . . . and it will be up to the plaintiff to PROVE that he did not receive copies if the defendants include a proper certificate of service." (Doc. # 57).  <u>When Mr. Widi received copies of the motions requested the Clerk had mistakenly not provided the attached statement of material facts or affidavits.</u>  Subsequently, Mr. Widi again complained that he did not have the copies TD Bank was required to provide. (Doc. # 61).

*Widi Mot.* at 2.  Thus, as Mr. Widi acknowledged, he has had the TD Bank motion for summary judgment as early as December 2012.  Apparently, what he did not

have was TD Bank's statement of material facts and the affidavit supporting the statement of material facts.  TD Bank's statement of material facts consisted of a total of five paragraphs and the attached affidavit consisted of six paragraphs.  *Def., TD Bank, N.A.'s Statement of Material Facts in Support of its Mot. for Summ. J.* (ECF No. 41); *Id.* Attach. 1, *Decl. of Jeremy Porter in Support of Def., TD Bank, N.A.'s Mot. for Summ. J.* (ECF No. 41-1).  The motion itself references and describes the content of each of the five paragraphs.  *TD Bank Mot.* at 1-2.

It is unclear what happened to the TD Bank motion that Mr. Widi received in December 2012.  It may be that when he was transferred to a different prison, the motion—along with his other legal papers—was taken by BOP and not returned to him until February.  But, as Mr. Widi himself wrote, he received the motion from the Clerk of Court in December 2012.  TD Bank did not cause his transfer to another prison and temporary loss of possession of his legal papers.

The record of when Mr. Widi actually received the TD Bank motion and supporting legal papers is confusing.  In his motions, Mr. Widi at one point contends that he did not receive his legal papers until February 13, 2013, but in his February 13, 2013 letter, he wrote:

> The purpose of this letter is to notify the Court that on February 8th, 2013, I finally received a copy of TD Bank's Motion for Summary Judgment.

*Widi Feb. 13 Ltr.* at 1.  For purposes of these motions, the Court accepts the February 8, 2013 date as the date that Mr. Widi received both TD Bank's motion and supporting documents.  Not counting the dates of receipt and mailing, Mr. Widi

had twelve days between the date he received TD Bank's motion complete with the statement of material facts and affidavit and the deadline set by the Magistrate Judge.

This was plenty of time. It is true that the District of Maine Local Rules provide that a responding party must file an opposing memorandum within twenty-one days after the filing of a motion. D. ME. LOC. R. 7(b). However, as the Court has noted, Mr. Widi first received TD Bank's motion many months before February, 2013. Furthermore, the twenty-one day period contemplates motions much more complex and lengthy than the single issue, four-page motion in this case. Indeed, Mr. Widi's opposition memorandum demonstrates that the time was sufficient: his memorandum is detailed and is replete with citations, including caselaw and statutory law. *Pl.'s Opp'n* at 1-12. Although Mr. Widi asserts that he "had to rush to complete the motion and could have potentially forfeited or waived arguments that were available to him," *Widi Mot.* at 6, there is no sign of it. Mr. Widi has not provided the Court with any concrete suggestions of what he would have done with additional time: he has not mentioned any arguments he would have made, cases he would have cited, or issues he now fears he forfeited. The Court rejects his contention that he needed twenty-one days to respond.

Regarding the motion for sanctions, according to TD Bank, it sent Mr. Widi its motion for summary judgment, statement of facts and affidavit on October 16, 2012, again on January 3, 2013, again on January 14, 2013, and again on February 6, 2013. The Court does not know why these filings did not reach Mr. Widi until

February 8, 2013.  By contrast, the Clerk's Office mailing of November 29, 2012, did reach Mr. Widi, as he admitted.  The prison mail system and Mr. Widi's transfer in January 2013 may explain some of the difficulty, but these matters are beyond TD Bank's control.  Given its multiple efforts to serve Mr. Widi, there is no basis for the Court to sanction TD Bank.  Indeed, Mr. Widi cannot properly assert that TD Bank did not mail him the motion and supporting documents; he can only assert that he did not receive them.

Finally, Mr. Widi's real source of discontent is not with TD Bank but with the Court.  He contends that he should have been given more time to respond to TD Bank's motion, but he made this argument to the Magistrate Judge and she, not TD Bank, rejected it.  As the Court has pointed out, TD Bank's motion was supported by a four-page memorandum on a single legal issue; Mr. Widi filed a twelve-page response.  In short, Mr. Widi has made no showing that he was prejudiced by his asserted failure to receive TD Bank's multiple mailings of the motion and its supporting documents.

## III.   CONCLUSION

The Court DENIES David J. Widi, Jr.'s Motion for Sanctions (ECF No. 114) and his Motion to Correct the Record (ECF No. 121).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 3rd day of May, 2013

9