UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DAVID J. WIDI, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:12-cv-00188-JAW |
| | ) | |
| PAUL MCNEIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT BY
DEFENDANTS CLARK AND LYON**

In Count XIII of his Amended Complaint filed under 42 U.S.C. § 1983, David J. Widi, Jr. alleges that Denis R. Clark and Michael Lyon searched his residence in November 2005 in violation of the Fourth Amendment of the United States Constitution.  Messrs. Clark and Lyon (Defendants) move the Court for summary judgment, asserting that Mr. Widi's claim is time-barred because it was filed more than six years after the cause of action accrued.  Concluding that the accrual period for a § 1983 action begins when the plaintiff knows or has reason to know of the injury upon which the action is based, the Court denies the Defendants' Motion for Summary Judgment because there remain genuine disputes of material fact as to when Mr. Widi first knew or had reason to know of the search.

**I.    LEGAL STANDARD**

A court may grant summary judgment under Federal Rule of Civil Procedure 56 if the record demonstrates that there is no genuine dispute as to any material

fact and the moving party is entitled to judgment as a matter of law. "Material" means that the fact has the potential to change the outcome of the litigation; "genuine" means that a reasonable jury could resolve the matter in favor of the non-moving party. *Navarro v. Pfizer Corp.*, 261 F.3d 90, 93-94 (1st Cir. 2001) (quoting *McCarthy v. Nw. Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir. 1995)). The Court must examine the record evidence "in the light most favorable to, and drawing all reasonable inferences in favor of, the nonmoving party." *Feliciano de la Cruz v. El Conquistador Resort & Country Club*, 218 F.3d 1, 5 (1st Cir. 2000).

## II. FACTS

### A. Procedural Posture

Count XIII is in a confused procedural state. The Defendants moved for summary judgment on November 9, 2012, *Mot. of Denis R. Clark and Michael Lyon for Summ. J.* (ECF No. 48) (*Defs.' Mot.*), and attached a Statement of Material Facts. *Statement of Material Facts* (ECF No. 49) (DSMF). On December 5, 2012, Mr. Widi opposed the Defendants' motion and filed a cross-motion for summary judgment. *Pl.'s Opp'n to Mot. of Denis R. Clark and Michael Lyon for Summ. J. and Pl.'s Cross-Mot. for Summ. J.* (ECF No. 62) (*Pl.'s Opp'n*). With the opposition and cross-motion came a combined Opposing Statement of Material Facts Regarding Count XIII and Statement of Undisputed Material Facts. *Opposing Statement of Material Fact Regarding Count XIII* ECF No. 64 (PRDSMF) (PSAMF). On December 17, 2012, the Defendants opposed Mr. Widi's cross-motion for summary judgment, *Resp. in Opp'n to Cross-Mot. for Summ. J.* (ECF No. 70) (*Def.'s Reply*),

including both a Reply to Additional Statement of Material Fact and their Additional Statement of Material Fact. *Reply of Defs. Denis Clark and Michael Lyon to Additional Statement of Material Fact; and Defs.' Additional Statement of Material Fact* (ECF No. 71) (DRPSAMF); (DSAMF). Several exhibits and affidavits accompanied this combined statement.

This would normally be a fairly straightforward cross-motion for summary judgment, except that on February 6, 2013, Mr. Widi filed an objection, indicating that he had withdrawn his cross-motion for summary judgment. *Objection to Magistrate's Orders (Doc. Nos. 73 and 74)* (ECF No. 89). On March 6, 2013, the Court accepted Mr. Widi's withdrawal of the cross motion for summary judgment and the Court struck Mr. Widi's cross motion and Messrs. Clark and Lyon's response to the cross motion. *Order on Objections and on Status* (ECF No. 107) (*Status Order*). The net effect of the March 6, 2013 Order was to leave for disposition only the motion for summary judgment dated November 9, 2012. To this end, the Court has considered:

(1) The Clark/Lyon Motion for Summary Judgment filed November 9, 2012—ECF No. 48;

(2) The Clark/Lyon Statement of Material Facts filed November 9, 2012—ECF No. 49;

(3) Mr. Widi's Response to Defendants' Motion for Summary Judgment filed on December 5, 2012—ECF No. 62;

(4) Mr. Widi's Response to Defendants' Statement of Material Facts and Statement of Additional Material Facts filed on December 5, 2012—ECF No. 64;

(5) The Clark/Lyon Response in Opposition to Cross-Motion for Summary Judgment filed on December 17, 2012—ECF No. 70;[1] and,

(6) The Clark/Lyon Reply to Mr. Widi's Statement of Additional Material Facts filed on December 17, 2012—ECF No. 71.[2]

## B. Summary Judgment Facts

### 1. Background

Denis R. Clark is employed by the Maine Department of Corrections (MDOC) as an adult probation officer, a position he has held for eight years.[3]  DSMF ¶ 1; PRDSMF ¶ 1.  Officer Clark supervised the probation of Mr. Widi from February 2005 to February 2006.[4]  DSMF ¶ 2; PRDSMF ¶ 2.  Mr. Widi was convicted in the

---

[1]    In its Status Order, the Court struck the Clark/Lyon response in its entirety on the assumption that it only addressed the withdrawn cross-motion.  However, upon further review, the Clark/Lyon response is also a reply to Mr. Widi's response to their motion for summary judgment and to this extent, the Court considered the Clark/Lyon response as a reply.

[2]    Although the Court considered the Defendants' reply to Mr. Widi's additional facts, DRPSAMF ¶¶ 9-22, it did not consider their additional facts.  DSMF ¶¶ 1-4.  Those additional facts would be permissible only in opposition to Mr. Widi's now-stricken cross-motion for summary judgment.  However, the Court considered all the affidavits and exhibits attached to the Defendants' Reply to Plaintiff's Statement of Additional Material Facts to the extent they support the statement of material facts that the Court has considered.

[3]    Mr. Widi interposes a qualified response, asserting that he does not have access to records that indicate that Officer Clark has held his position for eight years.  The Defendants' statement of fact is supported by the record, *Clark Aff.* ¶ 1, and Mr. Widi cites to no portion of the record to the contrary.  Therefore, the Court deems Defendants' paragraph one admitted for the purpose of summary judgment pursuant to District of Maine Local Rule 56(g).

[4]    Defendants claim in their statement of facts that Officer Clark's supervision of Mr. Widi began in March 2005, not February 2005.  DSMF ¶ 2.  Mr. Widi interposes a qualified response, claiming that the supervision began in February.  PRDSMF ¶ 2.  Mr. Widi's version is supported by the record.  *Widi Decl.* ¶ 5.  Because the Court must resolve all factual disputes in favor of the non-

Rockingham County, New Hampshire Superior Court of reckless conduct.[5]  DSMF ¶ 3;  PRDSMF ¶ 3.  He was sentenced to twelve months in prison, all suspended, and two years of probation.  DSMF ¶ 3; PRDSMF ¶ 3.  Upon application of the New Hampshire Department of Corrections, Mr. Widi's probation was transferred to Maine, and Officer Clark was assigned to supervise him.[6]  DSMF ¶ 4; PRDSMF ¶ 4. The transfer was officially accepted on March 10, 2005.  DSMF ¶ 4; PRDSMF ¶ 4. Mr. Widi was arrested on December 8, 2005 for several probation violations.  DSMF ¶ 5; PRDSMF ¶ 5.

Officer Clark's last face-to-face contact with Mr. Widi was on February 6, 2006 when Mr. Widi and his father met with Officer Clark and advised him that Mr. Widi was moving back to New Hampshire.[7]  DSMF ¶ 6; PRDSMF ¶ 6.  Mr. Widi telephoned Officer Clark on February 17, 2006 to give Officer Clark his new address.[8]  DSMF ¶ 6; PRDSMF ¶ 6.  Officer Clark formally discharged Mr. Widi

---

moving party, the Court accepts Mr. Widi's version of ¶ 2 and has amended Defendants' paragraph 3 accordingly.

[5]    Defendants claim that Mr. Widi was convicted of felony reckless conduct, DSMF ¶ 3, while Mr. Widi contends that he was convicted of only a misdemeanor.  PRDSMF ¶ 3.  Mr. Widi's assertion is supported by the record.  *Widi Decl.* at ¶¶ 1-3.  Because the Court must resolve all factual disputes in favor of the non-movant, it accepts Mr. Widi's version solely for the purpose of summary judgment on Count XIII.

[6]    Mr. Widi interposes a qualified response, asserting that he does not have access to records that indicate the "dates and procedural aspects" of that transfer.  PRDSMF ¶ 4.  The Defendants' statement of fact is supported by the record, *Clark Aff.* ¶ 4, and Mr. Widi cites to no portion of the record to the contrary.  Therefore, the Court deems Mr. Widi's qualified response admitted for the purpose of summary judgment pursuant to Local Rule 56(g).

[7]    Mr. Widi interposes a qualified response, asserting that he does not have access to records that indicate the dates.  PRDSMF ¶ 6.  The Defendants' statement of fact is supported by the record, *Clark Aff.* ¶ 6, and Mr. Widi cites to no portion of the record to the contrary.  Therefore, the Court treats Mr. Widi's qualified response admitted for the purpose of summary judgment pursuant to Local Rule 56(g).

[8]    The Court deems Mr. Widi's qualified response admitted for the purpose of summary judgment pursuant to Local Rule 56(g).  *See supra* note 7.

from his supervision on February 23, 2006, and Officer Clark has had no further contact or any dealings with Mr. Widi since that date.[9]  DSMF ¶ 7; PRDSMF ¶ 7.

Michael Lyon was a probation officer in the Springvale, Maine office of the MDOC during the time Officer Clark supervised Mr. Widi.  DSMF ¶ 8; PRDSMF ¶ 8.  Officer Lyon did not have responsibility for supervising Mr. Widi, and his only involvement with Mr. Widi would occur when he and Officer Clark went on home visits together.[10]  DSMF ¶ 8; PRDSMF ¶ 8.  Officer Lyon had no other involvement with Mr. Widi after February 23, 2006, when Mr. Widi was discharged from Officer Clark's supervision.  DSMF ¶ 8; PRDSMF ¶ 8.

### 2.   Additional Background

Mr. Widi supplies the following additional background.

On July 8, 2003, a Rockingham County, New Hampshire grand jury presented an indictment against Mr. Widi for felony-level Reckless Conduct, alleged to have occurred in Portsmouth, New Hampshire on April 18, 2003.  PSAMF ¶ 9; DRPSAMF ¶ 9.  Mr. Widi claims that he later entered into a plea agreement with the state of New Hampshire for misdemeanor-level Reckless Conduct, and that the

---

[9]    Mr. Widi interposes a qualified response, asserting that he does not have access to records that indicate the dates.  PRDSMF ¶ 7.  The Defendants' statement of fact is supported by the record, *Clark Aff.* ¶ 7, and Mr. Widi cites to no portion of the record to the contrary.  The Court deems Mr. Widi's qualified response admitted for the purpose of summary judgment pursuant to Local Rule 56(g).

[10]   Mr. Widi interposes a qualified response, asserting that "Mike Lyon assisted Denis R. Clark with all probation searches in Mr. Widi's area."  PRDSMF ¶ 8 (citing *Widi Decl.* ¶ 12).  Mr. Widi's addition does not conflict with the Defendants' version, and the Defendants elsewhere acknowledge this fact as true.  DRPSAMF ¶ 20.   The Court credits Mr. Widi's version.

State substituted a misdemeanor information for the felony indictment.[11]  PSAMF ¶ 10; DRPSAMF ¶ 10.  On December 15, 2004, Mr. Widi was sentenced to twelve months, all suspended, two years' probation to terminate after a year of good behavior, a tour of the New Hampshire state prison, and a "LADAC evaluation."[12] PSAMF ¶ 11; DRPSAMF ¶ 11.  According to Mr. Widi, the conviction was for a misdemeanor but "has been misclassified as a felony on the mittimus because the judgment was erroneously entered upon the felony indictment, instead of the misdemeanor information."[13]  PSAMF ¶ 11; DRPSAMF ¶ 11.

On January 26, 2005, Mr. Widi reported to New Hampshire probation officer Heather E. Ross-Polucha at the New Hampshire probation office in Portsmouth. PSAMF ¶ 12; DRPSAMF ¶ 12.  She told Mr. Widi that supervision of his case would be transferred to Maine because he was a resident of Maine at the time.  PSAMF ¶ 12; DRPSAMF ¶ 12.  In February 2005, Officer Clark began supervising Mr. Widi's case and he continued to do so until February 2006, when Mr. Widi moved to New

---

[11]     The Defendants deny this fact, pointing out that at his subsequent federal trial Mr. Widi stipulated that he was convicted of a felony.  DRPSAMF ¶ 10.  In support of his version of paragraph 10, Mr. Widi cites to his own affidavit and to the Joint Appendix from his appeal of his criminal conviction to the First Circuit.  Mr. Widi did not submit the Joint Appendix as an exhibit to his Statement of Additional Material Facts and the Court does not have access to the Joint Appendix that was filed in the First Circuit.  It is Mr. Widi's responsibility to place record evidence before this Court.  D. Me. Loc. R. 56(f).  However, Mr. Widi's affidavit is sufficient to provide a basis for his statement of fact, and the Court is bound to resolve factual disputes in his favor.
        Whether the crime for which Mr. Widi was convicted in New Hampshire was a felony or misdemeanor should be an ascertainable fact based on New Hampshire court records.  His sentence of twelve months incarceration, all suspended, does not resolve the issue.  See N.H. Rev. Stat. § 625:9(III), (IV); § 631:3.  Dueling personal knowledge affidavits in lieu of court records are distinctly unhelpful.
[12]     The Defendants interpose a qualified response, reiterating again their view that Mr. Widi was convicted of a felony rather than a misdemeanor.  DRPSAMF ¶ 11.  At this point, this dispute must be resolved in Mr. Widi's favor.  See supra note 11.
[13]     The Defendants do not agree with this contention.  See supra note 11.

Hampshire.[14]  PSAMF ¶ 13; DRPSAMF ¶ 13.  Mr. Widi's probation terminated on
April 15, 2006.  PSAMF ¶ 14; DRPSAMF ¶ 14.

### 3.    The Alleged Constitutional Violation

On November 28, 2008, Mr. Widi was arrested for possession of ammunition
by a felon and for the manufacture of thirteen marijuana plants.  PSAMF ¶ 15;
DRPSAMF ¶ 15.  The same day, a criminal complaint was filed in the United States
District Court in Portland, Maine, for one count of possession of a firearm by a
felon.  PSAMF ¶ 15; DRPSAMF ¶ 15.  A detention hearing was held on December 3,
2008, and Detective Kevin Curran testified that he had assisted Officer Clark with
a search of Mr. Widi's residence when Mr. Widi was not home.[15]  PSAMF ¶ 16;
DRPSAMF ¶ 16.  Detective Curran further testified that this "search" took place in
November of 2005.[16]  PSAMF ¶ 17; DRPSAMF ¶ 17.  Officer Clark never told Mr.
Widi that he had searched Mr. Widi's residence with the police when Mr. Widi was

---

[14]    Mr. Widi also asserts that he moved to New Hampshire "to escape the harassment by Denis
R. Clark."  PSAMF ¶ 13.  The Defendants interpose a qualified response, disputing Mr. Widi's claim
of harassment.  DRPSAMF ¶ 13.  Mr. Widi's motivations in moving to New Hampshire are not
material to the merits of this motion for summary judgment and the Court has not included his
statement.

[15]    The Defendants interpose a qualified response, asserting that Officer Curran's testimony is
"hearsay and inadmissible to prove that defendants entered plaintiff's residence."  DRPSAMF ¶ 16.
The Court will address this objection later.  In addition, the Defendants offer further factual context
that the Court will also address in more detail later.  Of immediate relevance, however, the
Defendants claim that "[Officer] Clark has no recollection or record of such a visit."  DRPSAMF ¶ 16
(citing DRPSAMF Attach. 2, *Second Aff. of Denis R. Clark* ¶ 3 (ECF No. 71-2) (*Second Clark Aff.*)).
Because the Court must resolve factual disputes in favor of the non-moving party, the Court credits
Mr. Widi's version.

[16]    The Defendants interpose a qualified response, disputing Mr. Widi's characterization of the
entry as a "search."  DRPSAMF ¶ 17.  Whether the entry was a "search" is a legal conclusion, not
susceptible to resolution merely by reference to the parties' statements of fact.  There remains,
however, a factual dispute as to whether Officer Clark actually entered Mr. Widi's residence.  *See*
DRPSAMF ¶ 16; *supra* note 15.  Finally, the Defendants continue to assert that the hearsay nature
of Detective Curran's testimony supports summary judgment.  *See supra* note 15.

not home, and Detective Curran's testimony was the first time Mr. Widi learned of the search.[17]  PSAMF ¶ 18; DRPSAMF ¶ 18.

One condition of Mr. Widi's probation was:

I will submit to reasonable searches of my person, property and possessions as requested by the Probation/Parole Officer and permit the Probation/Parole Officer to visit my residence at reasonable times for the purpose of examination and inspection for the enforcement of the conditions of probation and parole.[18]

PSAMF ¶ 19; DRPSAMF ¶ 19.

On Officer Clark's first home visit to Mr. Widi, he introduced Officer Lyon as his partner.[19]  PSAMF ¶ 20; DRPSAMF ¶ 20.  Officer Clark told Mr. Widi that Officer Lyon assists Officer Clark with all home visits and all probation searches in Mr. Widi's area.  PSAMF ¶ 20; DRPSAMF ¶ 20.  Thereafter, any time Officer Clark conducted a home visit of Mr. Widi's residence, Officer Lyon was also present.  PSAMF ¶ 20; DRPSAMF ¶ 20.  Mr. Widi does not have in his possession any documents from the New Hampshire Probation Department or the Maine Probation Department, and cannot verify any dates or procedural aspects of his probation and transfer.  PSAMF ¶ 21; DRPSAMF ¶ 21.

---

[17]    The Defendants interpose a qualified response to paragraph 18, continuing to insist that the hearsay nature of Detective Curran's testimony supports summary judgment.  The Court deems this qualified response admitted" under Local Rule 56(g).  *See supra* note 15.

[18]    Mr. Widi asserts that "[t]he conditions of Mr. Widi's probation did not allow for such a search [as he alleges Officer Clark performed], nor did Denis R. Clark or Michael Lyon have reasonable grounds to conduct such a search."  PSAMF ¶ 19 (citing *Widi Decl.* ¶ 11).  The Defendants deny Mr. Widi's paragraph 19, citing DRPSAMF Attach. 3, *N.H. Dep't of Corr., Div of Field Servs., Terms & Conditions of Adult Prob.* (ECF No. 71-3) (*Probation Conditions*).  Whether the Probation Conditions permitted the alleged intrusion is a mixed question of fact and law, not susceptible to resolution based solely on the parties' statements of facts.  The parties do not appear to dispute the factual contents of the Probation Conditions.

[19]    The Defendants interpose a qualified response, claiming only that "it was their practice at the time to conduct home visits together."  DRPSAMF ¶ 20.  The parties dispute whether Officer Clark introduced Officer Lyon as his "partner," but this dispute is not material to Count XIII.

Mr. Widi asserts that every time he left his residence he locked the door. PSAMF ¶ 22; DRPSAMF ¶ 22.  Thus, he concludes, the only way to gain access to his residence when he was not home would have been to break in or tamper with the lock.[20]  PSAMF ¶ 22; DRPSAMF ¶ 22.

### 4.   The Alleged Consent to the Search

Officer Clark has no recollection or record of any visit that he made to Mr. Widi's home, without Mr. Widi present, in November 2005.  DRPSAMF ¶ 16 (citing *Second Clark Aff.*).   However, Officer Lyon says that he supervised another probationer named D.S. who shared a residence with Mr. Widi in November 2005. *Id.* (citing DRPSAMF Attach. 4, *Aff. of Michael Lyon* ¶¶ 2-3. (ECF No. 71-4) (*Lyon Aff.*))  Officer Lyon confirms Mr. Widi's assertion that it was Officer Lyon's "regular practice to team up with Probation Officer Denis Clark to conduct home visits of the probationers we supervised."  *Lyon Aff.* ¶ 4.   Officer Lyon, upon reviewing his records of home visits, notes that he conducted a home visit of D.S. on November 15, 2005 at 8:30 PM, in the apartment he shared with Mr. Widi.  DRPSAMF ¶ 16 (citing *Lyon Aff.* ¶¶ 5-6).   Officer Lyon believes that Officer Clark was present during that home visit, accompanied by an Eliot, Maine police officer.  *Id.* (citing *Lyon Aff.* ¶ 7).   At that visit, D.S. was not present, but his girlfriend, C.D., was present.  *Id.* (citing *Lyon Aff.* ¶ 8).   C.D. gave the officers consent to enter and search.  *Id.*  (citing *Lyon Aff.* ¶ 8).   Officer Lyon's records indicate that this was the

---

[20]    The Defendants deny Mr. Widi's paragraph 22, contending that Mr. Widi's roommate's girlfriend was present at one of Officer Lyon's home visits in November—perhaps the one described by Detective Curran—and that she permitted Officer Lyon to enter the residence.  DRPSAMF ¶ 22. Because the Court must resolve all factual disputes in Mr. Widi's favor, the Court credits his version.

only occasion on which he visited the residence of D.S. and Mr. Widi while accompanied by a police officer. *Id.* (citing *Lyon Aff.* ¶ 9).

## III.   DISCUSSION

### A.   Position of the Parties

The Defendants argue that the general six-year limitation period for civil actions under Maine law, 14 M.R.S. § 752 (2003), is the applicable limitation period for determining the timeliness of an action under 42 U.S.C. § 1983. *Defs.' Mot.* at 2 (citing *Marcello v. Maine*, 457 F. Supp. 2d 55, 61 (D. Me. 2006); *Douglas v. York Cnty.*, 433 F.3d 143, 144 (1st Cir. 2005)).  Because it is undisputed that the alleged civil rights violation happened more than six years before the filing of this lawsuit, they argue that they are entitled to judgment as a matter of law.

Mr. Widi counters that the limitations period for a § 1983 action "'ordinarily starts when the plaintiff knows, or has reason to know, of the injury on which the action is based.'" *Pl.'s Opp'n* at 6 (quoting *Carreras-Rosa v. Alves-Cruz*, 127 F.3d 172, 174 (1st Cir. 1997)).  He further asserts that "[i]t was only through Det. Curran's testimony [on December 3, 2008] that Mr. Widi learned of the search that had been conducted when he wasn't home." *Id.* (citing PSAMF ¶ 18).  He concludes that his § 1983 claim accrued on December 3, 2008, less than six years before he filed this lawsuit. *Id.*

### B.     Analysis

#### 1.     The Admissibility of Detective Curran's Testimony

The Defendants interpose a number of qualified responses to Mr. Widi's facts, asserting that Officer Curran's testimony is "hearsay and inadmissible to prove that defendants entered plaintiff's residence." DRPSAMF ¶¶ 16-18. Regardless whether the Defendants are technically correct on their hearsay objection, the Court accepts Detective Curran's testimony for purposes of this motion for summary judgment. Detective Curran testified under oath and was subject to cross-examination (although not by these Defendants). Federal Rule of Civil Procedure 56(c)(4) allows the parties to present affidavits in support of or in opposition to a motion for summary judgment, FED. R. CIV. P. 56(c)(4), and the Court considers Detective Curran's sworn testimony to be the functional equivalent of an affidavit.

#### 2.     The Statute of Limitations

##### a.  Applicable Law

"The limitation period for filing this § 1983 claim is governed by the applicable state statute of limitations for personal injury actions." *Carreras-Rosa v. Alves-Cruz*, 127 F.3d 172, 174 (1st Cir. 1997). The applicable Maine statute of limitations is "within six years after the cause of action accrues." 14 M.R.S. § 752 (2013). "Although the limitations period is determined by state law, the date of accrual is a federal law question." *Id.* "The accrual period for a § 1983 action 'ordinarily starts when the plaintiff knows, or has reason to know, of the injury on

which the action is based.'"  *Id.* (quoting *Rivera-Muriente v. Agosto-Alicea*, 959 F.2d
349, 353 (1st Cir. 1992)).

### b.  Genuine Disputes of Material Fact

The question narrows to when Mr. Widi knew or had reason to know that
Probation Officers Clark and Lyon had entered and searched his residence.
Defendants argue that Detective Curran's December 3, 2008 testimony must have
referred to the November 15, 2005 home visit by Officers Clark and Lyon (and an
unnamed Eliot police officer).  In their view, C.D., the girlfriend of one of the home's
two residents, gave consent for the entry and search.

Even assuming that the Defendants are correct about the date of the
November 15, 2005 search, there is still no evidence in this record that Mr. Widi
actually knew or had reason to know of this November 15, 2005 search before
December 3, 2008 when Detective Curran testified.  If, as he alleges, Mr. Widi did
not know or have reason to know of the Defendants' entry into his home until
December 3, 2008, the cause of action would have accrued under federal law on
December 3, 2008, *Rivera-Muriente*, 959 F.2d at 353, and the lawsuit, filed on June
13, 2012, would be well within time.  By contrast, if the Defendants are able to
establish Mr. Widi's actual knowledge or that he had reason to know of the
November 15, 2005 search around the time of the search, Mr. Widi's lawsuit would
be beyond time.  At this stage, the Court must view the facts in the light most
favorable to Mr. Widi; therefore, the Defendants' Motion for Summary Judgment
must fail because there are genuine disputes of material fact.

## IV.   CONCLUSION

The Court DISMISSES without prejudice the Defendants' Motion for Summary Judgment as to Count XIII (ECF No. 48).

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 24th day of September, 2013

14