UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DAVID J. WIDI, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:12-cv-00188-JAW |
| | ) | |
| PAUL MCNEIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT BY DEFENDANT TD BANK; DENYING MOTION TO STRIKE; DENYING DISCOVERY; AND DISMISSING WITHOUT PREJUDICE MOTION FOR SERVICE OF PROCESS**

In Count XI of his Amended Complaint, David J. Widi, Jr., acting pro se, alleges that TD Bank, N.A. (TD Bank)[1] and the U.S. Attorney's Office for the District of Maine violated the Right to Financial Privacy Act of 1978, 12 U.S.C. §§ 3401 *et seq.* (2012) (RFPA) by improperly disclosing his financial records in response to a grand jury subpoena. Before the Court is TD Bank's Amended Motion for Summary Judgment. *Def., TD Bank, N.A.'s Am. Mot. for Summ. J.* (ECF No. 146) (*TD Mot.*). In addition to opposing this motion, Mr. Widi moves to: (1) strike TD Bank's Reply Statement of Material Facts as a violation of District of Maine Local Rule 56(e); (2) order discovery; and (3) order service of his Amended Complaint on the U.S. Attorney's Office for the District of Maine. *Mot. to Strike and Renewed Request for Discovery Order* (ECF No. 161); *Mot. for Order of Service* (ECF No. 162).

---

[1] TD Bank, N.A. is named in the Complaint as TD Banknorth, N.A., but has changed its name to TD Bank, N.A.

The Court grants TD Bank's Motion for Summary Judgment under Federal Rule of Civil Procedure 56(d), denies Mr. Widi's Motion to Strike, denies any discovery orders as between Mr. Widi and TD Bank, and dismisses without prejudice the motion for service of the Amended Complaint on the U.S. Attorney's Office to allow for screening under 28 U.S.C. § 1915A (2012).

## I.   INTRODUCTION

At its root, this dispute is about whether TD Bank violated RFPA by delivering Mr. Widi's financial records to the U.S. Attorney's Office rather than presenting them to the grand jury that issued the subpoena.  This controversy subordinates two other issues: first, whether RFPA required TD Bank to personally deliver the financial records to the grand jury through one of its employees; and, second, whether the subpoena was "other authority" for the purposes of the safe harbor provision of the Annunzio-Wylie Anti-Money Laundering Act, 31 U.S.C. § 5318(g)(3)(A) (2012) (Annunzio-Wylie Act).  Along the way to resolving these matters, the Court must also dispose of several closely-related procedural disputes; these affect the outcome of the core legal question and also shape the future litigation of Count XI.

## II.   LEGAL STANDARD

A court may grant summary judgment under Federal Rule of Civil Procedure 56 if the record demonstrates there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  "Material" means that the fact has the potential to change the outcome of the litigation; "genuine"

2

means that a reasonable jury could resolve the matter in favor of the non-moving party. *Navarro v. Pfizer Corp.*, 261 F.3d 90, 93-94 (1st Cir. 2001) (quoting *McCarthy v. Nw. Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir. 1995)). The Court must examine the record evidence "in the light most favorable to, and drawing all reasonable inferences in favor of, the nonmoving party." *Feliciano de la Cruz v. El Conquistador Resort & Country Club*, 218 F.3d 1, 5 (1st Cir. 2000). If the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . allow time to . . . take discovery." Rule 56(d).

### III.   FACTS

#### A.   Procedural Posture

TD Bank originally filed a Motion for Summary Judgment on October 16, 2012. *Def., TD Bank, N.A.'s Mot. for Summ. J.* (ECF No. 40). After considerable delay, Mr. Widi responded on March 4, 2013. *Pl.'s Opp'n to TD Bank's Mot. for Summ. J.* (ECF No. 104). Following this exchange, the Court granted TD Bank permission to disclose to Mr. Widi the grand jury subpoena at the center of this dispute. *Final Order on Mot. to Disclose* (ECF No. 143) (May 28, 2013).

On June 13, 2013, TD Bank filed an Amended Motion for Summary Judgment, incorporating the now-disclosed subpoena into its Statement of Material Facts. *TD Mot.*; *Def., TD Bank, N.A.'s Statement of Material Facts in Support of its Am. Mot. for Summ. J.* (ECF No. 147) (DSMF). TD Bank attached the Declaration of Jeremy Porter to its statement of material facts. *TD Mot.* Attach. 1 *Decl. of Jeremy Porter in Support of Def., TD Bank, N.A.'s Am. Mot for Summ. J.* (ECF No.

3

147) (*Porter Decl.*). TD Bank attached to the Porter Declaration both the original subpoena itself and a letter from the U.S. Attorney's Office to TD Bank accompanying the subpoena. *Porter Decl.* at Ex. A (ECF No. 147) (Subpoena).

On July 3, 2013, Mr. Widi opposed TD Bank's motion. *Pl.'s Opp'n to TD Bank's Am. Mot. for Summ. J.* (ECF No 151) (*Pl.'s Opp'n*). He attached an Opposing Statement of Material Facts (Opposing Statement), *Opposing Statement of Material Facts* (ECF No. 152) (PRDSMF), and his own Declaration. *Pl.'s Opp'n* Attach. 1 *David J. Widi Jr.'s Decl. Regarding TD Bank's Am. Mot for Summ. J.* (ECF 152) (*Widi Decl.*). TD Bank replied on July 15, 2013. *TD Bank, N.A.'s Reply Memorandum.* (ECF No. 154) (*TD Reply*), and at the same time filed a "Reply Statement of Material Facts" moving the Court to strike certain statements in Mr. Widi's opposing statement of material facts. *TD Bank, N.A.'s Reply Statement of Material Facts* (ECF No. 155) (DRPSMF). In response, on August 5, 2013, Mr. Widi moved to strike the "Reply Statement of Material Facts" as disallowed under Local Rule 56(e), and in the same motion requested that the Court grant a discovery order. *Mot. to Strike and Renewed Request for Discovery Order* (ECF NO. 161) (*Pl.'s Strike and Disc. Mot.*).

On the same day he also filed a motion requesting that his Complaint be served on the U.S. Attorney's Office.[2] *Mot. for Order of Service* (ECF No. 162). On

---

[2] Mr. Widi's Amended Complaint names the U.S. Attorney's Office for the District of Maine as a defendant. The Magistrate Judge has twice before ordered the Amended Complaint held in abeyance as against the U.S. Attorney's Office following dispositive motions against five of the principal defendants, including TD Bank. *Order for Service After Screening Compl.* (ECF No. 6) (July 13, 2012); *Order Granting Mot. to Stay* (ECF No. 50) (Nov. 15, 2012).

4

August 20, 2013, the U.S. Attorney's Office filed briefs in opposition to both Mr. Widi's Motion to Strike and his Motion for Order of Service. *Resp. in Opp'n to Pl.'s Mot. to Strike* (ECF No. 163); *Opp'n to Pl.'s Mot. for Order of Service* (ECF No. 164). On August 21, 2013, TD Bank opposed Mr. Widi's Motion to Strike and Renewed Request for Discovery Order. *Def. TD Bank, N.A.'s Opp'n to Pl.'s Mot. to Strike* (ECF No. 165). Finally, on September 6, 2013, Mr. Widi replied to the opposition briefs of both the U.S. Attorney's Office and TD Bank. *Reply to U.S. Att'y's Office Opp'n* (ECF No. 167); *Reply to TD Bank's Opp'n* (ECF No. 168).

Thus, the matters for decision, and the order in which the Court resolves them, are: First, TD Bank contends that Mr. Widi's DRPSMF contains improper legal conclusions and asks the Court to strike them; Mr. Widi counters that the TD Bank's Reply is itself improper and asks the Court to strike it instead. Second, TD Bank maintains that it is entitled to summary judgment and asks the Court to grant it as to Count XI; Mr. Widi disagrees. Third, Mr. Widi asks the Court to order discovery against TD Bank and service of process against the U.S. Attorney's Office; both Defendants object.

**IV.   THE "REPLY STATEMENT" AND THE MOTION TO STRIKE**

This District's Local Rules concerning the filing of statements of material fact, opposing statements of material fact, additional statements of material fact, and replies to additional statements of material fact have been an endless source of confusion and contention. D. ME. LOC. R. 56(b)-(d). As these Rules are difficult for lawyers to comply with, it is not surprising that Mr. Widi, himself not a lawyer, did

not correctly respond to them. The Court has endeavored to apply the Local Rules evenly while at the same time to avoid affecting Mr. Widi's substantive rights as a consequence of his procedural miscues.

TD Bank's statement of material facts consists of only five paragraphs. DSMF ¶¶ 1-5. Mr. Widi admitted paragraphs one and five. PRDSMF ¶¶ 1, 5. He interposed a qualified response to paragraph two and denied paragraphs three and four. PRDSMF ¶¶ 2-4.

In his qualified response to paragraph two, Mr. Widi attempted to raise legal, not factual objections to the contents of the paragraph. In paragraph two of its statement of material facts, TD Bank stated: "On or about February 3, 2009, pursuant to the Subpoena, TD Bank provided the requested account records to the United States Attorney's Office, District of Maine." DSMF ¶ 2. Mr. Widi responded:

> Qualified. Pursuant to the subpoena and 12 U.S.C. § 3420, TD Bank was required to testify and actually present Mr. Widi's financial records to the grand jury. TD Bank was not authorized to release the records to the U.S. Attorney's Office under the subpoena or 12 U.S.C. § 3420. TD Bank did not obtain a certificate of compliance as required by 12 U.S.C. § 3403(b).

PRDSMF ¶ 2 (citing *Widi Decl.* ¶¶ 4-6). Only the last sentence contains a statement of fact; the remainder is legal argument. Furthermore, the last sentence does not address the fact set forth in paragraph two. The net result is that Mr. Widi

has failed to properly controvert TD Bank's paragraph two, and in accordance with Local Rule 56(g), the Court deems paragraph two admitted.[3]  D. ME. LOC. R. 56(f).

TD Bank's paragraph three states:  "TD Bank provided only those records requested by the Subpoena."  DSMF ¶ 3.  Mr. Widi denied this assertion, arguing that TD Bank was not authorized to release any financial records under the subpoena.  PRDSMF ¶ 3.  Again, this is a legal argument, not a factual objection, and is non-responsive.  The Court deems the paragraph admitted.[4]  D. ME. LOC. R. 56(f).

The final denied paragraph is paragraph four:  "Plaintiff filed a Complaint on or about June 13, 2012 in the United States District Court for the District of Maine."  DSMF ¶ 4.  Mr. Widi denied this assertion, stating that he filed the Complaint on June 10, 2012.  PRDSMF ¶ 4.  Here, Mr. Widi is simply incorrect.  The Court docket confirms that the Complaint was filed on June 13, 2012 and Mr. Widi's sworn declaration to the contrary does not change the date of filing.[5]  *Compl.* (ECF No. 1).

---

[3]     The Court observes that from what it can gather, there is no factual dispute about whether TD Bank delivered the subpoenaed records to the U.S. Attorney's Office as alleged.  Rather, Mr. Widi's contention is that the Bank should have presented them to the grand jury, a legal argument the Court addresses elsewhere.
[4]     Again, the Court knows of no legitimate basis for Mr. Widi to have denied the Bank's assertion that it released only those documents that the U.S. Attorney subpoenaed.
[5]     The Complaint is dated June 10, 2012 and Mr. Widi may have put it in the mail on that date.  Mr. Widi's objection may be an oblique reference to the so-called "mailbox rule".  *See Houston v. Lack*, 487 U.S. 266 (1988).  However, the mailbox rule has not been extended beyond habeas and § 1983 actions to RFPA complaints.  *See Casanova v. Dubois*, 304 F.3d 75, 78-80 (1st Cir. 2002).  Furthermore, Mr. Widi has not demonstrated, as required, when he placed this Complaint in the prison mail system.  Finally, the exact date of filing, whether June 10 or June 13, 2012, does not matter.

Having resolved the status of TD Bank's five statements of material fact, the Court dismisses as moot both TD Bank's and Mr. Widi's requests to strike.

## V. THE MOTION FOR SUMMARY JUDGMENT

### A. Summary Judgment Facts

A federal grand jury handed down an indictment containing two criminal counts against Mr. Widi on January 6, 2012. *Indictment, United States v. Widi*, No. 09-CR-00009-GZS (D. Me. Jan. 6, 2009).[6] On or about January 20, 2009, TD Bank received a Subpoena to Testify Before Grand Jury issued by the United States District Court for the District of Maine, commanding TD Bank to produce records pertaining to Mr. Widi's accounts with TD Bank. DSMF ¶ 1; PRDSMF ¶ 1. On or about February 3, 2009, TD Bank "provided" the requested account records to the United States Attorney's Office, District of Maine.[7] DSMF ¶ 2; PRDSMF ¶ 2. There is no record evidence that TD Bank obtained a "certificate of compliance" as described in 12 U.S.C. § 3403(b) (2012).[8] *See* DSMF ¶ 2; PRDSMF ¶ 2. TD Bank provided only those records requested by the Subpoena. DSMF ¶ 3; PRDSMF ¶ 3.

---

[6] Mr. Widi refers to this date repeatedly in his briefs but neglected to include the fact of the indictment or its date in any Statement of Additional Material Facts under Local Rule 56(c). As the date of the indictment is a matter of court record, the Court considered it; at the same time, the Court notes that the better practice would have been to place the date before the Court in a statement of material fact.

[7] Although it is not clear from either side's statement of facts how the records were "provided," neither party seems to dispute that no officer of TD Bank actually appeared before a grand jury and presented the records to the grand jury. *See* DSMF ¶ 2; PRDSMF ¶ 2.

[8] Mr. Widi interposes a qualified response to paragraph 2. Most of the qualification consists of legal arguments, which the Court will consider in due course. However, Mr. Widi adds one factual qualification: that TD Bank did not obtain the certificate of compliance described by § 3403(b). The portion of Mr. Widi's affidavit that supports this assertion is not itself supported by Mr. Widi's personal knowledge, as required by Rule 56(c)(4). *Widi Decl.* ¶ 6. Rather, Mr. Widi asserts that "TD Bank . . . does not claim that it obtained a certificate of compliance." *Id.* Nonetheless, as TD Bank does not, in fact, claim to have obtained a certificate of compliance, *see* DSMF, the Court credits Mr. Widi's qualification and assumes TD Bank obtained no such certification.

Mr. Widi filed a complaint in U.S. District Court on June 13, 2012.  DSMF ¶ 4; PRDSMF ¶ 4.  The Amended Complaint of July 28, 2012 alleges that TD Bank's disclosure of Mr. Widi's account records to the United States Government was in violation of RFPA.  DSMF ¶ 5; DRPSMF ¶ 5.

There are no genuine disputes of material fact between the parties, only disputes as to the application of RFPA and the Annunzio-Wylie Act.  Consequently, the Court must consider whether, applying those statutes to the undisputed facts, TD Bank is entitled to judgment as a matter of law.  Rule 56(a).

> **B.** **RFPA Did Not Require TD Bank To Present the Financial Records, In Person, to the Grand Jury**
>
> **1.** **The Language of § 3420 Is Facially Ambiguous**

Generally, RFPA provides that "[n]o financial institution, or officer, employees, or agent of a financial institution, may provide to any Government authority access to or copies of, or the information contained in, any financial records of any customer except in accordance with the provisions of this chapter."  12 U.S.C. § 3403(a).  A financial institution is exempted from this requirement in response to a valid grand jury subpoena, except that even in such a case the financial institution must comply with § 3415 and § 3420 of the Act.  *Id.* § 3413(i).  Section 3420 requires that

> [f]inancial records about a customer obtained from a financial institution pursuant to a [subpoena] issued under the authority of a Federal grand jury . . . shall be returned and actually presented to the grand jury unless the volume of such records makes such return and actual presentation impractical in which case the grand jury shall be provided with a description of the contents of the records.

9

§ 3420(a)(1).⁹  The question is what actions § 3420 required of TD Bank.

"In a statutory construction case, the beginning point must be the language of the statute, and when a statute speaks with clarity to an issue judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished." *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 475 (1992). Here, the statute commands that "[f]inancial records about a customer obtained from a financial institution pursuant to [subpoena] issued under the authority of a Federal grand jury . . . shall be returned and actually presented to the grand jury." The statute speaks in the passive voice, and so it is not clear from its face who is to do the returning and presenting.¹⁰  In the legal context, the word "return" means "[a] court officer's bringing back of an instrument to the court that issued it" or "[a] court officer's indorsement on an instrument brought back to the court, reporting what the officer did or found." BLACK'S LAW DICTIONARY 1343 (8th ed. 1990). Likewise, "presentment" is "[t]he act of presenting or laying before a court or other tribunal a formal statement about a matter to be dealt with legally." *Id.* at 1222. The "shall" verb in the statutory sentence refers to "[f]inancial records about a customer obtained from a financial institution pursuant to a [subpoena]"; it is these records that "shall be returned and actually presented." The phrasing suggests that the financial records in question will have already been obtained from a financial institution when they are to be returned and actually presented, but it remains unclear who is commanded to appear before the grand jury.

---

⁹   TD Bank makes no suggestion that it provided a "description of the contents" of the records.
¹⁰  The definitions section of RFPA, 21 U.S.C. § 3401, provides no guidance on this issue.

10

The Court concludes that § 3420 does not "speak with clarity" as to who must appear before the grand jury to present the financial records, and so further interpretation is necessary.

### 2. Judicial Interpretation of § 3420 Is Divided

This ambiguity in § 3420 has led to divergent judicial interpretations, and the First Circuit has not yet ruled on the matter. Mr. Widi directs the Court to *In re Castiglione*, a case from 1984 in which the District Court for the Eastern District of California held that "it is clear that the designated representative of the financial institution who has received a Grand Jury subpoena must *personally appear* and *deliver the records* to the *Grand Jury*." 587 F. Supp. 1210, 1212 (E.D. Cal. 1984) (emphasis in original). The *Castiglione* Court found some foundation for this reading in the legislative history of § 3420, which stated that

> The committee did adopt an amendment which requires that use of financial records obtained pursuant to a grand jury subpoena be more strictly limited. The amendment requires that the records be actually presented to the grand jury and used only for the purposes of the grand jury investigation, i.e., indictment and prosecution.

*Id.* at 1211 (quoting 1978 *U.S. Code Cong. and Ad. News* 9307).

In *Castiglione*, a farmer seeking to obtain federal reimbursement for crop losses resulting from poor weather conditions filed a claim with the Department of Agriculture. *Id.* at 1211. The Department of Agriculture, suspicious, filed subpoenas with financial institutions of which the farmer was a customer. *Id.* The subpoenas advised the target financial institutions that they could comply with the terms of the subpoena by submitting the records directly to the agent serving the

11

subpoena. *Id.* The Court, applying its reading of § 3420, held that this was "clearly prohibited by the statute." *Id.* at 1212.

TD Bank, for its part, directs the Court to Fifth and Seventh Circuit cases of a similar vintage to *Castiglione*. In *United States v. A Residence Located at 218 Third Street*, 805 F.2d 256 (7th Cir. 1986), the Seventh Circuit evaluated a subpoena served on a bank teller for financial records of a suspected drug dealer. *Id.* at 260. The teller, after being served with the subpoena, appeared in the grand jury room of the District Court, and the agents who served the subpoena informed the teller that he could satisfy the subpoena by giving the records to the agents. *Id.* The Seventh Circuit, acknowledging the ambiguity of the language in § 3420 and the unhelpfulness of the legislative history, held that "Congress hardly intended to impose the potentially great burden on financial institutions of sending their own personnel to distant grand juries merely to deliver subpoenaed records." *Id.* at 261.

In *United States v. Kington*, 801 F.2d 733 (5th Cir. 1986), TD Bank's other authority, bank officers accused of a variety of financial crimes objected to financial records turned over in response to grand jury subpoenas. *Id.* at 734-75. The bank records at issue were turned over to the IRS and FBI, but never "actually presented" to the grand jury. *Id.* at 736. The Fifth Circuit, like the Seventh, noted that the passive construction of the statute left it unclear who was to do the presenting to the grand jury, and concluded, with little analysis, that "it is not necessary for financial institutions to comply with subpoenas under § 3420 by bank officials themselves delivering the requested records." *Id.* Two other Courts arrived

12

at the same result as the Fifth and Seventh Circuits.  *E.g.*, *United States v. Jackson*, 11 F.3d 953, 955 (10th Cir. 1993) (assuming, without deciding, that delivery of records to government agents does not violate § 3420); *United States v. Mosko*, 654 F. Supp. 402, 406 (D. Colo. 1987) (holding that, even if § 3420 was violated, suppression was not an appropriate remedy).

### 3. Section 3420 Did Not Require an Agent of TD Bank To Appear Before the Grand Jury

Absent clear language or clear authority, the Court is free to interpret § 3420 aided by the tools at hand.  The result from *218 Third Street* and *Kington* is persuasive and practical.

To begin, a bank responding to a § 3420 subpoena does not control and cannot demand access to a grand jury.  A grand jury is constitutionally-sanctioned, U.S. CONST. amend. V, and the criminal rules impose strict limitations on who may be present and what may be disclosed.  FED. R. CRIM. P. 6.  The notion that a representative of a bank, after turning the subpoenaed records over to the federal prosecutor, could demand to appear before a grand jury and make an "actual presentation" of the bank's subpoenaed records strikes the Court as contrary to fundamental concepts of grand jury secrecy.

Moreover, it makes little practical sense to require a representative of the financial institution to actually appear before the grand jury when delivery of the records to the prosecutor effectively complies with the subpoena.  Assuming the

13

subpoena was valid on its face—and there is no evidence to the contrary[11]—there is no substantive difference between a bank representative handing the records to the agent serving the subpoena and the banker walking the records across town to the courthouse. The subpoena does not require that the banker testify before the grand jury, merely that the bank must produce documents and attest to their authenticity. The statutory language "shall be returned and actually presented to the grand jury" simply means that someone—not necessarily the banker—must return and present the documents to the grand jury. Furthermore, the legal definitions of "return" and "present" suggest that this is done by an officer of the court—in other words, an attorney. In the context of a grand jury proceeding, the only attorney who could return and present the material is an attorney for the government. FED. R. CRIM. P. 6(1) (providing that the only persons who may be present while a grand jury is in session are the "attorneys for the government, the witness being questioned, interpreters when needed, and a court reporter or operator of a recording device").

In sum, nothing in the statutory language or history, the legal definitions of the statutory language, or common sense suggests that Congress intended to require that an employee of a financial institution personally appear and hand the records to the grand jury. TD Bank completed its obligation to the grand jury by delivering Mr. Widi's financial records to the U.S. Attorney's Office.

---

[11] Mr. Widi argues that the subpoena could not have been valid on its face because his indictment was handed down on January 6, but the subpoena was dated January 20. This proves nothing more than that the grand jury was still considering whether to hand down additional indictments. A grand jury can sit for up to two years at a time, and may continue to request evidence and hand down further indictments even after handing down an initial indictment. FED. R. CRIM. P. 6(g).

### C. RFPA Did Not Require TD Bank To Obtain a Certificate of Compliance

Mr. Widi cites 12 U.S.C. § 3403 for the proposition that TD Bank was prohibited from disclosing his financial records until the U.S. Attorney's Office certified in writing that it had complied with the requirements of RFPA. TD Bank responds that § 3413(i) exempts any financial institution from the requirements of "this chapter"—other than § 3415 and § 3420—when the financial institution responds to a grand jury subpoena.

Section 3413 is found in Chapter 35 of Title 12. Chapter 35 embraces § 3401 through § 3422. This includes the main operative provision of RFPA—that "[n]o financial institution, or officer, employees, or agent of a financial institution, may provide to any Government authority access to or copies of, or the information contained in, the financial records of any customer except in accordance with the provisions of this chapter." § 3403(a). Consequently, when a grand jury issues a subpoena to a financial institution, § 3413(i) prevents § 3403 from taking effect. This is compatible with § 3403 itself, which requires that financial records not be released "except in accordance with [Chapter 35]." Thus, § 3413(i) also makes inapplicable the certificate of compliance requirement found in § 3403(b). Section 3403(b) cannot serve as an independent basis for liability in TD Bank.

### D. The Annunzio-Wylie Act Immunizes TD Bank

Even if the Court's interpretation of § 3420 is incorrect, and TD Bank was required to personally present the records to the grand jury, TD Bank is immunized

from liability by the Annunzio-Wylie Act. The Annunzio-Wylie Act provides, in part:

> Any financial institution that makes a voluntary disclosure of any possible violation of law or regulation to a government agency or makes a disclosure pursuant to this subsection or any other authority, and any director, officer, employee, or agent of such institution who makes, or requires another to make any such disclosure, shall not be liable to any person under any law or regulation of the United States . . . for such disclosure . . . .

31 U.S.C. § 5318 (2012). This creates immunity for three different types of disclosures: (1) a voluntary disclosure of any possible violation of law or regulation to a government agency; (2) a disclosure pursuant to § 5318(g) of the Annunzio-Wylie Act itself; or (3) a disclosure pursuant to "any other authority." *Id.* TD Bank does not claim that its disclosure was made voluntarily or pursuant to § 5318(g); therefore, the Act only shields TD Bank if it made the disclosure pursuant to "any other authority."

The undoubted authority of a grand jury to issue a subpoena is the most likely candidate for this "other authority," and it is the source of authority on which TD Bank relies. Mr. Widi, for his part, argues that the grand jury subpoena was not "other authority" because TD Bank did not comply with its terms or with 12 U.S.C. § 3420. The Court has already concluded that Mr. Widi is incorrect on the statutory point. The Court therefore concludes that the subpoena, valid on its face, affords TD Bank the shelter of the Annunzio-Wylie Act. *See Stout v. Banco Popular de P.R.*, 320 F.3d 26 (1st Cir. 2003) (stating, in a dictum, that "it is arguable that disclosure under the 'pursuant to' clause [of § 5318(g)(3)] must be tied back to some

16

legal mandate for disclosure"). Whatever else "other authority" means, it applies to the legal mandate of a grand jury to produce records.

### E. Conclusion as to Summary Judgment

As there are no genuine disputes of material fact, TD Bank is entitled to judgment as a matter of law.

## VI. THE MOTION FOR SERVICE OF PROCESS

Mr. Widi moves the Court to order that the Amended Complaint be served on the U.S. Attorney's Office. The Magistrate Judge originally held the complaint in abeyance as against the U.S. Attorney's Office until dispositive motions were resolved as against, among others, TD Bank. *Order for Service After Screening Compl.* (ECF No. 6) (*Order for Service*); *Order Granting Mot. to Stay* (ECF No. 50). The Court has now granted TD Bank's dispositive motion. However, as the Magistrate Judge indicated on July 13, 2012, once the motions were resolved, she would "make a further determination regarding service on other defendants." *Order for Service* at 2. The Court dismisses Mr. Widi's motion for order of service on the U.S. Attorney's Office to allow the Magistrate Judge to complete the screening process under 28 U.S.C. § 1915A.

## VII. CONCLUSION

1) The Court DISMISSES as moot Mr. Widi's Motion to Strike (ECF No. 161);

2) The Court GRANTS TD Bank's Amended Motion for Summary Judgment as to Count XI (ECF No. 146);

3) The Court DENIES Mr. Widi's Motion for Order of Discovery (ECF No. 161); and

4) The Court DISMISSES without prejudice Mr. Widi's Motion for Order of Service on the U.S. Attorney's Office (ECF No. 162).

SO ORDERED.

                                              /s/ John A. Woodcock, Jr.
                                              JOHN A. WOODCOCK, JR.
                                              CHIEF UNITED STATES DISTRICT JUDGE

Dated this 25th day of September, 2013