UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DAVID J. WIDI, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:12-cv-00188-JAW |
| | ) | |
| PAUL MCNEIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION OF ORDERS GRANTING MOTION TO DISMISS TO PAUL MCNEIL AND MOTION FOR SUMMARY JUDGMENT TO TD BANK**

David J. Widi, Jr.'s Amended Complaint alleges a variety of constitutional torts relating to his criminal conviction for possession of firearms and ammunition by a felon and manufacturing marijuana. *Am. Compl.* (ECF No. 1). Mr. Widi charges that Special Agent Paul McNeil and others conspired to falsely arrest and to falsely imprison him; specifically, he claims that they "hatched a plot to initiate a traffic stop and arrest Mr. Widi for driving without a license". *Id.* at 4. Mr. Widi also charges TD Bank, N.A. with violating his right of financial privacy by producing his financial records to the Government. *Id.* at 15.

On October 15, 2012, Special Agent McNeil moved for dismissal of all counts against him and for summary judgment in his favor. *Special Agent McNeil's Mot. to Dismiss or for Summ. J.* (ECF No. 37). On September 24, 2013, the Court granted Special Agent McNeil's motion to dismiss all counts of the Complaint pending against him. *Order Denying Pl.'s Mot. to Stay; Denying Pl.'s Mot. to Strike; and*

1

*Granting Def. McNeil's Mot. to Dismiss* (ECF No. 170) (*McNeil Order*). On October 15, 2013, Mr. Widi moved for reconsideration. *Mot. for Recons. and Certificate for Appeal* (ECF No. 180). On October 21, 2013, Special Agent Paul McNeil responded to Mr. Widi's motion for reconsideration. *McNeil's Resp. to Pl.'s Mot. for Recons.* (ECF No. 183).

On June 13, 2013, TD Bank filed an amended motion for summary judgment. *Am. Mot. for Summ. J.* (ECF No. 146). On September 25, 2013, the Court granted TD Bank's motion for summary judgment and resolved a number of other pending motions. *Order Granting Mot. for Summ. J. by Def. TD Bank; Denying Mot. to Strike; Denying Disc.; and Dismissing Without Prejudice Mot. for Service of Process* (ECF No. 171). On October 7, 2013, David J. Widi, Jr. moved for reconsideration. *Mot. for Recons. of Summ. J. for TD Bank* (ECF No. 174). TD Bank responded to the motion on October 24, 2013. *Def. TD Bank, N.A.'s Opp'n to Pl.'s Mot. for Recons. of Summ. J. for TD Bank* (ECF No. 185).

A motion "to alter or amend a judgment" is available under Federal Rule of Civil Procedure 59(e). FED. R. CIV. P. 59(e). Such motions are sometimes referred to in shorthand as "motions for reconsideration." *E.g., United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 165 n.9 (1st Cir. 2004). However, a Rule 59(e) motion is not a vehicle to force the court to think twice; it is not an opportunity for the losing party simply to press his unsuccessful arguments a second time in the hope that, by repetition, the court will see them his way. Thus, the motion "is normally not a promising vehicle for revisiting a party's case and rearguing theories previously

advanced and rejected." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006).

Instead, the motion provides the court with an opportunity to correct "manifest errors of law or fact or to present newly discovered evidence." *Lakshman v. Univ. of Me. Sys.*, 338 F. Supp. 2d 162, 164 (D. Me. 2004) (internal quotations omitted). "As an 'extraordinary remedy', a motion for reconsideration's utility is properly limited to: '(1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice.'" *Northwest Bypass Grp. v. U.S. Army Corps of Eng'rs*, 490 F. Supp. 2d 184, 187 (D.N.H. 2007) (quoting *Villanueva-Mendez v. Nieves Vazquez*, 360 F. Supp. 2d 320, 324 (D.P.R. 2005)).

Applying these standards, the Court has carefully reviewed Mr. Widi's motions for reconsideration and concludes that they raise no new issues that the Court did not previously address, present no new evidence, supply no clear error of law, and fail to demonstrate a manifest injustice. The Court concludes that Special Agent Paul McNeil is entitled to a dismissal of Mr. Widi's Complaint and that TD Bank North, N.A. is entitled to judgment as a matter of law.

The Court DENIES David J. Widi, Jr.'s Motion for Reconsideration and Certificate for Appeal (ECF No. 180) and his Motion for Reconsideration of Summary Judgment for TD Bank (ECF No. 174).[1]

---

[1] Within Mr. Widi's motions for reconsideration are motions for a certificate of appealability under 28 U.S.C. § 1292(b), a statute that permits the district judge to authorize the immediate appeal of an order not otherwise appealable. The Court DENIES Mr. Widi's requested relief under 28 U.S.C. § 1292(b) because the section is applicable to interlocutory decisions and the granting of

SO ORDERED.

    /s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 18th day of February, 2014

---

Special Agent Paul McNeil's motion to dismiss and TD Bank's motion for summary judgment are not interlocutory decisions.