UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DAVID J. WIDI, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:12-cv-00188-JAW |
| | ) | |
| PAUL MCNEIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANTS' MOTION TO STAY AND DAVID J. WIDI, JR.'S MOTION TO STRIKE, MOTION TO STAY, AND RENEWED MOTION FOR VAUGHN INDEX**

In this Freedom of Information Act and Privacy Act claim, the Court denies the Defendants' motion to stay, denies the Plaintiff's motion to strike answer, and dismisses without prejudice the Plaintiff's motion for a *Vaughan* index.

I.    **STATEMENT OF FACTS**

On June 13, 2012, David J. Widi, Jr., acting pro se, filed a civil rights complaint against a number of Defendants. *Compl.* (ECF No. 1). Within the later Amended Complaint, Mr. Widi asserted under Count XIV that the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and the Executive Officer of the United States Attorney (EOUSA) violated the Freedom of Information Act (FOIA) and the Privacy Act. *Am. Compl.* (ECF No. 15). On September 27, 2013, the Court denied the Defendants' motion to dismiss and motion for summary judgment and Mr. Widi's cross-motion for summary judgment, all as to Count XIV. *Order Denying Defs.' Mot. to Dismiss Count XIV, Denying Defs.' Mot. for Summ. J. as to Count XIV,*

*and Denying Pl.'s Cross-Mot. for Summ. J. as to Count XIV* (ECF No. 172) (*Order Denying*); *Am. Order Denying Defs.' Mot. to Dismiss Count XIV, Denying Defs.' Mot. for Summ. J. as to Count XIV, and Denying Pl.'s Cross-Mot. for Summ. J. as to Count XIV* (ECF No. 173). On December 2, 2013, ATF and EOUSA filed an answer to the Amended Complaint. *Answer to Am. Compl.* (ECF No. 193).

On December 4, 2013, ATF and EOUSA filed a motion to stay. *Mot. to Stay* (ECF No. 196). On December 20, 2013, Mr. Widi filed a Motion to Strike the ATF and EOUSA's Answer, responded to their Motion to Stay, and renewed his Motion for a *Vaughan* Index. *Mot. to Strike EOUSA, ATF and OIP Answer; Resp. to Mot. to Stay; and Renewed Mot. for Vaughan Index* (ECF No. 199) (*Widi Mot. to Strike, Widi Opp'n, Widi Mot. Vaughan Index*). Neither ATF nor EOUSA responded to Mr. Widi's motion.

## II.    THE PARTIES' POSITIONS

### A.    ATF/EOUSA's Motion to Stay

#### 1.    ATF/EOUSA's Position

In their motion to stay, ATF and EOUSA request that the Court grant an order staying Mr. Widi's FOIA/Privacy Act claim pending their filing a motion for judgment on the pleadings or, in the alternative, for summary judgment. *Mot. to Stay* at 1. EOUSA represented that it "has processed Plaintiff's FOIA/Privacy Act request and has provided both documents and explanations for any redactions or withholding of documents." *Id.* at 2. ATF represented that it "has begun processing Plaintiff's FOIA/Privacy Act request and will provide responsive documents,

explanations for redactions or withholding of documents, or both." *Id.* These Defendants acknowledge that Mr. Widi "may take issue with any withholding or redactions by ATF, EOUSA, or other federal agencies in the course of responding to his two FOIA/Privacy Act requests", but they contend that Mr. Widi "may seek administrative remedies through those agencies, and if issues remain unresolved, file a traditional FOIA suit in federal court." *Id.* Accordingly, Defendants seek to stay the issuance of a scheduling order and any discovery until they have filed a "forthcoming motion for judgment on the pleadings or, in the alternative, for summary judgment." *Id.* at 3.

### 2.    David J. Widi, Jr.'s Response

In his response, Mr. Widi quotes 5 U.S.C. § 552(a)(6)(C)(i), which provides that "[a]ny person making a request to any agency for records . . . shall be deemed to have exhausted his administrative remedies with respect to such request if the agency failed to comply with the applicable time limits provisions of this paragraph." *Widi Opp'n* at 3. Mr. Widi points out that the statute provides that if the Government can show exceptional circumstances and that the agency is exercising due diligence in responding to the request, "the Court may retain jurisdiction and allow the agency additional time to complete its review of the records." *Id.* Under this statute, Mr. Widi claims that he has exhausted his administrative remedies and "[n]othing in the statute requires Mr. Widi to re-exhaust his administrative remedies after the EOUSA and ATF have decided to release records." *Id.*

**B.      David J. Widi, Jr.'s Motion to Strike**

**1.      David J. Widi's Position**

Mr. Widi points out that he filed his Amended Complaint on August 2, 2012. *Widi Mot. to Strike* at 1.   He quotes 5 U.S.C. § 552(a)(4)(C) as requiring the Defendants to "serve an answer or otherwise plead" to any complaint under FOIA within thirty days after service upon the defendant.  *Id.*  Mr. Widi observes that the ATF and EOUSA did not file an answer to the Amended Complaint until December 2, 2013 and he therefore asks the Court to strike their answer.  *Id.*

**2.      Defendants' Response**

None.

**C.      David J. Widi's Motion for *Vaughan* Index**

**1.      David J. Widi's Position**

In this motion, Mr. Widi urges the Court to require the Defendants to provide a so-called *Vaughan* index.  *Widi Vaughan Index Mot.* at 4-7.  He notes that the *Vaughan* index has been used to allow the Court to perform its de novo review of the agency's withholding decisions and to allow the requesting party to obtain as much information as possible about the agency's records to make an informed argument.  *Id.* at 6.

**2.      Defendants' Response**

None.

## III. DISCUSSION

### A. Motion to Stay

ATF and EOUSA moved to stay this case on December 4, 2013 to allow them time to produce the records they now acknowledge Mr. Widi is entitled to receive and to allow them time to file a "forthcoming motion" for judgment on the pleadings or for summary judgment. Because until now the Court has been unable to address this motion due to the press of other matters, ATF and EOUSA have essentially received a two month stay. This is enough. Accordingly, the Court dismisses without prejudice the motion for stay. Because it is unclear whether Mr. Widi will be dissatisfied with the records production of ATF or EOUSA, the Court does not reach the question as to whether Mr. Widi will be required to exhaust administrative remedies.

### B. Motion to Strike

Mr. Widi correctly notes that 5 U.S.C. § 552(a)(4)(C) requires a governmental entity to "serve an answer or otherwise plead to any complaint made under this subsection within thirty days after service upon the defendant of the pleading in which such complaint is made." However, the statute also provides that the court may "otherwise direct[] for good cause shown." *Id.* Here, on September 17, 2012, ATF and EOUSA filed a motion to extend time within which to answer to October 15, 2012. *Extension Mot.* (ECF No. 27). The Court granted this motion on September 18, 2012. *Order* (ECF No. 28). On October 15, 2012, ATF and EOUSA moved for a partial stay or for further extension until a further screening of the

Amended Complaint was performed or until November 5, 2012. *Mot. for Partial Stay or Extens[]ion of Time* (ECF No. 39).

On November 2, 2012, ATF and EOUSA filed a motion to dismiss. *Mot. to Dismiss and for Summ. J. Regarding Count XIV* (ECF No. 44). Under Federal Rule of Civil Procedure 12(a)(4), the filing of a motion to dismiss alters the period for filing a responsive pleading until fourteen days after the court's denial of the motion. FED. R. CIV. P. 12(a)(4)(A). The Court denied ATF and EOUSA's motion on September 30, 2013. *Order Denying* at 1-30.

On October 10, 2013, ATF and EOUSA filed a timely motion to stay because of the federal government shutdown. *Mot. for a Stay of 30 Days* (ECF No. 175); *Am. Mot. for a Stay of 30 Days* (ECF No. 177). On October 10, 2013, the Magistrate Judge issued an order reserving judgment on the motion to stay. *Order* (ECF No. 178). On October 17, 2013, ATF and EOUSA moved for a fourteen day extension of the time to answer, *Mot. and Incorporated Memo. for a 14-Day Extension of Time to Answer* (ECF No. 181), and the Magistrate Judge granted that motion on October 18, 2013. *Order* (ECF No. 182). On October 29, 2013, ATF and EOUSA moved for a further extension to December 1, 2013. *Mot. to Extend Time to File Answer* (ECF No. 186). On October 29, 2013, the Magistrate Judge granted this motion to extend over the assumed objection of Mr. Widi. *Order* (ECF No. 187). On December 2, 2013, ATF and EOUSA filed an answer to the Amended Complaint. *Answer to Am. Compl.* (ECF No. 193).

Based on this detailed history, Mr. Widi is incorrect that ATF and EOUSA have violated 5 U.S.C. § 552(a)(4)(C). With one exception, each extension has been expressly authorized by the Rules or expressly ordered by the Court for good cause. The sole exception is the failure of ATF and EOUSA to file their Answer by December 1, 2013, instead filing on December 2, 2013. The Court views that one-day lapse as de minimis and will not strike the Answer for that one-day lapse.

## C.     Motion for *Vaughan* Index

"To assist the court, it is common practice for the agency to provide a so-called 'Vaughan index,' named after the seminal case of *Vaughan v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973)." *Nkihtaqmikon v. Bureau of Indian Affairs*, 493 F. Supp. 2d 91, 101 (D. Me. 2007). As the First Circuit has observed, a *Vaughan* index "requires a correlation of the information that an agency decides to withhold with the particular FOIA exemption and the agency's justification for withholding." *Maine v. U.S. Dep't of Interior*, 298 F.3d 60, 65 (1st Cir. 2002).

Based on the history of this case, and assuming for the moment that the Court retains the case and Mr. Widi is not required to exhaust administrative remedies, the Court suspects that the ATF and EOUSA will end up filing a *Vaughan* index. However, to order a *Vaughan* index right now would be premature. The ATF and EOUSA are still in the process of providing records responsive to Mr. Widi's FOIA and Privacy Act requests. Once the parties have narrowed down any areas of dispute, it may be necessary for the Defendants to supply a *Vaughan* index to allow judicial review and to provide Mr. Widi with a basis to make his arguments

for disclosure. The Court is therefore dismissing without prejudice Mr. Widi's *Vaughan* index motion.

## IV. CONCLUSION

(1) The Court DISMISSES without prejudice Alcohol, Tobacco, Firearms and Explosives and the Executive Office of the United States Attorneys' Motion to Stay (ECF No. 196);

(2) The Court DENIES David J. Widi, Jr.'s Motion to Strike and DISMISSES without prejudice his Renewed Motion for Vaughan Index (ECF No. 199).

SO ORDERED.


/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 20th day of February, 2014