UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DAVID J. WIDI, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  2:12-cv-00188-JAW |
| | ) |
| PAUL MCNEIL, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER DISMISSING MOTION FOR COURT INTERVENTION AND GRANTING MOTION TO ENLARGE TIME TO FILE RESPONSE**

On March 28, 2014, David J. Widi, Jr. moved the Court to intervene on his behalf in an ongoing dispute he is having about the receipt of legal mail with the mailroom personnel at the Federal Correctional Institute at Berlin, New Hampshire. *Renewed Mot. for Court Intervention Regarding Mail and Mot. to Enlarge Time to File Resp.* (ECF Nos. 224 and 225) (*Motions*). In his motion, Mr. Widi alleges that the mailroom personnel have not been treating the mail he has been receiving from the Clerk's Office of this Court as legal mail. *Id.* at 1-2. The Clerk sent the mail in an envelope with the Clerk of Court for this District as a return address, with the envelope embossed as being used for official business. *Motion* Attachs. 1-2. The Clerk also prominently and clearly stamped the envelope as follows:

> SPECIAL MAIL – Open only in the presence of the inmate. LEGAL MATERIAL ENCLOSED.

*Id.* However, BOP personnel stamped Mr. Widi's mail from the Court as follows:

THE CORRESPONDENCE DOES NOT MEET BOP CRITERIA FOR SPECIAL MAIL HANDLING!

*Id.*

After receipt of the motion, the Court asked the Clerk of Court to look into this issue. The upshot is that the mailroom personnel at FCI Berlin are reading BOP regulations concerning special mail as requiring the name of the person sending the mail. Here, the return address was for the Office of the Clerk, not a specific Clerk within the Office of the Clerk.[1]

For the time being in order to avoid unnecessary complications, the Clerk's Office will alter its practice and will include the name of the Clerk of Court for the District of Maine in the return address of the envelope. The personnel at Berlin FCI have assured the Clerk of Court for the District of Maine that if the Clerk's name appears in the return address, if the return address is the Office of the Clerk,

---

[1] The BOP regulation provides the following handling procedures for "special mail":

> The Warden shall open incoming special mail only in the presence of the inmate for inspection for physical contraband and the qualification of any enclosures as special mail. The correspondence may not be read or copied if the sender is adequately identified on the envelope, and the front of the envelope is marked "Special Mail-- Open only in the presence of the inmate".

28 C.F.R. § 540.18(a). The regulation requires that the "sender" be "adequately identified on the envelope." The FCI Berlin staff apparently interpret this regulation to mean that "Office of the Clerk, United States District Court, 202 Harlow St., Rm. 357, Bangor, Maine 04401," *Motion* Attach. 1 (ECF No. 224), does not "adequately identif[y]" the sender of the mail.

The Court has substantial concerns about the FCI Berlin interpretation of this regulation. The view that "sender" must mean a particular person and not the Clerk's Office seems unduly picky. The Court views it as inadvisable for BOP to require that employees of the Clerk's Office, some of whom are female, to identify their names to inmates, some of whom are sex offenders. There is also a risk that some inmates may attempt to strike up a correspondence with the named sender. Moreover, once given a name, some inmates may erroneously associate the contents of the envelope with the sender. In addition, even if these inmates do not represent a threat to the clerks, the clerks are performing a valuable public service and merit the protection of anonymity. Finally, it appears that this interpretation of the BOP regulation may be unique to Berlin FCI.

2

and if the mail has been clearly stamped as Special Mail, Berlin FCI will treat the mail as special mail.

Mr. Widi also claimed that the mailroom personnel told him that the mail would not be considered special mail because its contents were public documents. The Berlin FCI personnel informed the Clerk that, if this statement was made, it is not a correct statement of its policy.

Finally, Mr. Widi has asked for an extension of time within which to file his response to Defendants Clark and Lyons' Second Motion for Summary Judgment. *Motion* at 3. Mr. Widi did not ask for a specific amount of time for enlargement. *Id.* at 3. The Court grants his motion for enlargement. Mr. Widi's response to the pending renewed motion for summary judgment is due on or before April 28, 2014.

The Court DISMISSES without prejudice David J. Widi, Jr.'s Renewed Motion for Court Intervention Regarding Mail (ECF No. 224) and GRANTS his Motion to Enlarge Time to File Response to April 28, 2014 (ECF No. 225).

SO ORDERED.

      /s/ John A. Woodcock, Jr.
      JOHN A. WOODCOCK, JR.
      CHIEF UNITED STATES DISTRICT JUDGE

Dated this 7th day of April, 2014