UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| DAVID J. WIDI, JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 2:12-cv-00188-JAW |
| PAUL MCNEIL, et al., | ) | |
| Defendant. | ) | |

**ORDER ON MOTION TO APPOINT COUNSEL
AND MOTION FOR DISCOVERY**

For nearly two years, David J. Widi, Jr., a prisoner, has engaged in a lengthy and vigorous pro se campaign against a variety of state and local government actors and agencies, a bank, and a town, alleging in this civil action that they have committed a series of violations of his constitutional and statutory rights. The claims are inching toward resolution. Shortly after Mr. Widi initiated this action, he demanded that the Court appoint private counsel to represent him. The Court denied the motion. He now returns with the same demand. In addition, he requests that the Court compel discovery from two of the Defendants. The Court denies the motion to appoint counsel and dismisses without prejudice the motion to compel discovery.

**I.   BACKGROUND**

On April 7, 2014, Mr. Widi filed an opposition to the second Motion for Summary Judgment by Defendants Dennis Clark and Michael Lyon. *Opp'n to Second Mot. of Defs. Clark and Lyon for Summ. J. with Accompanying Mots. for*

*Disc. and Appointment of Counsel* (ECF No. 228) (*Motion*). Appended to Mr. Widi's memorandum of law in opposition to the motion for summary judgment are (1) a motion for discovery, *id.* at 8-10, and (2) a motion to appoint counsel. *Id.* at 10-11. Messrs. Clark and Lyon's motion for summary judgment is not yet under advisement, but the Court is issuing a decision on the motions for appointment of counsel and for discovery in an attempt to move Mr. Widi's case along.

Mr. Widi argues that he needs the assistance of counsel to interview a witness "in the interest of justice." *Id.* at 11. Mr. Widi explains that in November 2005, he briefly shared an apartment in Kittery, Maine with a man named Daniel St. Clair. *Id.* at 2. Mr. St. Clair was on probation and Mr. Lyon was his probation officer; Mr. Widi was himself on probation and Mr. Clark was his probation officer. *Id.* Mr. Widi believes that Probation Officers Clark and Lyon illegally entered and searched his apartment in November 2005.[1] *Id.* Mr. Widi says that Probation Officers Clark and Lyon have asserted that a woman by the name of Christine Donnelly, who was Daniel St. Clair's girlfriend, was present at the apartment and allowed the search. *Id.* Mr. Widi is skeptical about whether the Probation Officers' recollection of the circumstances of the search is correct. *Id.* at 8-9 ("Mr. Widi doubts these events took place . . . ."). Mr. Widi wishes to depose Special Agent Curran and require him to respond to interrogatories; he also wishes to obtain

---

[1] Mr. Widi also contends that Special Agent Kevin Curran entered his apartment with Probation Officers Clark and Lyon; however, as the focus of Mr. Widi's motion for appointment of counsel and motion for discovery is in the context of a motion for summary judgment filed by Probation Officers Clark and Lyon, the Court is focusing on their alleged involvement in the activities about which Mr. Widi is complaining.

2

documents from Probation Officers Clark and Lyon and from the Kittery and Eliot Police Departments. *Id.* at 9.

Mr. Widi also contends that he is entitled to counsel because it "is important for Mr. Widi to interview Christine Donnelly." *Id.* at 10. Again, Mr. Widi does not believe that Ms. Donnelly let the officers into the St. Clair/Widi apartment. *Id.* He maintains that "only Christine Donnelly can refute the defendants['] claim." *Id.* at 10-11.

## II. MOTION TO APPOINT COUNSEL

Mr. Widi argues that, "in the interest of justice," he needs the assistance of counsel to interview Ms. Donnelly. *Id.* at 11. First, Mr. Widi has not demonstrated that he requires the services of a lawyer to interview a potential witness. A person need not be licensed to practice law in order to conduct an interview. Mr. Widi has failed to show that other individuals would be unable to locate Ms. Donnelly and ask her questions.

Second, no one is preventing Mr. Widi from hiring his own attorney. If he is able to afford his own lawyer, he should not be coming to the Court for one. Even if he is unable to afford private counsel, this Country and State are blessed with an abundance of attorneys, one of whom may well be willing to take on Mr. Widi's claims, if seen as meritorious. If Mr. Widi wishes to retain a private lawyer, he should first go to the public market.

Third, Mr. Widi is really asking the Court to find an attorney to represent him and either to prevail upon that lawyer to take his case for free or to somehow

3

find taxpayer money to pay his lawyer. This, the Court will not do. Even though the assistance of counsel may be in Mr. Widi's interest in prosecuting his civil case, he is not entitled to have a lawyer chosen by the Court and paid by the taxpayer. "The law is well established that there is no constitutional right to appointment of counsel in a civil case." *Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986). There is a statutory provision under which a federal court is authorized to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "[A]n indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel." *Cookish*, 787 F.2d at 2. However, here, Mr. Widi has not demonstrated exceptional circumstances justifying the Court's intervention.

In *DesRosiers v. Moran*, 949 F.2d 15 (1st Cir. 1991), the First Circuit wrote that "[t]o determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." *Id.* at 24. As to the merits of the case, Probation Officers Clark and Lyon have filed a motion for summary judgment testing this question. However, Mr. Widi's claims depend in large part on his assertions of fact.

In another civil action that Mr. Widi filed against government officials, the Court gave him the benefit of the doubt and found volunteer private counsel for him pursuant to 28 U.S.C. § 1915(e)(1). *See Order Appointing Counsel* (ECF No. 74),

4

*Widi v. U.S. Dep't of Justice*, 1:11-cv-00113-JAW (D. Me. June 22, 2012) [*Widi I*]. The Court was prompted to do so because of the manifestly serious allegations in Mr. Widi's Complaint, which included vivid allegations of police and correction officer brutality. *Id.* However, counsel later moved to withdraw, citing the Maine Rules of Professional Conduct. *Mot. for Leave to Withdraw as Counsel* (ECF No. 102), *Widi I*. Later, the government defendants produced a videotape of the entire episode and, after comparing Mr. Widi's allegations with the contents of the videotape, the Court dismissed his Complaint in its entirety because Mr. Widi's claims were demonstrably unsupported by the facts. *Order Dismissing Case* at 10 (ECF No. 118), *Widi I* ("The disparity between Mr. Widi's allegations and the actual contents of the discs is so extreme that the Court concludes that allowing Mr. Widi to proceed on his allegations would perpetuate a fiction and would only waste judicial time and governmental resources"); *Order Denying Mot. for Recons.* at 2 (ECF No. 131), *Widi I* ("Mr. Widi's factual contentions are only tangentially connected to reality"). Based on its experience with Mr. Widi in his other civil case, the Court is skeptical about whether—to the extent his claims depend upon his factual assertions—they will be deemed meritorious. As appointments of civil counsel are "saved for cases that appear to have some chance of success," *Clarke v. Blais*, 473 F. Supp. 2d 124, 125 (D. Me. 2007), the Court concludes that this factor weighs against Mr. Widi's motion.

As for the complexity of the issues, the nature of the case is fairly straightforward. Mr. Widi is

> claiming that a number of Defendants conspired to deprive him of his civil rights in violation of 5 M.R.S. § 4682 and 42 U.S.C. § 1983 by arresting him without probable cause, using excessive force to effect the arrest, illegally seizing his van, illegally searching his trailer, illegally searching and seizing his motorcycle, manufacturing false evidence, refusing him the right to counsel, failing to properly train police officers, defaming him, invading his right of privacy, denying his right to process, and conducting a warrantless search of his residence.

*Order Denying Objection* at 1 (ECF No. 31) (citing *Am. Compl.* (ECF No. 15)). The case does not present an unusually complicated set of underlying facts nor is the law especially difficult. *See Lassiter v. Dep't of Social Servs. of Durham Cnt'y, N.C.*, 452 U.S. 18, 31-32 (1981).

Finally, as regards Mr. Widi's ability to represent himself, the Court reiterates what the Magistrate Judge observed on August 28, 2012: Mr. Widi's "filings belie the notion that he does not understand the proceedings." *Order Denying Mot. for Appointment of Counsel* at 1 (ECF No. 21).

Once again, the Court declines to appoint a lawyer to represent Mr. Widi in this civil action.

### III. MOTION FOR DISCOVERY

Mr. Widi moves for leave to take a deposition or seek answers to interrogatories of Detective Kevin Curran of the Eliot Police Department, and to make discovery requests to the Kittery and Eliot Police Departments for certain documents. *Mot.* at 8-10. Mr. Widi claims that he requires this information to oppose the motion for summary judgment of Defendants Clark and Lyon. Ironically, however, the Court has already received Mr. Widi's response in opposition to the motion, including his reply statement of material facts and

6

statement of opposing facts. *Opp'n to Second Mot. of Defs. Clark and Lyon for Summ. J.* (ECF No. 228); *Reply Statement of Material Facts and Opposing Statement of Material Facts* (ECF No. 230).

Under Rule 56(d), the Court has the authority when ruling on a motion for summary judgment to decide whether the movant has shown "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" and, if so, to "allow time to obtain affidavits or declarations or to take discovery." FED. R. CIV. P. 56(d). As the Court has not yet received Defendants' reply, Mr. Widi's demand for discovery is premature. The Court will consider whether to invoke Rule 56(d) when it reviews the completed motion. For the time being, the Court dismisses Mr. Widi's motion for discovery without prejudice.

## IV. CONCLUSION

The Court DENIES Mr. Widi's Motion to Appoint Counsel (ECF No. 229) and DISMISSES WITHOUT PREJUDICE his Motion for Discovery.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 10th day of April, 2014