UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| DAVID J. WIDI, JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 2:12-cv-00188-JAW |
| PAUL MCNEIL, et al., | ) | |
| Defendants. | ) | |

**ORDER DISMISSING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DENYING PLAINTIFF'S MOTION TO AMEND AMENDED COMPLAINT**

On February 19, 2014, the Court issued a Status Order in this complicated case and, among other things, clarified the status on two of David J. Widi, Jr.'s motions: (1) the motion to amend amended complaint filed on December 20, 2013, *Mot. for Leave to Am.* (ECF No. 198) (*Pl.'s Mot. to Am.*); and (2) the motion for reconsideration of order striking his second amended complaint filed on December 13, 2013, *Mot. for Recons.* (ECF No. 197). *Status Order* at 2-3 (ECF No. 217). These matters are ready for decision. The Court denies the motion to amend amended complaint because the proposed complaint includes grounds of action already screened out by the Magistrate Judge, parties dismissed by dispositive motion, and for the remaining Defendants, adds no new critical allegations or theories. The Court also dismisses the motion for reconsideration of the Magistrate Judge's Order striking the second amended complaint because it is now moot.

## I. BACKGROUND

On June 13, 2012, David J. Widi, Jr. filed a complaint against approximately thirty-nine defendants, alleging that a number of Defendants conspired to deprive him of his civil rights in violation of 5 M.R.S. § 4682 and 42 U.S.C. § 1983 by (1) arresting him without probable cause; (2) using excessive force to effect the arrest; (3) illegally seizing his van; (4) illegally searching his trailer; (5) illegally searching and seizing his motorcycle; (6) manufacturing false evidence; (7) refusing him the right to counsel; (8) failing to properly train and supervise police officers; (9) defaming him; (10) invading his right of privacy; (11) denying his right to process; and (12) conducting a warrantless search of his residence. *Compl.* (ECF No. 1). On July 13, 2012, the Magistrate Judge screened the complaint and ordered that the following individuals be served: Special Agent Paul McNeil of the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF), TD Banknorth, N.A. (TD Bank), Special Agent Kevin Curran, Maine Probation Agent Denis Clark and Maine Probation Agent Michael Lyon. *Order for Serv. After Screening Compl. Pursuant to 28 U.S.C. § 1915A* (ECF No. 6). On August 2, 2012, Mr. Widi, Jr. filed an amended complaint. *Am. Compl.* (ECF No. 15).

On October 15, 2012, Special Agent McNeil filed a motion to dismiss or for summary judgment. *Special Agent McNeil's Mot. and Inc. Mem. to Dismiss or for Summ. J.* (ECF No. 37). On October 16, 2012, TD Bank filed a motion for summary judgment. *Def., TD Bank, N.A.'s Mot. for Summ. J.* (ECF No. 40). On November 2, 2012, the United States, ATF, the Executive Office of United States Attorneys

(EOUSA), and the Office of Information Policy (OIP) filed a motion to dismiss and for summary judgment. *Mot. to Dismiss and for Summ. J. Regarding Count XIV* (ECF No. 44). On November 9, 2012, Officers Clark and Lyon filed a motion for summary judgment. *Mot. of Denis R. Clark and Michael Lyon for Summ. J.* (ECF No. 48). On April 23, 2013, Officers Clark and Lyon filed a second motion for summary judgment. *Second Mot. of Defs. Denis Clark and Michael Lyon for Summ. J.* (ECF No. 135). On June 13, 2013, TD Bank filed an amended motion for summary judgment. *Def., TD Bank, N.A.'s Am. Mot. for Summ. J.* (ECF No. 146). In time, Mr. Widi, Jr. responded to these motions and the Defendants filed replies.[1]

On September 24, 2013, the Court denied Defendants Clark and Lyon's motion for summary judgment, *Order Denying Mot. for Summ. J. by Defs. Clark and Lyon* (ECF No. 169), and granted the motion to dismiss as to Defendant McNeil. *Order Denying Pl.'s Mot. to Stay; Denying Pl.'s Mot. to Strike; and Granting Def. McNeil's Mot. to Dismiss* (ECF No. 170) (*McNeil Dismissal Order*). On September 25, 2013, the Court granted TD Bank's motion for summary judgment. *Order Granting Mot. for Summ. J. by Def. TD Bank; Denying Mot. to Strike; Denying Disc.; and Dismissing Without Prejudice Mot. for Serv. of Process* (ECF No. 171) (*TD Bank Summ. J. Order*). On September 27, 2013, the Court denied ATF and EOUSA's motion to dismiss and for summary judgment on Count XIV, the Freedom of Information Act count. *Order Denying Defs.' Mot. to Dismiss Count XIV, Denying Defs.' Mot. for Summ. J. as to Count XIV, and Denying Pl.'s Cross-Mot. for Summ. J. as to Count XIV* (ECF No. 172);

---

[1]  For a detailed recitation of the unusually complicated procedural history of this case, see *Order on Objections and on Status* at 1-8 (ECF No. 107).

3

*Am. Order Denying Defs.' Mot. to Dismiss Count XIV, Denying Defs.' Mot. for Summ. J. as to Count XIV, and Denying Pl.'s Cross-Mot. for Summ. J. as to Count XIV* (ECF No. 173).

On February 18, 2014, the Court dismissed Defendants Clark and Lyon's second motion for summary judgment. *Order on Pl.'s Mot. to Vacate or for Order of Serv. and Extension of Time to File a Resp. and Defs. Denis Clark and Michael Lyon's Second Mot. for Summ. J.* (ECF No. 212). On February 19, 2014, Defendants Clark and Lyon filed a renewed motion for summary judgment. *Second Mot. of Defs. Denis Clark and Michael Lyon for Summ. J.* (ECF No. 214). On April 21, 2014, the Court granted the motion for summary judgment as to Defendants Clark and Lyon. *Order Granting the Renewed Mot. for Summ. J. by Defs. Clark and Lyon* (ECF No. 236) (*Clark and Lyon Summ. J. Order*).

## II. DAVID WIDI, JR.'S MOTION TO AMEND AMENDED COMPLAINT

On November 18, 2013, Mr. Widi, Jr. filed a second amended complaint without filing a motion for leave to file this pleading. *Second Am. Compl.* (ECF No. 191). On November 19, 2013, the Magistrate Judge ordered the Second Amended Complaint struck because Mr. Widi, Jr. had failed to file a motion for leave to amend his complaint. *Order* (ECF No. 192).

On December 20, 2013, Mr. Widi, Jr. moved to amend his amended complaint. *Pl.'s Mot. to Am.* TD Bank responded on January 6, 2014, opposing the motion, *TD Bank, N.A.'s Opp'n to Pl.'s Mot. for Leave to Am.* (ECF No. 204); Special Agent Curran responded on January 10, 2014, opposing the motion, *Def. Kevin Curran's Opp'n to*

4

*Pl.'s Mot. for Leave to Am. Compl.* (ECF No. 205); and Special Agent McNeil responded on January 10, 2014, opposing the motion. *McNeil's Opp'n to Pl.'s Mot. for Leave to Am.* (ECF No. 206). At the time of the Status Order issued by the Court on February 19, 2014, the motion was not ready for decision; any responses by the Defendants were due no later than March 11, 2014, and any reply from Mr. Widi, Jr. was due no later than March 25, 2014. *Status Order* at 2. Neither the Defendants nor Mr. Widi, Jr. filed anything further.

In his motion, Mr. Widi, Jr. asserts the following as to the reason for needing the Second Amended Complaint as to each Defendant:

1) Defendant Special Agent Kevin Curran: that the Second Amended Complaint "more accurately pleads Curran's role in the events that resulted in this cause of action and clarifies the allegations." *Pl.'s Mot. to Am.* at 3.

2) Defendants Denis Clark and Michael Lyon: that the Second Amended Complaint provides "a more detailed account of the allegations against the Maine Probation Officers and theories of liability." *Id.*

3) Defendants ATF, EOUSA and OIP: that the Second Amended Complaint "does not affect these defendants." *Id.* at 4.

4) Defendant TD Bank: that the Second Amended Complaint "alleges that TD Bank was required to return Mr. Widi's financial records to the grand jury by the Subpoena to Testify Before Grand Jury and that TD Bank's failure to do so establishes liability under 12 U.S.C. § 3420." *Id.* He also notes that the Second Amended Complaint alleges that TD Bank "failed to obtain a certificate of

5

compliance for this non-subpoena release as required by 12 U.S.C. § 3403(b)." *Id.*

5) Defendant Special Agent Paul McNeil: that the Second Amended Complaint "clarifies McNeil's role in the precursor events and provides more thoroughly detailed allegations." *Id.* at 5.

The Court denies Mr. Widi, Jr.'s Motion for Leave to File Second Amended Complaint. First, the Second Amended Complaint attempts to revive grounds of action that the Magistrate Judge screened out on July 13, 2012. *See Order for Serv. After Screening Compl. Pursuant to 28 U.S.C. § 1915A*. For this reason alone, the Second Amended Complaint is fatally defective. If allowed, it would produce confusion in an already overly complicated case.

Second, the Second Amended Complaint attempts to state claims against Special Agent McNeil and TD Bank, but by the time Mr. Widi, Jr. filed the Second Amended Complaint, the Court had already granted dispositive motions as to each Defendant. *See McNeil Dismissal Order*; *TD Bank Summ. J. Order*. Again, because it includes dismissed parties, it would only produce confusion if the Second Amended Complaint became the operative pleading.

Third, as regarding Defendants Clark and Lyon, the Court subsequently granted their motion for summary judgment and in its ruling, the Court considered each of the factual allegations in the Second Amended Complaint. *See Clark and Lyon Summ. J. Order*.

Fourth, as regarding Defendants ATF, EOUSA and OIP, Mr. Widi, Jr. states that the amendment "does not affect these defendants." *Pl.'s Mot. to Am.* at 4. Therefore, there is no reason to grant the motion to amend for these Defendants.

Fifth, the only remaining Defendant who could be affected by the allegations in the Second Amended Complaint is Special Agent Kevin Curran, but Mr. Widi, Jr.'s motion to amend does not explain what factual allegations against Special Agent Curran the Second Amended Complaint contains that the First Amended Complaint does not. Pursuant to Federal Rule of Civil Procedure 8(a)(2), which mandates that the complaint be a "short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), Mr. Widi, Jr. has failed to demonstrate why it is necessary to allege the additional facts against Special Agent Curran that are set forth in the Second Amended Complaint.

### III. DAVID WIDI, JR.'S MOTION FOR RECONSIDERATION

After the Magistrate Judge struck his Second Amended Complaint, Mr. Widi, Jr. moved for the Court to reconsider the Order. *Mot. for Recons.* As the Court has addressed the merits of Mr. Widi, Jr.'s Motion for Leave to File Second Amended Complaint and has denied the motion, Mr. Widi, Jr.'s motion to reconsider the striking of the Second Amended Complaint is now moot.

### IV. CONCLUSION

The Court DENIES David J. Widi, Jr.'s Motion for Leave to File Second Amended Complaint (ECF No. 198) and DISMISSES his Motion for Reconsideration (ECF No. 197) as moot.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 23rd day of September, 2014