UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DAVID J. WIDI, JR., | ) |
| Plaintiff, | ) |
| v. | ) 2:12-cv-00188-JAW |
| PAUL MCNEIL, et al., | ) |
| Defendants. | ) |

**ORDER DENYING DEFENDANTS' CLARK AND LYON'S
MOTION FOR FINAL JUDGMENT**

Finding no genuine dispute of material fact as to the legality of a search of David Widi's home in November 2005, the Court granted summary judgment on Count XIII to Probation Officers Denis Clark and Michael Lyon. Probation Officers Clark and Lyon now move for entry of final judgment pursuant to Rule 54(b). The summary judgment order has the requisite finality as to the movants, but Count XIII remains pending as to a third Defendant: Detective Kevin Curran. Given (1) the substantial overlap between the pending claims against Detective Curran and the dismissed claims against Probation Officers Clark and Lyon and (2) the movants' failure to convince the Court of their exigent need for final judgment, the Court denies the request to enter final judgment as to Defendants Clark and Lyon on Count XIII.

**I.     PROCEDURAL HISTORY**

On September 24, 2013, the Court dismissed without prejudice Defendants Denis Clark and Michael Lyon's (the Defendants') first motion for summary judgment

based on the limitations period for actions under 42 U.S.C. § 1983. *Order Denying Mot. for Summ. J. by Defs. Clark and Lyon* (ECF No. 169). On April 21, 2014, the Court granted the Defendants' second motion for summary judgment. *Order Granting Mot. for Summ. J. by Defs. Clark and Lyon* (ECF No. 236) (*Summ. J. Order*). On May 12, 2014, David Widi filed a motion for reconsideration of the Court's order granting summary judgment to the Defendants. *Mot. for Recons. of Order Granting Summ. J. to Defs. Clark and Lyon* (ECF No. 242). On July 25, 2014, and August 14, 2014, Mr. Widi filed a supplemental motion for reconsideration and a second supplemental motion for reconsideration, respectively. *Suppl. Mot. for Recons. under Fed. R. Civ. P. 59(e) and 60(b) with Accompanying Req. for Disc. Order* (ECF No. 246); *Second Suppl. Mot. for Recons. under Fed. R. Civ. P. 59(e) and 60(b)* (ECF No. 248). The Court denied all three motions on October 7, 2014. *Order Denying Pl.'s Mots. for Recons.* (ECF No. 257) (*Recons. Order*).

On December 9, 2015, Defendants Clark and Lyon moved for entry of final judgment. *Mot. for Entry of Final J.* (ECF No. 326) (*Defs.' Mot.*). Mr. Widi filed a response on December 21, 2015, *Obj. to Mot. for Entry of Final J.* (ECF No. 332) (*Pl.'s Resp.*), and the Defendants filed a reply on December 30, 2015. *Reply to Opp'n to Mot. for Entry of Final J.* (ECF No. 333) (*Defs.' Reply*).

## II. THE PARTIES' POSITIONS

### A. The Defendants' Motion

Pursuant to Federal Rule of Civil Procedure 54(b), the Defendants move for entry of final judgment as to the claims against them. *Defs.' Mot.* at 1 (citing FED. R.

2

CIV. P. 54(b)). According to the Defendants, "the court must carefully compare the dismissed and unadjudicated claims for indications of substantial legal or factual overlap to ensure that an appellate court is not confronted with successive appeals with common issues of law and fact." *Id.* (citing *Kersey v. Dennison Mfg. Co.*, 3 F.3d 482, 487 (1st Cir. 1993)). While Mr. Widi brought claims related to his arrest and the search and seizure of his property in November 2008, the Defendants explain that Mr. Widi's claims against Probation Officers Clark and Lyon related to an allegedly illegal entry into his apartment in November 2005—i.e., "*three years before* his arrest and subsequent prosecution in 2008" and "completely unrelated to the 2008 arrest and prosecution from which all of his other claims arise." *Id.* at 2 (emphasis in original). Accordingly, the Defendants argue there is "no danger that the results of an adjudication of the remaining claims without the involvement of Clark and Lyon would possibly present an appellate court with successive appeals having common issues of law and fact" as the claim against them is "temporally, factually, and legally distinct . . . ." *Id.*

### B. David J. Widi, Jr.'s Response

Mr. Widi objects on the ground that although the Court granted summary judgment with regard to Probation Officers Clark and Lyon, "the claim relating to them remains pending against Defendant Curr[a]n and, therefore, is an issue of successive appeals with common issues of law and fact." *Pl.'s Resp.* at 1. Although the Court has rejected Mr. Widi's contention that the Probation Officers required reasonable suspicion to enter his home in November 2005, "Mr. Widi has the

3

opportunity to argue against Defendant Curr[a]n that the Consent to Random Drug or Alcohol Testing and to Searches Based on Reasonable Suspicion was the controlling condition" and "this Court may conclude on second-thought that the claim against Defendant[s] Clark and Lyon should be restored under Fed. R. Civ. P. 54(b) at that time." *Id.* at 2.

### C. The Defendants' Reply

The Defendants emphasize that the Court has already determined as a matter of law, and confirmed its ruling upon reconsideration, that the Probation Officers' entry into Mr. Widi's home in November 2005 was lawful under the operative probation conditions. *Defs.' Reply* at 1. Thus, they conclude, "[i]t appears unlikely that the court might decide to restore the claims against Clark and Lyon if and when it hears from defendant Curran on this issue." *Id.*

## III. DISCUSSION

### A. Legal Standard

Rule 54(b) provides that when an action presents more than one claim or involves more than one party, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b). There is a "strong judicial policy disfavoring piecemeal appellate review," *Credit Francais Int'l S.A. v. Bio-Vita, Ltd.*, 78 F.3d 698, 706 (1st Cir. 1996) (quoting *Kersey*, 3 F.3d at 487), and "entry of judgment under the rule should not be indulged as a matter of routine

4

or as a magnanimous accommodation to lawyers or litigants." *Spiegel v. Trustees of Tufts Coll.*, 843 F.2d 38, 42 (1st Cir. 1988) (citations omitted).

To certify a judgment pursuant to Rule 54(b), a district court must find (1) that the ruling is final and (2) that there is no just reason for delay. *Nystedt v. Nigro*, 700 F.3d 25, 29–30 (1st Cir. 2012). Finality "requires that a judgment 'dispose of all the rights and liabilities of at least one *party* as to at least one *claim*.'" *Lee-Barnes v. Puerto Ven Quarry Corp.*, 513 F.3d 20, 24 (1st Cir. 2008) (quoting *State Street Bank & Trust Co. v. Brockrim, Inc.*, 87 F.3d 1487, 1489 (1st Cir.1996) (emphasis in *Lee-Barnes*)); *see also Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 580 (1st Cir. 1996) ("[T]he ruling underlying the proposed judgment must itself be final in the sense that it disposes completely either of all claims against a given defendant or of some discrete substantive claim or set of claims against the defendants generally") (citing *Spiegel*, 843 F.2d at 43). After the court determines finality, it turns to whether there is no just reason for delay by assessing "(1) any interrelationship or overlap among the various legal and factual issues involved in the dismissed and the pending claims, and (2) any equities and efficiencies implicated by the requested piecemeal review." *Credit Francais*, 78 F.3d at 706 (citing *Kersey*, 3 F.3d at 487).

Finally, if a district court certifies a judgment pursuant to Rule 54(b), "it should not only make that explicit determination but should also make specific findings and set forth its reasoning." *Quinn v. City of Boston*, 325 F.3d 18, 26 (1st Cir. 2003) (citing *Spiegel*, 843 F.2d at 42–43).

    **B.**    **Application**

The Court entered summary judgment for Defendants Clark and Lyon on Count XIII of Mr. Widi's Second Amended Complaint nearly two years ago. *Summ. J. Order*. Since then, the Court has revisited its ruling; Mr. Widi filed three motions for reconsideration of the grant of summary judgment on Count XIII, all of which the Court rejected. *Recons. Order*. Importantly, Mr. Widi named Defendants Clark and Lyon with regard to only Count XIII. *Second Am. Compl.* at 45–46 (ECF No. 191) (*Second Am. Compl.*). Because the Court's summary judgment order "disposes completely" of all claims against these Defendants, *Spiegel*, 843 F.2d at 43, the Court concludes that the ruling is final. *DeLia v. Verizon Commc'ns, Inc.*, 682 F. Supp. 2d 58, 59 (D. Mass. 2010) (defining finality in a multiparty context as "whether any claims remain against that defendant"); *see also Niemic v. Galas*, 286 F. App'x 738, 739 (1st Cir. 2008) (although claims against "corrections defendants" remained pending, district court granted summary judgment to "medical defendants" and entered final judgment under Rule 54(b), and the First Circuit wrote that finality was "not in doubt," as "the judgment dismissed all claims against the medical defendants"); *Penn v. Knox Cty.*, No. 2:11–cv–00363–NT, 2013 WL 5839378, at *1, 2013 U.S. Dist. LEXIS 155365, at *4 (D. Me. Oct. 30, 2013) (finality "easily satisfied, as the judgment would dismiss all the claims against [particular defendants]").

With finality established, the Court turns to whether there is no just reason for delay. Regarding the factual and legal overlap between the dismissed and pending claims, the Defendants are correct that Count XIII is distinct from the other Counts in that its factual basis occurred in 2005, not 2008, and the relevant legal issue

involves a search pursuant to probation conditions rather than the myriad issues surrounding Mr. Widi's later arrest and prosecution. The flaw in the Defendants' argument, however, is that Count XIII "remains pending against Detective Kevin Curran." *Screening Order, Order Vacating in Part Earlier Order Denying Mot. for Leave to File Second Am. Compl. as to Served Defs., Order Granting in Part Mot. to File Second Am. Compl., Order Striking Portions of the Second Am. Compl., and Order Denying Mot. to Stay* at 41–42 (ECF No. 270) (*Screening Order*). The Second Amended Complaint alleges Mr. Curran participated in the putatively illegal probation search alongside Defendants Clark and Lyon. *Second Am. Compl.* ¶ 165 ("Clark, Lyon, and Curran planned and agreed to conduct this search when Mr. Widi wasn't home, without requesting or obtaining consent, and in the absence of reasonableness"). So while the other Counts are distinct, Count XIII itself remains pending on the very same factual and legal grounds against Mr. Curran, despite the Court's grant of summary judgment on this Count to Defendants Clark and Lyon.

The First Circuit's decision in *Maldonado-Denis* casts light on the issue. In a 42 U.S.C. § 1983 suit arising from a fatal police shooting, the decedent's family members "cut a wide swath" by suing not only the officers involved but also their supervisors, and the district court granted summary judgment to and entered final judgment for the supervisors. 23 F.3d at 579–80. The First Circuit wrote that these facts posed a "borderline question" on "the second half of the *Spiegel* paradigm." *Id.* at 580. "[T]here is a significant imbrication between the jettisoned claims [against the supervisors] and the remaining claims [against the officers involved]"; i.e.,

7

adjudicating the supervisors' conduct would require "an exploration of the facts concerning the shooting and alleged coverup." *Id.* at 580 (citations omitted).

      To explain, the Court contrasts two different situations: Chief Theodore Short and Probation Officers Clark and Lyons. On the facts before the Court, Mr. Widi's Second Amended Complaint mentioned a fourth Defendant who was involved in a supervisory capacity: Chief Theodore Short. *See Am. Compl.* ¶¶ 168–69. In its screening order, the Court determined that "Mr. Widi's conclusory allegations against Chief Short (i.e., that he 'acquiesced in' the actions of the officers under his supervision) do not survive [28 U.S.C.] § 1915A screening because these allegations are insufficient to impose supervisory liability." *Screening Order* at 41–42. Following the logic of *Maldonado-Denis*, the Court finds there would be a "borderline question" with regard to Chief Short if he were still a party to Count XIII. By contrast, there is not just overlap but an identical imprint where, as here, the allegation is that Mr. Curran was present and participated in the contested acts of Defendants Clark and Lyon. The first part of the no just reason for delay test militates against entering final judgment.

      Regarding the equities and efficiencies, the Court foresees that entering final judgment now will likely lead to duplicative, piecemeal appeals later. In particular, if the Court were to enter final judgment for Defendants Clark and Lyon, it would pave the way for Mr. Widi's appeal on the grant of summary judgment on Count XIII for those two Defendants. If the Court subsequently were to enter judgment on Count XIII for or against Mr. Curran, either separately or as part of the resolution of the

entire case, there could be yet another appeal arising from the very same search pursuant to probation conditions in November 2005.

The risk of seriatim duplicative appeals is obvious, especially given Mr. Widi's record as an adept, tenacious litigant. Moreover, the Defendants have not effectively countered the risk, as their filings merely point out the temporal delay incurred by the case pending for three years with summary judgment granted a year-and-a-half ago, *Defs.' Mot.* at 2, and suggest "[i]t appears unlikely that the court might decide to restore the claims against Clark and Lyon if and when it hears from defendant Curran on the issue." *Defs.' Reply* at 1. This is not a robust display of exigencies.

The Court understands the Defendants' wish to be rid of this case, but it is unable to conclude that this is the "unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Spiegel*, 843 F.2d at 42 (quoting *Morrison–Knudsen Co. v. Archer,* 655 F.2d 962, 965 (9th Cir. 1981)). The second part of the no just reason for delay test also militates against entering final judgment.

In sum, the Court is unpersuaded that there is no just reason for delay on these facts.

## IV. CONCLUSION

The Court DENIES Denis Clark and Michael Lyon's Motion for Entry of Final Judgment (ECF No. 326).

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 16th day of August, 2016