UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DAVID J. WIDI, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:12-cv-00188-JAW |
| | ) | |
| PAUL MCNEIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECUSAL ORDER**

On February 11, 2015, I issued a forty-seven page screening order in which I granted David J. Widi, Jr.'s motion for leave to amend his complaint as to certain counts and denied it as to others. *Screening Order, Order Vacating in Part Earlier Order Denying Mot. for Leave to File Second Am. Compl. as to Served Defs., Order Granting in Part Mot. to File Second Am. Compl., Order Striking Portions of the Second Am. Compl., and Order Denying Mot. to Stay* (ECF No. 270). On May 4, 2015, Mr. Widi filed a motion asking me to reconsider my screening order. *Mot. for Recons.* (ECF No. 292). On December 8, 2015, the Court issued an order denying David J. Widi, Jr.'s motion for reconsideration of its screening order. *Order on Mot. for Recons. and Mot. Pursuant to Fed. R. Civ. P. 60* (ECF No. 325). In that order, I required Mr. Widi to produce some documentary evidence to support the facts set forth in certain counts in his Second Amended Complaint. *Id.* at 1.

On March 24, 2016, Mr. Widi filed a motion asking me to reconsider my order denying his motion to reconsider my screening order. *Resp. to Order on Mot. for*

*Recons. and Mot. Pursuant to Fed. R. Civ. P. 60 with Accompanying Documentary Evid. and Mot. for Disc.* (ECR No. 351) (*Widi Mot.*). Although not stated in the title to his motion, Mr. Widi asked that I recuse myself from his case. *Id.* at 1. Asserting that he has shown that my rulings are "contrary to the law or facts," Mr. Widi argues that I have shown "deep-seated favoritism towards the law enforcement defendants." *Id.* at 3. Indeed, Mr. Widi alleges that I have "taken on the role of advocate for the defendants." *Id.* On April 15, 2016, Defendant Paul McNeil responded, stating that "[t]o the extent that Plaintiff's Response is deemed to include a motion for recusal, it should be denied given the absence of any basis for recusal." *McNeil's Opp'n to Pl.'s Resp. to Order on Mot. for Recons.* (ECF No. 354). On May 5, 2016, Mr. Widi filed a reply, arguing that I supposedly applied a summary judgment standard to his motion for leave to amend his complaint and that this demonstrated my favoritism toward the Defendants. *Reply to McNeil's Opp'n to Pl.'s Resp. to Order on Mot. for Recons.* at 2–3 (ECF No. 356).

I reject Mr. Widi's request for recusal. Mr. Widi relies on 28 U.S.C. § 455(a) to demand recusal. *Widi Mot.* at 3 n.1. Section 455(a) creates general obligation for a judge to recuse from "any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Mr. Widi questions my impartiality based on his disagreement with my rulings. *Widi Mot.* at 3 ("[T]he Court's holdings are contrary to the law or facts").

I start with the premise that judges have a duty to decide the cases that come before them. The First Circuit Court of Appeals has written that "[t]here is as much

obligation for a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Brody v. Pres. & Fellows of Harvard Coll.*, 664 F.2d 10, 12 (1st Cir. 1981) (quoting *In re Union Leader Corp.*, 292 F.2d 381, 391 (1st Cir. 1961)).

I continue with another premise that judges should not recuse themselves if the basis of the request is a litigant's disappointment in a result. This, I gather, is the heart of Mr. Widi's motion to recuse: he does not like the adverse rulings he has received from me. On this point, I would remind Mr. Widi that although some of my rulings have been against him, I have ruled in his favor as well, and at his request, I have reconsidered some of my orders in his favor. Moreover, I have never given his motions short shrift; instead, I have issued hundreds of pages of opinions in his cases, detailing his arguments, the arguments of opposing counsel, and the reasons for my decisions. As the United States Supreme Court has written, "judicial rulings alone almost never constitute a valid basis for a bias or impartiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)); *see also United States v. Laureano-Pérez*, 797 F.3d 45, 73–74 (1st Cir. 2015) (quoting *Liteky*).

In short, I see no basis whatsoever for my recusal. To the extent that it demands I recuse myself from this case, I DENY David J. Widi, Jr.'s Response to Order on Motion for Reconsideration and Motion Pursuant to Federal Rule of Civil Procedure 60 with Accompanying Documentary Evidence and Motion for Discovery (ECR No. 351).

SO ORDERED.

                              <u>/s/ John A. Woodcock, Jr.</u>
                              JOHN A. WOODCOCK, JR.
                              UNITED STATES DISTRICT JUDGE

Dated this 21st day of November, 2016