UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DAVID J. WIDI, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   2:12-cv-00188-JAW |
| | ) |
| PAUL MCNEIL, et al., | ) |
| | ) |
| Defendants. | ) |

**AMENDED[1] ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AND ENLARGEMENT OF TIME AND DISMISSING PLAINTIFF'S MOTION FOR ORDER OF SERVICE**

On October 26, 2016, David J. Widi, Jr. filed a motion to strike or for order of service and enlargement of time to object. *Mot. to Strike or for Order of Serv. and Enlargement of Time to Obj.* (ECF No. 381) (*Pl.'s Mot.*). Mr. Widi's motion relates back to an order that the Court issued on August 16, 2016 on his Freedom of Information Act and Privacy Act claims. *Summ. J. Order on Count XVIII* (ECF No. 360). In its order, the Court granted summary judgment for all but eight listed documents, and it ordered the Executive Office of the United States Attorneys (EOUSA) either to file a supplemental *Vaughn*[2] index or to release the requested

---

[1] This Amended Order corrects a typographical error on page 3 of the Order Denying Plaintiff's Motion to Strike (ECF No. 389) dated November 29, 2016. On page 3 of the Order, third paragraph, it currently reads "the Court typically acts on the motion before the time for a response is received." It should read "the Court typically acts on the motion before the time for a response has elapsed."

[2] *See Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973); *Summ. J. Order on Count XVIII* at 1, n. 1 (ECF No. 360).

documents within thirty days of August 16, 2016, the date of the order. *Order* at 72-73.

On September 15, 2016, the EOUSA filed a renewed motion for summary judgment and a statement of facts. *EOUSA's Renewed Mot. for Summ. J. on Count XVIII* (ECF No. 366) (*EOUSA's Renewed Mot.*); *Supp. Statement of Undisputed Material Facts* (ECF No. 367) (DSSMF). On October 11, 2016, David J. Widi, Jr. filed a motion for reconsideration of the summary judgment order and an objection to the EOUSA's renewed motion for summary judgment. *Mot. for Recons. of Summ. J. Order and Obj. to EOUSA's Renewed Mot. for Summ. J. on Count XVIII* (ECF No. 370, 371) (*Pl.'s Mot. for Recons.*; *Pl.'s Opp'n to EOUSA's Renewed Mot.*). On October 22, 2016, the EOUSA filed a reply to Mr. Widi's opposition to its renewed motion for summary judgment. *EOUSA's Reply Br. in Support of its Renewed Mot. for Summ. J. on Count XVIII* (ECF No. 375). In EOUSA's reply, it noted that it was filing a reply only to Mr. Widi's opposition and that it and the Bureau of Alcohol, Tobacco and Firearms (ATF) would file an opposition to Mr. Widi's motion for reconsideration by November 1, 2016. *Id.* at 1, n.1.

On October 26, 2016, EOUSA and ATF filed a motion to extend the time for the filing of its opposition to Mr. Widi's motion for reconsideration by three days from Tuesday, November 1, 2016 to Friday, November 4, 2016 as well as a motion to exceed the page limits for non-dispositive motions under Local Rule 7(e). *Mot. for Leave to File Br. in Excess of Ten Pages and Extend Deadline for Resp. to Mot. to Recons.* (ECF No. 376). On October 26, 2016, the Court granted the motions. *Order* (ECF No. 377).

EOUSA and ATF actually filed their opposition on November 3, 2016, two days after the original due date. *ATF's and EOUSA's Opp'n to Pl.'s Mot. for Recons. of Summ. J. Order on Count XVIII* (ECF No. 378).

On November 8, 2016, Mr. Widi filed his motion to strike, for order of service, and for enlargement. *Pl.'s Mot.* at 1-2. In his motion, Mr. Widi voiced three complaints: (1) he had never received the ATF/EOUSA's motion to extend and motion for leave to file overlong brief; (2) the Court granted the motion without giving Mr. Widi the opportunity to object; and (3) he should receive additional time to file an objection to the ATF/EOUSA's motion to extend and for leave to file overlong brief. *Id.*

The answer to Mr. Widi's first complaint was revealed in the ATF/EOUSA's response. *Defs.' Resp. to Pl.'s Mot. to Strike or for Order of Serv. and Enlargement of Time to Obj.* (ECF No. 382). The ATF/EOUSA discovered that their motion for leave to file overlong brief and to extend deadlines was inadvertently not mailed to the Plaintiff due to a clerical error. *Id.* at 1. ATF/EOUSA represented that they mailed the motions to Mr. Widi on November 10, 2016. *Id.* at 2. Mr. Widi's request for an order of service is moot, because service had now been made.

Regarding on the Court's acting on the motion to enlarge before Mr. Widi had an opportunity to object, the Court observes that when a party, including Mr. Widi, files a motion for a short extension, here only three days, the Court typically acts on the motion before the time for a response has elapsed. There are a number of reasons for the Court's action. The first is purely practical. The time for Mr. Widi to have

objected to the motion for extension would have been November 16, 2016, nearly three weeks after the motion for extension was filed and nearly two weeks after the requested extension date. If the Court had waited for Mr. Widi to respond, the Defendants would not have known whether their motion had been granted until well after the motion was due. Without action on the motion for extension, the party filing the response would face a dilemma: file a hurried response on the original due date or file a more complete response on the later date and run the risk that the Court will not grant the motion for the extension. Where only a modest extension has been requested, it makes practical sense for the Court to act quickly to relieve the filing party of this dilemma.

Second, given the much-delayed and complicated nature of this litigation, the Court cannot imagine rejecting any party's request for a three-day extension of a filing date. In other words, even presuming Mr. Widi's objection to the extension, the Court would still have granted the three-day extension.

Finally, Mr. Widi himself has been the repeated beneficiary of the Court's quick action on motions for extension. In fact, on November 17, 2016, Mr. Widi moved for an extension from November 17, 2016 to November 30, 2016 to file a reply to ATF/EOUSA's response to his motion for reconsideration. *Mot. to Enlarge Time to File Reply to ATF's and EOUSA's Opp'n to Mot. for Recons. of the Summ. J. Order on Count XVIII* (ECF No. 383). ATF/EOUSA's opposition to Mr. Widi's November 17, 2016 extension motion would have been due on December 8, 2016, but the Court granted Mr. Widi's motion on November 21, 2016 before receiving ATF/EOUSA's

4

response. *Order* (ECF No. 385). If the Court were to impose the practice that Mr. Widi now urges—delaying ruling on a modest motion for extension until the response and demanding good cause for any extension—Mr. Widi would come to regret the change in judicial practice since as a prisoner, he has had a much more difficult time meeting original deadlines than the Defendants.

In summary, the Court DENIES David J. Widi's motion to strike and motion for enlargement of time to object and DISMISSES as moot his motion for order of service (ECF No. 381).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 30th day of November, 2016