UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DAVID J. WIDI, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:12-cv-00188-JAW |
| | ) | |
| PAUL MCNEIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION TO DISCLOSE GRAND JURY MATTERS**

On January 10, 2017, with serious misgivings, the Court allowed David J. Widi, Jr. to proceed against the United States Attorney's Office (USAO) on his claim that it violated the Right to Financial Privacy Act (RFPA). *Order on Mot. for Recons.* at 27–30 (ECF No. 392). Mr. Widi's allegation involves whether the USAO subpoenaed his financial records for presentation to a grand jury and then never actually presented the records to a grand jury. *Id.* at 29. In order to defend Mr. Widi's RFPA claim, the USAO must be allowed to disclose grand jury proceedings relevant to Mr. Widi's claim.

Recognizing that it could not defend the case without disclosing relevant portions of the grand jury proceedings, and that it could not disclose grand jury proceedings without a court order, on February 3, 2017, the USAO filed a motion to be allowed to disclose grand jury proceedings. *Mot. of the United States Att'y's Office to Disclose Matters Occurring Before a Grand Jury Pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i)* (ECF No. 407).

1

Mr. Widi's response to the USAO's motion was due on February 24, 2017; he has not responded. It may be that Mr. Widi has not responded because of his persistent difficulty receiving some documents. *See Order* (ECF No. 418). Nevertheless, the Court is proceeding forward with the USAO's motion despite Mr. Widi's failure to respond. First, the USAO's disclosure request comports with Mr. Widi's theory of the case; both Mr. Widi and the USAO need to know what happened with the subpoenaed financial records at the grand jury in order to resolve the merits of his RFPA claim. Furthermore, the USAO must be able to disclose portions of the grand jury proceedings in order even to answer the complaint and otherwise defend the RFPA claim.

Federal Rule of Criminal Procedure 6(e) "codifies the traditional practice of grand jury secrecy. With specified exceptions, it prohibits grand jurors, interpreters, stenographers, operators of recording devices, typists, government attorneys, or any person to whom disclosure is made under paragraph (3)(A)(ii) from disclosing 'matters before the grand jury.'" *In re Grand Jury Proceedings, Miller Brewing Co.*, 687 F.2d 1079, 1088 (7th Cir. 1982). In fact, individuals who violate the secrecy of grand jury proceedings may be subject to criminal prosecution under 18 U.S.C. § 1503. *In re Grand Jury Proceedings*, 814 F.2d 61, 70 (1st Cir. 1987).

At the same time, Rule 6(e)(3)(E) allows a court to order disclosure of a grand jury proceeding "preliminary to or in connection with a judicial proceeding" and "at a time, in a manner, and subject to any other conditions that it directs." The United States Supreme Court established three requirements before a court orders grand

jury proceedings released: (1) "the material . . . is needed to avoid a possible injustice in another judicial proceeding," (2) "the need for disclosure is greater than the need for continued secrecy," and (3) "[the] request is structured to cover only material so needed." *Douglas Oil Co. of Cal. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979).

The Court concludes that the USAO has met the *Douglas Oil* criteria. The Court first concludes that the USAO needs to be able to disclose relevant portions of the grand jury proceedings in order to properly defend Mr. Widi's RFPA claim and to prevent an injustice that would result if it could not properly defend the claim due to the typically secret nature of grand jury proceedings.

Second, because the grand jury testimony is essential to the USAO's defense, the Court concludes that the need for disclosure is greater than the need for continued secrecy. The need for secrecy in the narrow area of whether the subpoenaed financial records were actually presented to the grand jury is comparatively minimal. The First Circuit explained that the "principal reasons for grand jury secrecy" are "to protect the innocent against unfair publicity and to prevent tampering or escape by targets." *In re Special Proceedings*, 373 F.3d 37, 47 (1st Cir. 2004). These reasons do not appear to apply to the information the USAO is seeking to disclose in this case.

Finally, the Court concludes that the USAO has requested the right to disclose grand jury matters only to answer the pending complaint and to defend itself against Mr. Widi's RFPA claim, and therefore its request is narrowly structured to allow the release of only necessary material. Accordingly, the Court concludes that the USAO

has met the Rule 6(e) criteria for grand jury disclosure as interpreted by the Supreme Court and First Circuit.

The Court GRANTS the Motion of the United States Attorney's Office to Disclose Matters Occurring Before a Grand Jury Pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i) (ECF No. 407). The Court restricts the disclosure of such information to only that information necessary for the United States Attorney's Office to properly defend the Right to Financial Privacy Act claim and orders the United States Attorney's Office to return to this Court for such further orders as may be necessary in the event a question arises as to whether particular information is or is not subject to this order.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 9th day of March, 2017