UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DAVID J. WIDI, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:12-cv-00188-JAW |
| | ) | |
| PAUL MCNEIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON RENEWED MOTION FOR SUMMARY JUDGMENT
ON COUNT XVIII**

Concluding that almost all of the documents the Plaintiff seeks in this Freedom of Information Act Count have either been properly disclosed to the Plaintiff or are exempt from disclosure, the Court grants most of the Executive Office of the United States Attorneys' renewed motion for summary judgment. However, as the Plaintiff raises a factual question on one document that requires further explanation from the Executive Office of the United States Attorneys, the Court defers ruling on that document until the matter is further clarified.

**I.    PROCEDURAL AND FACTUAL HISTORY**

This Freedom of Information Act (FOIA) and Privacy Act (PA) claim has a complicated procedural history, which the Court described in its August 16, 2016 Summary Judgment Order on Count XVIII (ECF No. 360) (*Order*). For purposes of this motion, it suffices to say that on August 16, 2016, the Court issued an order on the Defendants' motion for summary judgment based on their submission of a

*Vaughn*[1] index. In its seventy-three page order, the Court granted summary judgment for all but eight listed documents, and it ordered the Executive Office of the United States Attorneys (EOUSA) either to file a supplemental *Vaughn* index or to release the requested documents within thirty days of August 16, 2016, the date of the order. *Order* at 72–73.

On September 15, 2016, the EOUSA filed a renewed motion for summary judgment and a statement of fact. *EOUSA's Renewed Mot. for Summ. J. on Count XVIII* (ECF No. 366) (*EOUSA Mot.*); *Supp. Statement of Undisputed Material Facts* (ECF No. 367) (DSSMF).[2] On October 11, 2016, David J. Widi, Jr. filed a motion for reconsideration of the summary judgment order and an objection to the EOUSA's renewed motion for summary judgment. *Mot. for Recons. of Summ. J. Order and Obj. to EOUSA's Renewed Mot. for Summ. J. on Count XVIII* (ECF No. 370, 371) (*Pl.'s Mot. for Recons; Pl.'s Opp'n.*). On October 25, 2016, EOUSA filed a reply to Mr. Widi's opposition to its renewed motion for summary judgment. *EOUSA's Reply Br. in Supp. of its Renewed Mot. for Summ. J. on Count XVIII* (ECF No. 375) (*EOUSA Reply*).

## II. Factual Background

---

[1]  *See Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973); *Summ. J. Order on Count XVIII* at 1, n.1 (ECF No. 360) (*Order*).

[2]  The resolution of this motion has been delayed because Mr. Widi filed a motion to reconsider the Court's August 16, 2016 Order. *Mot. for Recons. of Summ. J. Order and Obj. to EOUSA's Renewed Mot. for Summ. J. on Count XVIII* (ECF No. 370, 371). In tandem with the present Order, the Court is issuing an order on Mr. Widi's motion for reconsideration in which the Court orders the EOUSA to supplement its responses to Mr. Widi's FOIA requests. *Order on Mot. for Recons.* (ECF No. 435). The Court is now prepared to resolve the EOUSA's renewed motion for summary judgment, having determined that it is not necessary to wait for the EOUSA to comply with the Court's order on Mr. Widi's motion for reconsideration.

The Court extensively described the factual background of this FOIA litigation in its August 16, 2016 Order. *See Order* at 4–26. In its Order, the Court granted in part and denied in part the Defendants' motion for summary judgment, granting summary judgment for all matters except eight matters. *Id.* at 72–73. For those eight documents, the Court ordered the EOUSA either to file a supplemental *Vaughn* index or to release the documents within thirty days of the date of the Order. *Id.*

Specifically, in the August 16, 2016 Order, the Court addressed the following documents that the EOUSA withheld:

1) EOUSA Index ¶ 24: Memorandum from Health Care Fraud Investigator & Paralegal Specialist (6/25/10) (1 pg). The Court concluded that the EOUSA failed to pinpoint the specific agency decision to which the document related and further failed to assess segregability after invoking Exemption 7(C). *Order* at 56, 63.

2) EOUSA Index ¶ 29: Psychiatric Consultation "Progress Note" (12/23/09) (3 pgs). The Court concluded that the EOUSA failed to assess segregability after invoking Exemption 7(C). *Order* at 63. In addition, the Court expressed skepticism about the EOUSA's claim that the psychiatric records were confidential under Exemption 7D. *Id.* at 65–66.

3) EOUSA Index ¶ 30: "Proffer Agreement" (2 pgs). The Court concluded that the EOUSA failed to assess segregability after invoking Exemption 7(C). *Id.* at 63.

4) EOUSA Index ¶ 31: AUSA Legal Research (12/22/08) (5 pgs): The Court concluded that the EOUSA failed to explain why the work product privilege applies to all portions of the document. *Id.* at 57–58.

5) EOUSA Index ¶ 33: Letters (2) (4/20/10): The Court concluded that the EOUSA failed to assess segregability after invoking Exemption 7(C). *Id.* at 63.

6) EOUSA Index ¶ 34: AUSA Trial Preparation: The Court concluded that the EOUSA failed to assess segregability after invoking Exemption 7(C). *Id.* at 63.

7) EOUSA Index ¶ 35: AUSA Handwritten Notes (1/19/11): the Court concluded that the EOUSA failed to assess segregability after invoking Exemption 7(C). *Id.* at 63.

8) Grand jury exhibits portion of EOUSA Index ¶ 36: Grand Jury Records (140 pgs): The Court concluded that the EOUSA failed to assess segregability as to eighty-five pages of the grand jury exhibits after invoking Exemption 7(C). *Id.* at 63, n.20. The Court determined that fifty pages of grand jury transcripts and five pages of grand jury subpoenas were otherwise exempt from disclosure. *Id.*

III. **DISCUSSION**

    A. **EOUSA Index Paragraph 24: Health Care Fraud Memorandum**

Initially, the EOUSA fully withheld a health care fraud memorandum dated June 25, 2010, under the deliberative process exemption and under the work product privilege. *Statement of Undisputed Material Facts*, Attach. 3, *Third Decl. of John F. Boseker* at 22 (ECF No. 305) (DSMF). In its August 16, 2016 Order, the Court concluded that the EOUSA failed to identify the specific agency decision to which the document related and failed to assess segregability after invoking Exemption 7(C). *Order* at 56, 63.

In support of its renewed motion, the EOUSA supplied the sworn declaration of AUSA Darcie McElwee. DSSMF, Attach. 1, *Decl. of Darcie N. McElwee* (*McElwee Decl.*). In AUSA McElwee's declaration, she stated that the health fraud memorandum was prepared by an investigator in the United States Attorney's Office "for the purpose of determining whether Mr. Widi, as a defendant in a federal criminal case, had received federal benefits to which he was potentially not entitled, thereby warranting additional investigatory steps and/or enforcement action." *Id.* ¶ 7. The United States Attorney's Office determined that "there was no basis for taking any further action." *Id.* The McElwee sworn declaration therefore confirmed the specific agency decision to which the document related.

In addition, the EOUSA submitted a fourth sworn declaration of John F. Boseker. DSSMF, Attach. 1, *Decl. of John F. Boseker* (*Boseker Decl.*). Mr. Boseker is an Attorney Advisor with the EOUSA and is specifically assigned to the component of the EOUSA designated to administer FOIA. *Defs.' Statement of Undisputed Material Facts*, Attach. 2, *Decl. of John F. Boseker* ¶ 1 (ECF No. 45). In his fourth

sworn declaration, Mr. Boseker stated that "[b]ased on the nature of the material contained in this document, the entire document is exempt." *Boseker Decl.* ¶ 7.

In his opposition, Mr. Widi notes that this document was unrelated to the charges actually brought against him and therefore, he asserts that the "document was not prepared in anticipation of litigation of that criminal case." *Pl.'s Opp'n* at 28. He asserts that the Supreme Court already determined that the deliberative process and attorney work product privileges do not apply to decisions not to file a complaint for purposes of Exemption 5. *Id.* (citing *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150–59 (1975)). Mr. Widi also questions whether the investigator was a member of the United States Attorney's Office, observing that the earlier *Vaughn* index indicated the investigator was loaned to the United States Attorney's Office, and if so, in Mr. Widi's view, the memorandum would not have been an "intra-agency communication" under Exemption 5. *Id.* Finally, Mr. Widi states that there is no indication that the investigator provided the information under an assurance of confidentiality and therefore, Exemption 7(D) does not apply. *Id.* at 29.

In its reply, the EOUSA disputes Mr. Widi's primary contention that a decision not to prosecute is not an agency decision within the meaning of the deliberative process privilege. *EOUSA Reply* at 3–4.[3] The EOUSA distinguishes *NLRB v. Sears, Roebuck & Co.* as addressing a final agency decision, not—as in the case of the health care fraud memorandum—a predecisional communication. *Id.* Finally, the EOUSA

---

[3]  A word on pagination. For some filings, such as the EOUSA's reply to Mr. Widi's opposition to its renewed motion for summary judgment, the pagination of the ECF filing system differs from the pagination of the memorandum. The Court's citations are to the ECF pagination.

6

observes that, contrary to Mr. Widi's assertion, AUSA McElwee's declaration states that the investigator worked for the United States Attorney's Office. *Id.* at 4, n.2.

In the Court's view, the EOUSA is clearly correct. A decision not to prosecute is an agency decision for purposes of FOIA. *A. Michael's Piano, Inc. v. FTC*, 18 F.3d 138, 146–47 (2d Cir. 1994); *Heggestad v. United States Dep't of Justice*, 182 F. Supp. 2d 1, 11 (D.D.C. 2000) ("Exemption 5 applies even when a staff attorney is considering or recommending closing an investigation instead of litigating a case").

Mr. Widi misreads *NLRB v. Sears, Roebuck*. In that case, the Supreme Court distinguished between predecisional documents, which are properly withheld, and communications after a decision, which are not. 421 U.S. at 151–52. Here, as AUSA McElwee's sworn declaration makes plain, the investigator's report was predecisional—that is, prior to the decision of the federal prosecutor not to proceed further with a health care fraud allegation against Mr. Widi.

In its earlier statement of material facts, the EOUSA described the health care fraud memorandum in part as follows: "Further language specifies 'Loaned' to agency, 'For Official Use Only.'" DSMF at 22. Responding to Mr. Widi's claim that this language means that the investigator was not working for the United States Attorney's Office, AUSA McElwee's declaration clarifies that "[t]his confidential memorandum was prepared by an investigator in the U.S. Attorney's Office." *McElwee Decl.* ¶ 7. The Court accepts AUSA McElwee's sworn declaration that the investigator who wrote the health care fraud memorandum was in fact in the United States Attorney's Office.

7

Finally, although Mr. Widi does not raise the segregability issue in his opposition, the Court accepts Mr. Boseker's sworn declaration that he reviewed the document to determine whether any portions were segregable and concluded there were none. *Boseker Decl.* ¶ 7.

The Court concludes that the EOUSA has clarified the agency action to which the memorandum was directed and has also shown that the memorandum was not segregable. In sum, the Court concludes that the EOUSA has satisfied the August 16, 2016 Order and has demonstrated that the health care fraud memorandum reflected in EOUSA index paragraph 24 is not subject to disclosure under the deliberative process privilege.

### B. EOUSA Index ¶ 29: Psychiatric Consultation "Progress Note"

In its renewed motion, the EOUSA represented that it released this document in full to Mr. Widi. *EOUSA Mot.* at 3. In his response, Mr. Widi acknowledges that he received the document in full. *Pl.'s Opp'n* at 29. This document is therefore no longer an issue.

### C. EOUSA Index ¶ 30: "Proffer Agreement"

In its renewed motion, the EOUSA represented that it released this document in part, withholding the names of the individual and his attorney pursuant to Exemptions 6 and 7(C). *EOUSA Mot.* at 4. In his response, Mr. Widi objects to the redactions, arguing that the EOUSA redacted too much information, that the EOUSA did not consider segregability, and that as the witness elected to testify in public at

Mr. Widi's trial, the witness waived the right to an exemption under 7(C). *Pl.'s Opp'n* at 29–30.

The Court reviewed the released portion of the Proffer Agreement. DSSMF, Attach. 1, *Proffer Agreement* at 11–12 (*Proffer Agreement*). With the exception of the names of the individual and his attorney, the Proffer Agreement has been released in full; therefore, the segregability argument has no traction. *Id.*

Mr. Widi is incorrect about a witness's waiver of privacy by testifying. Quoting the Supreme Court, the First Circuit has observed that "an individual's privacy interest is 'at its apex' when he or she is involved in a law enforcement investigation." *Stalcup v. CIA*, 768 F.3d 65, 73 (1st Cir. 2014) (quoting *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 166 (2004)). "[E]ven assuming that a witness had been required to testify, that does not necessarily diminish his or her privacy interest." *Id.*; *see Clay v. United States Dep't of Justice*, 680 F. Supp. 2d 239, 248 (D.D.C. 2010); *Lewis-Bey v. United States Dep't of Justice*, 595 F. Supp. 2d 120, 135 (D.D.C. 2009). To testify at a public trial is one thing; to release a document containing a person's name, his attorney's name, and his agreement to "provide the Government with information" is another. *Proffer Agreement* at 11. "[A] disclosure of information under the FOIA is a release not only to the requester but to the public at large." *Awan v. United States Dep't of Justice*, 46 F. Supp. 3d 90, 92 (D.D.C. 2014). One of the underlying purposes of FOIA exemption 7(C) is to protect individuals involved in a law enforcement investigation from "future harassment, annoyance, or embarrassment." *Evans v. Legislative Affairs Div.*, No. 6:12-cv-641-JMC-BHH, 2013

U.S. Dist. LEXIS 27840, *18 (D.S.C. Jan. 25 2013) (quoting *Neely v. FBI*, 208 F.3d 461, 464–65 (4th Cir. 2000)). Indeed, as the Court recounted in its Order on Mr. Widi's motion for reconsideration, the sentencing judge enhanced Mr. Widi's sentence because he threatened a witness during trial. *Order on Mot. for Recons.* at 5–6 (ECF No. 435).

The Court concludes that the EOUSA properly redacted the released Proffer Agreement pursuant to FOIA exemption 7(C).

### D.   EOUSA Index ¶ 31: AUSA Legal Research

In its original motion for summary judgment, the EOUSA withheld this document in full, merely noting, "legal research withheld as privileged b5 deliberative process . . . ." DSMF at 22. In its August 16, 2016 Order, the Court concluded that this synoptic assertion did not meet the EOUSA's minimum burden under First Circuit law. *Order* at 58.

In its renewed motion, the EOUSA presented AUSA McElwee's sworn declaration in which she states that the "document is an excerpt from the First Circuit's pattern jury instructions on 'Using or Carrying a Firearm During and in Relation to, or Possessing a Firearm in Furtherance of Drug Trafficking or Crime of Violence, 18 U.S.C. § 924(c)' which bears my handwriting." *McElwee Decl.* ¶ 10. The EOUSA argues that, given "the nature of the evidence found in Mr. Widi's home and the charges levied against him (i.e., possession of a firearm and ammunition and manufacturing marijuana), EOUSA believes this additional information establishes a sufficient basis for withholding this document." *EOUSA Mot.* at 4.

In his response, Mr. Widi questions whether the EOUSA has established that the document is predecisional or subject to the deliberative process exemption. *Pl.'s Opp'n* at 30–31. He also notes that to the extent the claim is attorney work product, he was never charged with carrying a firearm in furtherance of a drug crime, and therefore he claims the attorney work product exemption does not apply. *Id.*

Having reviewed the McElwee sworn declaration, the Court concludes that the EOUSA has justified withholding in full AUSA McElwee's legal research.[4] *Maine v. United States Dep't of Interior*, 298 F.3d 60, 66 (1st Cir. 2002); *Church of Scientology Int'l v. United States Dep't of Justice*, 30 F.3d 224, 236 (1st Cir. 1994).

### E.     EOUSA Index ¶ 33: Letters

In its renewed motion, the EOUSA confirmed that it released the two letters that were the subject of earlier withholding, redacting information about the names of the attorneys. *EOUSA Mot.* at 4. In his response, Mr. Widi makes the same point about the witnesses waiving their privacy by virtue of their testimony that this Court has rejected. *Pl.'s Opp'n.* at 31; *see supra* at 8–9. Mr. Widi also purports to piece together the names of the attorney addressees, and by implication asserts that because he already knows their names, the FOIA exemption does not apply. *Pl.'s*

---

[4]     In its reply, the EOUSA contends that because the document involves attorney work product, the rules about segregability do not apply. *EOUSA Reply* at 6. However, as in its opposition to Mr. Widi's motion for reconsideration, the EOUSA cites caselaw only from the District of Columbia Circuit. *Id.*; *ATF's and EOUSA's Opp'n to Pl.'s Mot. for Recons. of Summ. J. Order on Count XVIII* at 15 (ECF No. 378). As the Court pointed out in its Order on the motion for reconsideration, the rule in the First Circuit appears to be different. *Order on Mot. for Recons.* at 12–13 (ECF No. 435). In the First Circuit, a segregability analysis must be performed even when the document is covered by the work product privilege. *Id.* Nevertheless, the McElwee sworn declaration is sufficient for the Court to conclude that the memorandum, which consists solely of jury instructions and her handwritten notes, would not be segregable.

11

*Opp'n* at 31. However, even if Mr. Widi could determine the identity of the addressees from another source, this does not vitiate their privacy interests under FOIA. *Carpenter v. United States Dep't of Justice*, 470 F.3d 434, 440 (1st Cir. 2006).

### F. EOUSA Index ¶ 34: AUSA Trial Preparation

In its August 16, 2016 Order, the Court concluded that EOUSA index paragraph 34 was properly withheld under the deliberative process privilege. *Order* at 56. However, the Court required the EOUSA to address the question of segregability. *Id.* at 63.

In her sworn declaration in support of the renewed motion, AUSA McElwee wrote:

> This document (which is 11 pages long) is the outline of my direct examination of three witnesses at Mr. Widi's jury trial. The outlines are typed, and the document also bears my handwritten notes made during each witness' examination. I personally prepared these outlines and made these notes in anticipation of, and during, Mr. Widi's criminal trial.

*McElwee Decl.* ¶ 12. In addition, Mr. Boseker reviewed this document for segregability and opined that "there is no nonexempt material contained within the document." *Boseker Decl.* ¶ 12. In his response, Mr. Widi asserts that the EOUSA failed to establish that the document is predecisional or deliberative. *Pl.'s Opp'n* at 31–32.

Preliminarily, the Court observes that in its August 16, 2016 Order, it concluded that the EOUSA had satisfied the requirements of Exemption 5. *Order* at 56 ("The Court is satisfied that Documents . . . 34 are predecisional and deliberative, and therefore entitled to Exemption 5"). Therefore, to the extent Mr. Widi's current

12

objection is based on his argument that EOUSA document paragraph 34 is neither predecisional nor deliberative, he is trying to fight a battle he has already lost.

The purpose of the Court's August 16, 2016 Order as regards EOUSA index paragraph 34 was solely to require the EOUSA to perform a segregability analysis. It has now done so. Based on the contents of the McElwee and Boseker sworn declarations, the Court is satisfied that the EOUSA has performed an appropriate segregability analysis and, not surprisingly in light of the nature of the document, the Court concludes that the EOUSA properly withheld the document under the attorney work product exemption.

### G. EOUSA Index ¶ 35: AUSA Handwritten Notes

In its August 16, 2016 Order, the Court was unable to conclude that the AUSA's handwritten notes were attorney work product as regards the Widi trial because they substantially post-dated the trial. *Order* at 57. Nevertheless, the Court also observed that the notes could be attorney work product for some other issue, and ordered the EOUSA to clarify the basis of its withholding. *Id*.

In AUSA McElwee's sworn declaration, she explained:

This document consists of one-half page of handwritten notes regarding a telephone conversation I had with Mr. Widi's former attorney, Peter Rodway, regarding Mr. Widi's refusal to submit to a tuberculosis test prior to being transported into the custody of the Bureau of Prisons after sentencing and my intent to file a motion to compel with respect to the same.

*McElwee Decl.* ¶ 13. Mr. Widi objects on the ground that the EOUSA failed to pinpoint a specific agency decision or establish that the document was prepared to assist the agency render a decision. *Pl.'s Opp'n* at 32–33. Mr. Widi also notes that

13

the AUSA had already filed a motion to compel by January 19, 2011, the asserted date of the notes. *Id.* at 33.

Mr. Widi has a point about the timing. After reviewing the docket for his criminal trial, the Court wonders whether AUSA McElwee has the correct date for the notes. The docket in his criminal case reveals that Mr. Widi was sentenced on October 13, 2010. *United States v. David Widi*, 2:09-cr-00009-GZS, *J.* (ECF No. 258). On November 18, 2010, AUSA McElwee filed a motion to compel Mr. Widi to undergo a tuberculosis test, and in that motion, she represented that she had spoken with Peter Rodway, Esq, who previously represented Mr. Widi. *Gov't's Mot. to Compel Def. to Submit to Required Med. Testing* at 2 (ECF No. 271). On November 19, 2010, the sentencing judge denied the motion on the ground that Mr. Widi was housed in Stafford County Jail in New Hampshire, and the Court did not have jurisdiction. *Order on Mot. to Compel* (ECF No. 273). AUSA McElwee filed a second motion to compel on November 24, 2010, and on the same day, the sentencing judge granted the motion. *Gov't's* Second *Mot. to Compel Def. to Submit to Required Med. Testing* (ECF No. 275); *Order on Mot. to Compel* (ECF No. 276).

On December 1, 2010, Mr. Widi, acting pro se, filed an emergency motion on an ex parte basis. *Ex Parte Emer. Inj. Prohibiting the Release of the Results of Def.'s Med. Testing* (ECF No. 278). On December 2, 2010, the sentencing judge reserved ruling on the December 1, 2010 motion but ordered the motion unsealed and a copy sent to the Government. *Order on Def.'s Mot. Regarding Compelled Med. Testing* (ECF No. 280). AUSA McElwee responded to Mr. Widi's pro se motion on December

17, 2010. *Gov't's Resp. to Def.'s* Ex Parte *Mot. for Emer. Inj. Prohibiting Release of Med. Testing Results* (ECF No. 282). In her response, AUSA McElwee confirmed that Mr. Widi had already undergone the tuberculosis testing. *Id*. at 1 ("Defendant was in fact forced to submit to such testing at the Maine State Prison in Warren, Maine"). On December 20, 2010, the sentencing judge issued an order denying Mr. Widi's motion as moot. *Order on Def.'s Mot. Regarding Compelled Med. Testing* (ECF No. 283).

By January 19, 2011, the supposed date of AUSA McElwee's telephone conversation with Attorney Rodway, she had already long since filed a motion to compel Mr. Widi to undergo the tuberculosis test, and he had in fact undergone the test. It seems that her conversation with Attorney Rodway must have taken place, as her November 18, 2010 motion suggested, just before she filed that motion. It may be that she waited until January 2011 to memorialize the November 2010 Rodway telephone conversation, but it would seem unusual.

If in fact AUSA McElwee had a telephone conversation with Attorney Rodway on January 18, 2011, Mr. Widi has raised a factual question as to what agency decision the conversation could have been about. The Court suspects there is an explanation but is reluctant to rule on this exception, given the odd state of the record. The Court will allow the EOUSA time to file a further clarifying declaration.

### H. EOUSA Index ¶ 36: Grand Jury Records

Lastly, in its August 16, 2016 Order, the Court concluded that fifty pages of grand jury transcripts and five pages of grand jury subpoenas were exempt from

15

disclosure. *Order* at 53. However, the Court noted that the EOUSA had failed to elaborate at all on eighty-five pages of grand jury exhibits, and the Court required the EOUSA to expand upon the basis for its nondisclosure. *Id.* at 53–54.

In her sworn declaration, AUSA McElwee confirmed that all of the documents bore a red grand jury exhibit sticker, that they were all presented to the grand jury in connection with the investigation of Mr. Widi, and that they were the subject of grand jury testimony. *McElwee Decl.* ¶ 14. In its renewed motion and reply, the EOUSA contends that the McElwee clarification confirms that the documents are entitled to nondisclosure under Exemption 3 and Federal Rule of Criminal Procedure 6(e). *EOUSA Mot.* at 6; *EOUSA Reply* at 7. In his opposition, Mr. Widi says that there is no per se rule exempting all grand jury exhibits from FOIA disclosure, and that the EOUSA has failed to bring these documents within the protection of Rule 6(e). *Pl.'s Opp'n* at 33–34.

As the Court noted in its August 16, 2016 Order, in *Church of Scientology*, the First Circuit identified three categories of grand jury documents with three corresponding tiers of review: (1) documents that are testimonial in nature, (2) business records or similar documents that were created for purposes independent of grand jury investigations and have legitimate uses unrelated to the substance of grand jury proceedings, and (3) documents simply located in grand jury files. *Order* at 51 (citing *Church of Scientology*, 30 F.3d at 235–36). However, the First Circuit further explained:

> We think it reasonable for an agency to withhold any document containing a grand jury exhibit sticker or that is otherwise explicitly

> identified on its face as a grand jury exhibit, as release of such documents reasonably could be viewed as revealing the focus of the grand jury investigation.

*Church of Scientology*, 30 F.3d at 235, n.15. The McElwee sworn declaration confirms that all of the eighty-five pages were in fact identified with a grand jury sticker, presented to the grand jury, and the subject of grand jury testimony. Pursuant to *Church of Scientology*, these documents are exempt from FOIA disclosure under Exemption 3 and Rule 6(e).

**IV.   CONCLUSION**

The Court GRANTS in part and DEFERS in part the Executive Office of the United States Attorneys' Renewed Motion for Summary Judgment on Count XVIII. The Court GRANTS summary judgment as to EOUSA index paragraphs 24, 29, 30, 31, 33, 34, and the grand jury exhibits in paragraph 36. The Court DEFERS ruling on EOUSA index paragraph 35 to allow the Executive Office of the United States Attorneys an opportunity to clarify the date of the memorandum and to provide any further explanation it deems appropriate. The Court ORDERS that the Executive Office of the United States Attorneys submit a further explanation within two weeks of the date of this Order, that David Widi file any response within twenty-one days of receipt of the Executive Office of the United States Attorneys' supplementary filing, and that the Executive Office of the United States Attorneys file any reply within seven days of David Widi's response.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.

UNITED STATES DISTRICT JUDGE

Dated this 8th day of May, 2017