UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DAVID J. WIDI, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:12-cv-00188-JAW |
| | ) | |
| PAUL MCNEIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION FOR RECONSIDERATION OF ECF NO. 392 OR LEAVE TO FILE AN INTERLOCUTORY APPEAL**

The Court denies David J. Widi, Jr.'s third motion to reconsider its Screening Order.

**I. BACKGROUND**

On February 11, 2015, the Court issued a forty-seven page screening order in which it granted David J. Widi, Jr.'s motion for leave to amend his complaint as to certain counts and denied it as to others. *Screening Order, Order Vacating in Part Earlier Order Den. Mot. for Leave to File Second Am. Compl. as to Served Defs., Order Granting in Part Mot. to File Second Am. Compl., Order Striking Portions of the Second Am. Compl., and Order Den. Mot. to Stay* (ECF No. 270) (*Screening Order*). On May 4, 2015, Mr. Widi filed a motion asking the Court to reconsider its screening order. *Mot. for Recons.* (ECF No. 292) (*First Recons. Mot.*). On December 8, 2015, the Court issued a twenty-five page order denying Mr. Widi's motion for reconsideration of its screening order, and requiring Mr. Widi to present some documentary evidence

supporting his allegations. *Order on Mot. for Recons. and Mot. Pursuant to Fed. R. Civ. P. 60* (ECF No. 325) (*First Recons. Order*).

On March 24, 2016, Mr. Widi filed another motion for the Court to reconsider its order denying his motion to reconsider its screening order. *Resp. to Order on Mot. for Recons. and Mot. Pursuant to Fed. R. Civ. Pro. 60 with Accompanying Documentary Evid. and Mot. for Disc.* (ECF No. 351) (*Second Mot. for Recons.*). On January 10, 2017, the Court issued a thirty-three page order, granting the motion in part and denying it in part. *Order on Mot. for Recons.* (ECF No. 392) (*Second Recons. Order*).

On January 23, 2017, Mr. Widi filed a third motion to reconsider and, in the alternative, a motion for leave to file an interlocutory appeal. *Mot. for Recons. of ECF No. 392 or Leave to File an Interlocutory Appeal* (ECF No. 400) (*Third Mot. for Recons.*). On February 7, 2017, Defendant Paul McNeil filed his opposition to Mr. Widi's third motion for reconsideration. *McNeil's Opp'n to Pl.'s Mot. for Recons. of ECF No. 392 or Leave to File an Interlocutory Appeal* (ECF No. 409). On February 11, 2017, Defendants Kevin Cady and Robert Brown filed an objection to Mr. Widi's third motion for reconsideration. *Defs. Kevin Cady and Robert Brown's Obj. to Pl.'s Mot. for Recons. of ECF No. 392 or Leave to File an Interlocutory Appeal* (ECF No. 412). On March 3, 2017, Mr. Widi filed a reply to Defendant McNeil's opposition to his motion for reconsideration. *Pl.'s Reply to McNeil's Opp'n to Mot. for Recons. of ECF No. 392 or Leave to File Interlocutory Appeal* (ECF No. 415) (*Widi McNeil Reply*).

On May 16, 2017, Mr. Widi moved to enlarge the time to reply to Defendants Cady and Brown's opposition to his motion for reconsideration, asking that the response time be extended to June 1, 2017. *Second Mot. to Enlarge Time to File Resp. to ECF #403 and ECF #412* (ECF No. 439). The Court granted the motion to enlarge time on May 17, 2017 (ECF No. 440). The Court received Mr. Widi's reply, dated June 1, 2017, on June 5, 2017. *Reply to Defs. Cady and Brown's Obj. to Mot. for Recons. of ECF No. 392 or Leave to File Interlocutory Appeal* (ECF No. 450) (*Widi Cady/Brown Reply*).

## II. DISCUSSION

Even though the Court credits Mr. Widi for being inordinately persistent, the Court declines to alter its February 11, 2015, December 8, 2015, and January 10, 2017 Orders. Mr. Widi filed his original Complaint on June 13, 2012, *Compl.* (ECF No. 1), now making it the second oldest civil action pending before this Judge. The Court has done its best in making its repeated rulings. On December 8, 2015, the Court wrote that "there has to be a point in civil litigation where the disappointed party accepts—for the time being—the rulings of the trial court and pins his hopes on the appellate court." *First Recons. Order* at 9–10. What was true in December 2015 is all the more so in June 2017. Having written one hundred and five pages on essentially the same subjects, the Court has explained itself to the point of exhaustive repetition; nevertheless, the Court will briefly address Mr. Widi's reiterated arguments.

### A. The Neil Vaccaro Conspiracy Allegations

As regards Mr. Widi's contentions about Agent Paul McNeil, Detective Kevin Cady, and Officer Robert Brown, contrary to Mr. Widi's assertion that the Court has "patently misunderstood" him, *Third Mot. for Recons.* at 1; *Widi Cady/Brown Reply* at 1, 5, the Court believes it understands Mr. Widi's conspiracy allegations involving Neil Vaccaro and the motorcycle in all their various permutations. The Court addressed Mr. Widi's Vaccaro allegations in its February 11, 2015 Screening Order, *Screening Order* at 12–13, 22–23, 39–40, in its First Reconsideration Order, *First Recons. Order* at 19–21, and in its Second Reconsideration Order. *Second Recons. Order* at 20–25.

The Court stands by its earlier conclusions that Mr. Widi's conspiracy allegations are "simply too fanciful to generate a federal cause of action," *Screening Order* at 39, that they spin a "strange and implausible tale," *First Recons. Order* 19–21, that "eight people, including seven police officers from three different agencies or departments, engaged in a fairly elaborate conspiracy to frame him for a crime that he did not commit," *id.* at 21, that the existence of the conspiracy is based "on Mr. Widi's say-so alone," *id.*, that "these allegations [are] the type of frivolous and malicious claims that Congress had in mind when it enacted [28 U.S.C.] § 1915A," *id.*, and that "[n]one of Mr. Widi's repeated contentions or suggested inferences supports his grand conspiracy theory." *Second Recons. Order* at 25.

B.  **The Revival of the Claims Against Paul McNeil**

To respond to Mr. Widi's assertion in his reply that the Court misunderstands the law regarding whether a plaintiff may resurrect a dismissed claim during the

4

pendency of a civil action, the Court assures Mr. Widi that it understands that a dismissed claim, including his claim against Agent McNeil, could legally be resurrected. *See Widi McNeil Reply* at 1–2. Despite the fact Mr. Widi could legally revive his claims against Agent McNeil, the Court declines to allow Mr. Widi to resurrect claims because it has concluded that they are fundamentally non-meritorious.

### C. Interlocutory Appeal

Citing 28 U.S.C. § 1292(b), Mr. Widi urges the Court to authorize an interlocutory appeal because he wishes to immediately press his unsuccessful arguments at the Court of Appeals for the First Circuit. *Third Mot. for Recons.* at 8–9. To be clear, the Court does not at all agree with Mr. Widi's mischaracterizations of its rulings. *See id.* Furthermore, as Mr. Widi knows, "interlocutory appeals under § 1292(b) are 'hen's teeth rare' and 'require, among other things, leave of both the trial and appellate courts.'" *Widi v. United States Dep't of Justice*, No. 1:11-cv-00113-JAW, U.S. Dist. LEXIS 135517, *12 (D. Me. Nov. 23, 2011) (quoting *Camacho v. P.R. Ports Auth.*, 369 F.3d 570, 573 (1st Cir. 2004)). In *In re San Juan Dupont Plaza Hotel Fire Litigation*, the First Circuit wrote that interlocutory certification under 28 U.S.C. § 1292(b) "should be used sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority." 859 F.2d 1007, 1010 n.1 (1st Cir. 1988). Having reviewed Mr. Widi's repeated claims of error, the Court

5

rejects his request for interlocutory review because an interlocutory appeal will not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

## III. CONCLUSION

The Court DENIES David J. Widi, Jr.'s Motion for Reconsideration of ECF No. 392 or Leave to File an Interlocutory Appeal (ECF No. 400).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 12th day of June, 2017