UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| DAVID J. WIDI, JR., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:12-cv-00188-JAW |
| | ) | |
| PAUL MCNEIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DAVID J. WIDI, JR.'S SECOND MOTION TO ENLARGE TIME TO FILE OPPOSITION TO DEFENDANTS HICKEY AND GRASSO'S MOTION FOR SUMMARY JUDGMENT ON COUNT VII**

On June 13, 2012, David J. Widi, Jr. filed a civil rights complaint against a host of defendants, including Alcohol, Tobacco, and Firearms (ATF) Agents Stephen E. Hickey, Jr. and Michael Grasso. *Compl.* (ECF No. 1). On August 2, 2012, he amended the complaint. *Am. Compl.* (ECF No. 15). In the Amended Complaint, Mr. Widi made allegations against Agents Hickey and Grasso, arising out of a search of his residence on November 28, 2008. *Id.*

On November 18, 2013, Mr. Widi filed a second amended complaint but failed to file a motion for leave to amend the first amended complaint. *Second Am. Compl.* (ECF No. 191). On February 11, 2015, the Court issued an extensive order and, as a result of that order, the Second Amended Complaint became the operative complaint in this case. *Screening Order, Order Vacating in Part Earlier Order Den. Mot. for Leave to File Second Am. Compl. as to Served Defs., Order Granting in Part Mot. to*

*File Second Am. Compl., Order Striking Portions of the Second Am. Compl., and Order Den. Mot. to Stay* (ECF No. 270).

In the Second Amended Complaint, specifically in Count VII, Mr. Widi claimed that certain unnamed ATF and other law enforcement agents unlawfully searched his grey trailer on November 28, 2008. *Second Am. Compl.* at 30. However, in its February 11, 2015 screening order, the Court concluded that Count VII should not go forward because of its scattershot approach. *Screening Order* at 39. On May 4, 2015, Mr. Widi filed a motion asking the Court to reconsider its screening order. *Mot. for Recons.* (ECF No. 292) (*First Recons. Mot.*). On December 8, 2015, the Court issued a twenty-five page order denying Mr. Widi's motion for reconsideration of its screening order and requiring Mr. Widi to present documentary evidence supporting his allegations. *Order on Mot. for Recons. and Mot. Pursuant to Fed. R. Civ. P. 60* (ECF No. 325) (*First Recons. Order*).

On March 24, 2016, Mr. Widi filed another motion for the Court to reconsider its order denying his motion to reconsider its screening order. *Resp. to Order on Mot. for Recons. and Mot. Pursuant to Fed. R. Civ. Pro. 60 with Accompanying Documentary Evid. and Mot. for Disc.* (ECF No. 351) (*Mot. to Recons. Order on Mot. to Recons.*). On January 10, 2017, the Court issued a thirty-three page order, granting the motion in part and denying it in part. *Order on Mot. for Recons.* (ECF No. 392) (*Second Recons. Order*). Acknowledging that Mr. Widi's allegations against Agents Hickey and Grasso were "thin," the Court nevertheless allowed Mr. Widi to proceed against these Agents based on the allegation that the Agents had opened up

2

and photographed a motorcycle inside a grey trailer on Mr. Widi's property for which there was no search warrant. *Id.* at 19–20. On March 31, 2017, Agents Grasso and Hickey answered the Second Amended Complaint. *Stephen E. Hickey, Jr.'s Answer to Second Am. Compl. and Aff. Defenses* (ECF No. 424); *Michael Grasso's Answer to Second Am. Compl. and Aff. Defenses* (ECF No. 425).

On April 18, 2017, Agents Grasso and Hickey moved for summary judgment and submitted a statement of undisputed material facts. *Stephen E. Hickey and Michael Grasso's Mot. for Summ. J. on Count VII of the Second Am. Compl.* (ECF No. 428) (*Defs.' Mot.*); *Statement of Undisputed Material Facts* (ECF No. 429) (DSMF). Mr. Widi's responses were due on May 9, 2017. On May 22, 2017, Mr. Widi filed a motion to extend time to file his opposition to the Grasso and Hickey motion for summary judgment to June 30, 2017. *Mot. to Enlarge Time to File Opp'n to Defs. Hickey and Grasso's Mot. for Summ. J. on Count VII* (ECF No. 442). In the motion, Mr. Widi stated that he had been unable to view a DVD upon which Agents Grasso and Hickey were relying in their motion. *Id.* at 1. On May 23, 2017, the Court issued an interim order, asking Agents Grasso and Hickey to respond to this portion of Mr. Widi's motion. *Interim Order* (ECF No. 444). On the same day, Agents Grasso and Hickey responded, confirming that the DVD had been sent to Mr. Widi on April 18, 2017, and received by Federal Correctional Institute Pollock on April 21, 2017, and a letter containing an encrypted password for the DVD was mailed to Mr. Widi on April 18, 2017, and received by FCI Pollock on April 24, 2017. *Stephen E. Hickey and Michael Grasso's Resp. to Mot. to Enlarge Time (ECF No. 442) and the Court's Interim*

*Order with Respect to Same (ECF No. 444)* at 1–2 (ECF No. 445). On June 9, 2017, the Court granted Mr. Widi's request for an extension until June 30, 2017. *Order* (ECF No. 452).

On July 3, 2017, Mr. Widi filed a second motion to enlarge time, asking that his opposition be due on July 30, 2017. *Second Mot. to Enlarge Time to File Opp'n to Defs. Hickey and Grasso's Mot. for Summ. J. on Count VII* (ECF No. 457). Mr. Widi lists the following reasons for his further extension: (1) he is laboring under a number of other deadlines; (2) he has still been unable to view the DVD that the attorney for Agents Hickey and Grasso had sent to him on April 18, 2017; (3) he is awaiting a response to a discovery request that he sent to counsel for Agents Hickey and Grasso on March 6, 2017; and (4) once he is released from Bureau of Prisons custody, he expects to return to the state of Maine, where he claims he will be homeless. *Id.* at 1–4.

The Court grants the motion to extend but only until July 28, 2017. The Court's reasoning is as follows: First, July 30, 2017, is a Sunday, and it is preferable to have the due date fall on a weekday, not a weekend. Second, according to Mr. Widi, he will be released from Bureau of Prisons custody on July 7, 2017. Accordingly, he will have twenty-one additional days from the date of release to file his opposition in this Court, which—when combined with the initial response time and the earlier extension—will give Mr. Widi a grand total of 101 days to respond to the motion. Third, the motion for summary judgment filed by Agents Hickey and Grasso is compact, running less than four and a half pages with only eighteen statements of

4

material fact. *Defs.' Mot.* at 1–5; DSMF ¶¶ 1–18. Fourth, the Court will not accept in the future any excuses from Mr. Widi about his inability to access the library, to review the DVD, or similar matters involving Bureau of Prisons policies, since he will no longer be incarcerated. Fifth, the Court urges counsel and Mr. Widi to promptly attend to the issue of discovery, which the Court is concerned may delay the resolution of the motion for summary judgment. Sixth, the Court reminds Mr. Widi that once he is released from prison, it will be his obligation to provide the Clerk and counsel with a current address. Seventh, the Court also reminds Mr. Widi that once he is released from prison, the mailbox rule will no longer apply to him and the Court expects that he will comply with Court-ordered deadlines by actually filing with the Clerk's Office legal documents when they are due. Eighth, the Court will not accept any excuses from Mr. Widi based on the innumerable deadlines resulting from his prolific litigation. It was Mr. Widi who chose to file these lawsuits and, like a busy lawyer with many cases, Mr. Widi must find the time to comply with the deadlines imposed by the Court. Finally, the Court observes that Mr. Widi is not the only party to this case. The Defendants have been awaiting resolution of this case for over five years, and they too deserve to have the matter resolved. In short, the Court is determined to move this long-pending case to fruition.

The Court GRANTS Mr. Widi's Second Motion to Enlarge Time to File Opposition to Defendants Hickey and Grasso's Motion for Summary Judgment on Count VII (ECF No. 457) in part and DENIES it in part. The Court GRANTS David

5

J. Widi's motion only insofar as it requests an extension to July 28, 2017. The Court

DENIES the motion insofar as it requests an extension to July 30, 2017.

SO ORDERED.

                                         /s/ John A. Woodcock, Jr.
                                         JOHN A. WOODCOCK, JR.
                                         UNITED STATES DISTRICT JUDGE

Dated this 6th day of July, 2017