UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DAVID J. WIDI, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  2:12-cv-00188-JAW |
| | ) |
| PAUL MCNEIL, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION FOR RECONSIDERATION AND RENEWED MOTION FOR SUMMARY JUDGMENT**

The Court issues a judgment on Count XVIII, the Freedom of Information Act and Privacy Act count, of the Plaintiff's Second Amended Complaint.

**I.   BACKGROUND**

The Court extensively described the background of the pending motions in multiple earlier orders in this case. *Am. Order Den. Defs.' Mot. to Dismiss Count XIV, Den. Defs.' Mot. for Summ. J. as to Count XIV, and Den. Pl.'s Cross-Mot. for Summ. J. as to Count XIV* (ECF No. 173)[1]; *Summ. J. Order on Count XVIII* (ECF No. 360); *Order on Mot. for Recons.* at 1–2 (ECF No. 435) (*Recons. Order*); *Order on Renewed Mot. for Summ. J. on Count XVIII* (ECF No. 437) (*Renewed Order*).

The Court's May 8, 2017 Orders left three loose ends: (1) whether the attorney work product privilege applied to Executive Office of the United States Attorneys

---

[1]   As the Court noted in its August 16, 2016 Order, Mr. Widi moved the Freedom of Information Act and Privacy Act claims from Count XIV to Count XVIII in his Second Amended Complaint. *Summ. J. Order on Count XVIII* at 2 ("When the Court granted leave to amend the Amended Complaint on February 11, 2015, the FOIA/PA claim transferred from Count XIV to XVIII").

(EOUSA) Documents 14 and 18; (2) whether the documents underlying EOUSA Document 25 met Exemption 7(C); and (3) the timing behind a January 19, 2011 memorandum of a telephone conversation between Assistant United States Attorney Darcie McElwee (AUSA McElwee) and Attorney Peter Rodway. *Recons. Order* at 12–16; *Renewed Order* at 13–15, 17.

Following the Court's May 8, 2017 Orders, the EOUSA filed two responses, the first on May 16, 2017, *EOUSA's Resp. to Order on Renewed Mot. for Summ. J.* (ECF No. 438) (*Renewed Resp.*), and the second on May 17, 2017. *EOUSA's Resp. to Order on Mot. for Recons. (ECF No. 435)* (ECF No. 441) (*Recons. Resp.*). On June 12, 2017, Mr. Widi filed a reply to the EOUSA's response to the motion for reconsideration. *Reply to EOUSA's Resp. to Order on Mot. for Recons.* (ECF No. 454) (*Widi Recons. Reply*).

## II.   THE MAY 8, 2017 ORDERS

As noted, the Court isolated three remaining issues in its May 8, 2017 Orders: (1) whether the attorney work product privilege applied to EOUSA Documents 14 and 18; (2) whether the documents underlying EOUSA Document 25 meet Exemption 7(C); and (3) the timing behind a January 19, 2011 memorandum of a telephone conversation between AUSA McElwee and Attorney Peter Rodway. *Recons. Order* at 12–16; *Renewed Order* at 13–15, 17.

### A.   EOUSA Documents 14 and 18

The EOUSA filed a *Vaughn* Index on June 30, 2015. *Defs.' Mot. for Summ. J.*, Attach. 3, *Third Decl. of John F. Boseker* (ECF No. 305). The EOUSA described

Document 14 as "E-Mails from AUSA to AUSA . . . regarding Widi evidence on firearms and forfeiture with list of those seized and date, containing handwritten notations." *Id.* at 20. The EOUSA described Document 18 as "Letters (2) from AUSA to ATF Counsel . . . regarding identified trial witness evidence in connection with both hearing date and trial date." *Id.* at 21. In its August 16, 2016 Order, the Court concluded that the attorney work product privilege applied to both documents. *Summ. J. Order on Count XVIII* at 57–58 (ECF No. 360). The Court wrote that it was satisfied that "Documents 14 and 18 were prepared under the direction of an attorney in contemplation of litigation, and therefore entitled to Exemption 5." *Id.* a 58.

On October 11, 2016, Mr. Widi moved for reconsideration based on the argument that the EOUSA did not establish whether the documents were segregable. *Mot. for Recons. of Summ. J. Order and Obj. to EOUSA's Renewed Mot. for Summ. J. on Count XVIII* at 26 (ECF Nos. 370, 371) (*Pl.'s Mot. for Recons.*; *Pl.'s Opp'n*). In its May 8, 2017 Order on the motion for reconsideration, the Court expressed skepticism about whether ordering the EOUSA to perform a segregability analysis was going to be productive, but the Court agreed that First Circuit authority required such an analysis. *Recons. Order* at 12–14.

### B. EOUSA Document 25: Character Reference Letters

In its May 8, 2017 Order on the motion for reconsideration, the Court expressed some confusion about the exact nature of the documents underlying the claimed exemption. *Id.* at 14–16. Assuming the documents were character letters that had

been introduced into the court record at Mr. Widi's sentencing hearing, the Court was perplexed about why the EOUSA was withholding the documents and why Mr. Widi did not have independent access to them. *Id.*

### C. EOUSA Document 35: AUSA Handwritten Notes

In its Order on the renewed motion for summary judgment, the Court was unable to conclude whether the AUSA's handwritten notes dated January 19, 2011, were related to any ongoing issues in the Government's case against Mr. Widi because the timing of the notes seemed odd. *Renewed Order* at 13–15.

## III. THE PARTIES' POSITIONS

### A. The EOUSA's Responses

Regarding EOUSA Documents 14 and 18, the EOUSA responded that it had performed a segregabilty analysis of those documents, and it concluded that neither document was reasonably segregable. *Recons. Resp.* at 1–2. In support of its position, the EOUSA attached a sworn declaration from John F. Boseker, Attorney Advisor, EOUSA, in which Mr. Boseker says that the only information that would be segregable and subject to release would be the words "Okay, thanks!" in EOUSA Document 14. *Id.*, Attach. 1 (*Fifth Decl. of John F. Boseker*) (*Fifth Boseker Decl.*).

Regarding EOUSA Document 25, the EOUSA conceded that those documents would be subject to release and promised to do so upon issuance of a final judgment. *Id.* at 1–2.

Regarding EOUSA Document 35, AUSA Darcie McElwee, the author of the January 19, 2011 memorandum, confirmed that the reason she wrote the

memorandum in January of 2011 was that Attorney Peter Rodway had contacted her at that time to let her know that Mr. Widi had accused him of misconduct in connection with the Government's efforts to force him to undergo a tuberculosis test. *Renewed Resp.* at 1–3.  AUSA McElwee was also aware that Mr. Widi had made a similar claim of misconduct against the Government.  *Id.* at 2.  AUSA McElwee decided to reduce her memory of an earlier conversation with Mr. Rodway as well as her January 2011 conversation with him in anticipation of a potential lawsuit by Mr. Widi.  *Id.*  In view of these circumstances, the EOUSA contended that AUSA McElwee's handwritten notes "clearly constitute attorney work product that is exempt from disclosure under Exemption 5 to FOIA." *Id.* at 2–3.

      **B.**    **David Widi's Response**

In his response to the Government's filing on the motion for reconsideration, Mr. Widi again claimed that because the Government acted in bad faith in responding to his FOIA requests, the Court should disregard Attorney Boseker's sworn declaration and require the Government to produce the actual documents for review. *Widi Recons. Reply* at 1–5.  He also objected to the EOUSA's decision to wait to release Document 25 "in conjunction with the Court's final determination on all of the records remaining at issue." *Id.* at 5–6.

Mr. Widi did not respond to the Government's filing on its renewed motion for summary judgment on the issue of whether the Government was entitled to withhold EOUSA Document 35.

**IV.**    **DISCUSSION**

### A.     EOUSA Documents 14 and 18

Based on the sworn declaration of Attorney John Boseker, the Court concludes that, consistent with *Church of Scientology International v. United States Department of Justice*, 30 F.3d 224, 236 (1st Cir. 1994), the EOUSA has performed a segregability analysis on EOUSA Documents 14 and 18 and has determined that the only non-redactable portion of EOUSA Document 14 would be "okay thanks" and that EOUSA Document 18 is properly withheld in full. *Fifth Boseker Decl.* at 2–3.

Although Mr. Widi earnestly contends that the EOUSA acted in bad faith in responding to his FOIA/PA requests, the Court does not agree.  The fact that Mr. Widi was successful in pressing some of his claims for release of documents is no more evidence of the EOUSA's bad faith than the fact that the EOUSA was successful in deflecting some of his arguments in favor of release is evidence of Mr. Widi's bad faith. Unlike the cases that Mr. Widi cited, the Court in this instance does not suspect the EOUSA of engaging in bad faith behavior in responding to Mr. Widi's FOIA/PA claims.

Nor is it surprising that a two-page email between an AUSA and a paralegal within the U.S. Attorney's Office regarding the administrative forfeiture of firearms and two, two-page letters between an AUSA and an Associate Counsel with the Bureau of Alcohol, Tobacco, Firearms, and Explosives seeking personal information about two law enforcement witnesses would be subject to non-disclosure under the attorney work product privilege and would not be segregable.

In sum, the Court accepts the sworn declaration of Attorney John Boseker and concludes that EOUSA Documents 14 and 18 are not subject to disclosure.

### B.     EOUSA Document 25

In its response, the EOUSA conceded that the documents comprising EOUSA Document 25 are subject to disclosure, and the EOUSA promised to release these documents "in conjunction with the Court's final determination on all of the records remaining at issue." *Fifth Boseker Decl.* at 1.  The Court is not clear why the EOUSA would withhold the release of the character letters until the Court has finally ruled on all remaining records requests, but it does not matter because with this ruling, the Court is issuing a final ruling on Count XVIII, the FOIA/PA count, and under its own terms, the EOUSA will be required to release these documents forthwith.

### C.     EOUSA Document 35

The Court reviewed the sworn declaration of AUSA Darcie McElwee.  *Renewed Resp.*, Attach. 1, *Decl. of Darcie N. McElwee* at 1–4.  The Court easily concludes that AUSA McElwee's handwritten notes are attorney work product and are not subject to disclosure.

## V.     CONCLUSION

The Court GRANTS in part and DENIES in part David J. Widi, Jr.'s Motion for Reconsideration of Summary Judgment Order (ECF No. 370), and the Court GRANTS the Executive Office of the United States Attorneys' Renewed Motion for Summary Judgment on Count XVIII (ECF No. 366).  Specifically, the Court GRANTS so much of David J. Widi, Jr.'s motion for reconsideration as relates to the character

letter documents underlying EOUSA Document 25 and ORDERS the EOUSA to produce those documents to David J. Widi, Jr. forthwith.  The Court DENIES so much of David J. Widi, Jr.'s motion for reconsideration as relates to the documents underlying EOUSA Documents 14, 18, and 35.  All disclosure issues having been fully and finally resolved, the Court ORDERS JUDGMENT in part on behalf of David J. Widi, Jr. and in part on behalf of the Executive Office of the United States Attorneys.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 19th day of July, 2017