UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DAVID J. WIDI, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:12-cv-00188-JAW |
| ) | |
| PAUL MCNEIL, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION FOR SUMMARY JUDGMENT ON COUNT XVII**

The Plaintiff claims that the United States Attorney's Office violated the provisions of the Right to Financial Privacy Act in connection with a grand jury subpoena of the Plaintiff's financial records. The Court grants the United States Attorney's Office's motion for summary judgment because the prosecutor presented the Plaintiff's financial records to the same grand jury that subpoenaed the records and because there is no evidence of prosecutorial misconduct.

**I.   BACKGROUND**

On June 13, 2012, David J. Widi, Jr., acting pro se, filed a complaint against numerous federal and state officials pursuant to 42 U.S.C. § 1983 alleging violations of his rights from his investigation, prosecution, and conviction for possession of firearms and ammunition by a felon and for manufacturing marijuana. *Compl.* (ECF No. 1); *United States v. Widi*, 2:09-cr-00009-GZS (D. Me.). In Count XI of the Complaint, Mr. Widi also claimed that TD BankNorth (TD Bank) violated the Right to Financial Privacy Act (RFPA), 12 U.S.C. § 3401 et seq., when the United States

Attorney's Office (USAO) subpoenaed Mr. Widi's bank records for presentation to a federal grand jury. *Id.* at 14. On July 13, 2012, the Magistrate Judge issued a screening order in which she alluded to the RFPA claim, but she did not formally screen that Count. *Order for Serv. After Screening Compl. Pursuant to 28 U.S.C. § 1915A* at 2 (ECF No. 6). On August 2, 2012, Mr. Widi filed an amended complaint. *Am. Compl.* at 15 (ECF No. 15). As with the original Complaint, Count XI of the Amended Complaint asserted a RFPA claim against TD Bank. *Id.*

On September 25, 2013, the Court granted TD Bank's motion for summary judgment. *Order Granting Mot. for Summ. J. by Def. TD Bank; Den. Mot. to Strike; Den. Disc.; and Dismissing Without Prejudice Mot. for Serv. of Process* (ECF No. 171). On November 18, 2013, Mr. Widi filed a Second Amended Complaint. *Second Am. Compl.* (ECF No. 191). Mr. Widi's Second Amended Complaint moved the RFPA count to Count XVII, and it clarified that his claim ran not just against TD Bank, but also against the USAO. *Id.* at 56–58. On February 11, 2015, the Court issued a comprehensive order, screening those claims that the Magistrate Judge had not screened and granting in part Mr. Widi's motion to amend the first amended complaint. *Screening Order, Order Vacating in Part Earlier Order Den. Mot. for Leave to File Second Am. Compl. as to Served Defs., Order Granting in Part Mot. to File Second Am. Compl., Order Striking Portions of the Second Am. Compl., and Order Den. Mot. to Stay* (ECF No. 270).

On January 10, 2017, the Court issued an order on Mr. Widi's motion for reconsideration and permitted Mr. Widi to assert a claim against the USAO as set

forth in the Second Amended Complaint. *Order on Mot. for Recons.* at 27–30 (ECF No. 392) (*Recons. Order*). On March 20, 2017, the USAO filed an answer to the Second Amended Complaint. *U.S. Att'y's Office Answer to Second Am. Compl.* (ECF No. 420).

On March 23, 2017, the USAO filed a motion for summary judgment and a statement of material facts in support of the motion. *The U.S. Att'y's Office's Mot. for Summ. J. on Count XVII of the Second Am. Compl.* (ECF No. 422) (*USAO Mot.*); *Statement of Undisputed Material Facts* (ECF No. 423) (DSMF). On July 3, 2017, Mr. Widi filed an opposition to the motion for summary judgment. *Opp'n to the U.S. Att'y's Office's Mot. for Summ. J. on Count XVII* (ECF No. 456) (*Widi Opp'n*). On July 6, 2017, the USAO filed its reply. *The U.S. Att'y's Office's Reply Br. in Supp. of its Mot. for Summ. J. on Count XVII* (ECF No. 459) (*USAO Reply*).

### A.   The Allegations in the Second Amended Complaint

In Count XVII, Mr. Widi alleged that he was indicted by a federal grand jury in the United States District Court for the District of Maine on January 6, 2009. *Second Am. Compl.* ¶ 176. He said that on January 20, 2009, the USAO obtained a subpoena in which TD Bank was commanded to appear and testify before the grand jury and to bring any and all records regarding an account or accounts in the name, custody, or control of David J. Widi, Jr. and/or Widi Tile Company, LLC. *Id.* ¶ 177. With the subpoena, the USAO attached a document that informed TD Bank that it had the absolute right to personally appear before the grand jury and return the records called for in person. *Id.* ¶ 178. It also informed TD Bank that it could "return

the records called for by the method" of "causing the delivery (by mail or other means) of the records to the assistant U.S. Attorney." *Id.*

According to the Second Amended Complaint, TD Bank turned over Mr. Widi's financial records to the USAO on February 3, 2009. *Id.* ¶ 179. He claims that TD Bank neither obtained a certificate of compliance under 12 U.S.C. § 3403(b) nor returned and actually presented the records to the grand jury as required by 12 U.S.C. § 3420. *Id.* ¶¶ 179–80.

Mr. Widi alleges that the USAO "never intended to have Mr. Widi's financial records returned and actually presented to the grand jury, which was no longer considering Mr. Widi's case." *Id.* ¶ 182. Instead, he asserts that the USAO used the grand jury subpoena process "to circumvent the notice requirements and release procedures of the Right to Financial Privacy Act without having Mr. Widi's records returned and actually presented to the grand jury in bad faith." *Id.* Mr. Widi claims that, by doing so, the USAO "willfully and intentionally violated Mr. Widi's rights under the [RFPA]" and that he is entitled to damages. *Id.* ¶ 185.

### B. The January 17, 2017 Order

In its January 17, 2017 Order, the Court concluded that the AUSO was not protected under the doctrine of absolute immunity from a lawsuit under the RFPA. *Recons. Order* at 27–30. With "some serious misgivings", the Court concluded that in light of the disparity between the date of the indictment, January 6, 2009, and the date of the subpoena, January 20, 2009, Mr. Widi should be allowed to go forward with his claim against the USAO. *Id.* at 30.

## II. STATEMENT OF FACTS[1]

On January 6, 2009, a federal grand jury indicted David J. Widi, Jr. for the possession of a firearm by a felon and the manufacture of marijuana in violation of federal criminal law. *Widi Decl.* ¶ 1. AUSA Darcie McElwee was originally assigned to the case. DSMF ¶ 2. AUSA McElwee presented evidence to the grand jury which returned the January 2009 indictment. *Id.*

After the grand jury indicted Mr. Widi in January 2009, the Government continued to investigate his criminal activities. *Id.* ¶ 3. Specifically, the USAO contemplated charging Mr. Widi with possession of firearms in furtherance of a drug-trafficking offense, a violation of 18 U.S.C. § 924(c). *Id.* AUSA McElwee subpoenaed Mr. Widi's bank records in order to determine the extent of Mr. Widi's drug trafficking. *Id.* On January 20, 2009, a "Subpoena to Testify Before Grand Jury," numbered 09-730-06, was issued to the "Custodian of Records" at "TD Bank," who was "commanded to appear and testify" on February 3, 2009, and "commanded to bring . . . any and all records regarding an account or accounts in the name, custody or control of David J. Widi, Jr. and/or Widi Tile Company, LLC for the time period

---

[1] District of Maine Local Rule 56 requires the moving party to submit a supporting statement of material facts with record support. D. ME. LOC. R. 56(b). The USAO did so. *See* DSMF ¶¶ 1–3. The non-movant, in this case Mr. Widi, is required to file an opposing statement of material facts and admit, deny, or qualify the movant's statements as well as file an additional statement of material facts. *Id.* 56(c). Mr. Widi did not do so. Instead, he submitted a sworn declaration. *Widi Opp'n* at 7–8, *Decl. of David J. Widi, Jr.* (*Widi Decl.*). The sworn declaration is not in the proper form that the Local Rule requires. The Court is aware that Mr. Widi knows how to comply with the Local Rule because he has done so in the past. *See Reply Statement of Material Facts and Opposing Statement of Material Facts* (ECF No. 230). The Court has accepted the USAO's statement of material facts as admitted. However, given Mr. Widi's pro se status, the Court has attempted to meld the USAO's statement of material fact and Mr. Widi's sworn declaration, where Mr. Widi's statements do not appear to be reasonably in dispute, despite Mr. Widi's decision not to comply with the District's Local Rule 56. Similarly, I have included the contents of AUSA McElwee's July 6, 2017 sworn declaration on the same basis.

5

1/1/08 to the present." *Widi Decl.* ¶ 2. The subpoena expressly notified TD Bank that it had the "ABSOLUTE RIGHT TO PERSONALLY APPEAR BEFORE THE GRAND JURY AND TO RETURN THE RECORDS CALLED FOR IN PERSON."[2] *Def., TD Bank, N.A.'s Statement of Material Facts in Supp. of its Am. Mot. for Summ. J.*, Attach. 1, *Decl. of Jeremy Porter*, Ex. A *Subpoena* (ECF No. 147). However, the subpoena also stated that TD Bank could comply with its mandate by "causing the delivery (by mail or other means) or the records to the assistant U.S. attorney whose name appears in the lower right-hand corner of the subpoena." *Id.* On February 3, 2009, TD Bank turned the requested financial records over to the USAO, District of Maine, and no officer of TD Bank actually appeared before the grand jury to present or return the records to the grand jury. *Widi Decl.* ¶ 3.

AUSA McElwee returned the financial records to the federal grand jury on December 15, 2009.[3] DSMF ¶ 3. Ultimately, however, the USAO decided against charging Mr. Widi with possession of firearms in furtherance of a drug-trafficking offense. *Id.* Later, in February 2010, the grand jury issued a superseding indictment

---

[2] Neither Mr. Widi nor the USAO proposed these facts, but T.D. Bank filed a copy of the subpoena with its motion for summary judgment, and it is therefore a matter of record. To quote only a portion of the subpoena would be misleading.

[3] Mr. Widi's declaration says that "[t]o the best of my knowledge, I was not the subject of grand jury proceedings on December 15, 2009, and I do not believe that my financial records were returned or presented to the grand jury." *Widi Decl.* ¶ 5. The Court has not included this statement in the record. Mr. Widi has not demonstrated how he has the personal knowledge to make this statement as grand jury proceedings are secret. Mr. Widi contradicts the sworn declaration of AUSA Darcie McElwee, who actually made the presentation of the records on December 15, 2009, and who has personal knowledge of what she did. Absent more, the Court does not find that Mr. Widi can generate a material issue of fact on this point unless he demonstrates some personal knowledge justifying his belief.

Similarly, Mr. Widi says that the grand jury records that he has received for January 6, 2009, February 24, 2009, and April 7, 2009, do not reveal that the TD Bank records were presented to the grand jury on any of these dates. *Id.* ¶¶ 5–6. But AUSA McElwee did not assert that she presented the TD Bank records to the grand jury on those dates.

against Mr. Widi. *Id.* ¶ 2. AUSA McElwee also sought and obtained a second superseding indictment against Mr. Widi on April 7, 2010, after the judge who was presiding over Mr. Widi's case ruled that charging Mr. Widi with possession of firearms and ammunition in two separate counts was multiplicitous. *Id.* AUSA McElwee represented the Government in Mr. Widi's April 2010 jury trial, and Mr. Widi was found guilty on all counts. *Id.*

Mr. Widi says that because of the secrecy surrounding grand jury proceedings, he has been unable to learn if his financial records were actually returned or presented to the grand jury on December 15, 2009, and whether the records were returned and presented to the same grand jury that issued the subpoena as he says would be required under 12 U.S.C. § 3420(a)(1). *Id.* ¶ 7. Mr. Widi contends that the date of the discharge of the grand jury that issued the subpoena and the December 15, 2009 grand jury transcripts are essential to justify his opposition to the USAO's motion for summary judgment. *Id.* ¶ 8.

In response, AUSA McElwee filed a further sworn declaration that the grand jury that issued the subpoena in January 2009 was in fact the same grand jury to which she returned Mr. Widi's financial records on December 15, 2009. *USAO Reply* Attach. 1, *Decl. of Darcie N. McElwee* ¶ 4 (ECF No. 423).

### III. THE POSITIONS OF THE PARTIES

#### A. The Position of the USAO

In its motion, the USAO quotes a pertinent part of § 3420 of title 12:

Financial records about a customer obtained from a financial institution pursuant to a subp[o]ena issued under the authority of a Federal grand

7

> jury . . . shall be returned and actually presented to the grand jury unless the volume of such records makes such return and actual presentation impractical in which case the grand jury shall be provided with a description of the contents of the records . . . .

12 U.S.C. § 3420(a)(1). The USAO's motion is based on its contention that it complied with the terms of this statute by actually presenting Mr. Widi's financial records to the grand jury on December 15, 2009. *USAO Mot.* at 4.

### B. David J. Widi, Jr.'s Response

Mr. Widi is skeptical about whether AUSA McElwee is telling the truth when she says that she presented his financial records to the grand jury on December 15, 2009. *Widi Opp'n* at 2–4. Further, he argues that 12 U.S.C. § 3420(a)(1) requires the financial records to be returned and actually presented to the same grand jury that issued the subpoena. *Id.* at 3. He demands the right to engage in discovery to allow him to obtain the actual records of the grand jury on December 15, 2009, and to determine when the grand jury that issued the subpoena was discharged. *Id.* at 3–4. Next, he contends that the USAO misused the grand jury by conducting a separate investigation into his private matters. *Id.* at 5 ("The grand jury subpoena for Mr. Widi's financial records was not utilized to further a grand jury's investigation, but rather was used by the USAO for its own investigation"). He contends that if the USAO wished to obtain his financial records, it was compelled to comply with the disclosure provisions of the RFPA. *Id.* Its failure to do so, he argues, amounts to a circumvention of RFPA disclosure provisions. *Id.* Finally, he asks for permission to amend his complaint to include information he has gleaned from AUSA McElwee's sworn declaration. *Id.* at 5–6.

**C.   The USAO's Reply**

First, the USAO disagrees with Mr. Widi's contention that the same grand jury that issued the subpoena must receive the subpoenaed documents.  *USAO Reply* at 1–2.  The USAO points out that there is nothing on the face of the statute that establishes such a requirement.  *Id.* at 2.  But the USAO argues that the Court need not address this issue because the Widi financial records were in fact presented to the same grand jury that issued the subpoena.  *Id.*

Next, describing Mr. Widi's argument as "patently frivolous," the USAO rejects his proposition that the AUSA had usurped the role of the grand jury by investigating whether his financial records would reveal information about his drug trafficking.  *Id.* at 3.

**IV.  DISCUSSION**

The Court agrees with the USAO that it is entitled to summary judgment on Count XVII of David Widi's Second Amended Complaint.  Mr. Widi has made three arguments against the USAO's motion; none is persuasive.  First, he contends that the USAO must present the subpoenaed financial records to the same grand jury that issued the subpoena.  The Court does not reach whether Mr. Widi is correct that the RFPA requires that the subpoenaed financial records be presented to the same grand jury that issued the subpoena.[4]  It is not necessary to decide that issue because the records in this case were in fact subpoenaed and presented to the same grand jury.

---

4   Mr. Widi does not cite any authority for his argument, and there is nothing in the language of the statute that imposes such a restriction.

9

Here, the USAO presented evidence that the District of Maine typically swears in a new grand jury at the beginning of each calendar year and discharges them at the end of the same year, and as the subpoena was issued on January 20, 2009, and the Widi financial records were presented to the grand jury on December 15, 2009, the Court concludes that the same grand jury that authorized the issuance of the subpoena in January received them in December. Mr. Widi's argument fails on its facts.

Mr. Widi's second argument is that the USAO misused the grand jury process by using the grand jury subpoena to further its own investigation, not the investigation of the grand jury. However, the grand jury indicted Mr. Widi both for possession of firearms and ammunition by a felon and for cultivation of marijuana; it is a logical extension of its indictment that the grand jury would wish to review Mr. Widi's financial records in an effort to assess the scope of his illegal drug activity because his financial records could have revealed unexplained income. Thus, AUSA McElwee explained that the records were subpoenaed to determine "the extent of Mr. Widi's drug trafficking" and to assess whether to charge Mr. Widi with possession of the firearms in furtherance of his drug trafficking offense, a new potential violation of 18 U.S.C. § 924(c).

There is nothing in this record that suggests that the USAO misused the grand jury subpoena process. For example, there is no evidence here the AUSA obtained his financial records to secure "additional evidence against the defendant for use in the upcoming trial." *In Re Grand Jury Proceedings (Johanson)*, 632 F.2d 1033, 1041

10

(3rd Cir. 1980).  Nor is there any indication that the USAO used the grand jury subpoena authority to "harass witnesses or as a means of civil or criminal discovery." *In re Antitrust Grand Jury Investigation (Under Seal)*, 714 F.2d 347, 349 (4th Cir. 1983).  Nor has Mr. Widi claimed that the subpoena was overbroad, "exceed[ing] the information necessary and proper for the investigation."  *In re Grand Jury Proceedings*, 814 F.2d 61, 64 (1st Cir. 1987).  To the contrary, the USAO used the grand jury to determine whether to initiate additional charges against Mr. Widi, a purpose "befitting the accepted institutional objectives of the grand jury . . . [and that] bears convincing witness to the propriety of the prosecutor's stewardship."  *United States v. Flemmi*, 245 F.3d 24, 28 (1st Cir. 2001).  In short, there is nothing in this record that supports Mr. Widi's contention that the USAO misused the grand jury in his case when it subpoenaed his financial records.

Finally, the Court does not join Mr. Widi in his skepticism about the truth of the contents of a sworn declaration of the AUSA.  In *In re Grand Jury Proceedings*, No. 94-1705, 1994 U.S. App. LEXIS 18695 (1st Cir. Jul. 22, 1994), the First Circuit addressed a complaint from a witness that his appearance by subpoena before a grand jury would constitute an abuse of the grand jury process.  In that case, the First Circuit approved the district court's consideration of a sealed, ex parte affidavit filed by the federal prosecutor.  *Id.* at *6–7.  The First Circuit observed that even though the procedure "deprive[d] appellant of an opportunity to contest the contents of the sealed affidavit," the prosecution's "need for secrecy here is manifest."  *Id.* at *7.

11

Furthermore, the First Circuit wrote that "given the clear sufficiency of the prosecution's affidavit, no such extended procedure was necessary here." *Id.*

Mr. Widi's determination to force the USAO to reveal what happened at the December 15, 2009 session of the grand jury runs counter to long-held principle of grand jury secrecy. *See United States v. Johnson*, 319 U.S. 503, 513 (1943). Indeed, the United States Supreme Court has written that to access grand jury information, "a much more particularized, more discrete showing of need is necessary to establish 'good cause.'" *United States v. Procter & Gamble, Co.*, 356 U.S. 677, 683 (1958). Mr. Widi is of course entitled to his own opinions, but "absent a factual showing of irregularity beyond a mere suspicion," *In re Grand Jury Proceedings*, 632 F.2d at 1041, the Court need not order discovery of grand jury proceedings on the assumption that an AUSA committed perjury when she represented to the Court that she presented his financial records to the grand jury on December 15, 2009. *See McElwee Decl.* at 3 ("I declare under penalty of perjury that the foregoing is true and correct").

## V. CONCLUSION

The Court GRANTS the United States Attorney's Office's Motion for Summary Judgment on Count XVII of the Second Amended Complaint (ECF No. 422).

SO ORDERED.

                              /s/ John A. Woodcock, Jr.
                              JOHN A. WOODCOCK, JR.
                              UNITED STATES DISTRICT JUDGE

Dated this 24th day of July, 2017