UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DAVID J. WIDI, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:12-cv-00188-JAW |
| | ) | |
| PAUL MCNEIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RULE 54(b) CERTIFICATION ORDER**

The Court directs entry of final judgment as to Plaintiff David J. Widi's Right
to Financial Privacy Act claims against TD BankNorth (TD Bank) and the United
States Attorney's Office (USAO).

**I.    BACKGROUND**

On June 13, 2012, David J. Widi, Jr., acting pro se, filed a complaint against
numerous federal and state officials pursuant to 42 U.S.C. § 1983 alleging violations
of his rights from his investigation, prosecution, and conviction for possession of
firearms and ammunition by a felon and for manufacturing marijuana. *Compl.* (ECF
No. 1); *United States v. Widi*, 2:09-cr-00009-GZS (D. Me.).   In Count XI of the
Complaint, Mr. Widi also claimed that TD Bank violated the Right to Financial
Privacy Act (RFPA), 12 U.S.C. § 3401 et seq., when the USAO subpoenaed Mr. Widi's
bank records for presentation to a federal grand jury. *Id.* at 14.  On August 2, 2012,
Mr. Widi filed an amended complaint. *Am. Compl.* (ECF No. 15).  As with the original
Complaint, Count XI of the First Amended Complaint asserted an RFPA claim

against TD Bank.  *Id.* at 15.  On September 25, 2013, the Court granted TD Bank's motion for summary judgment.  *Order Granting Mot. for Summ. J. by Def. TD Bank; Den. Mot. to Strike; Den. Disc.; and Dismissing Without Prejudice Mot. for Serv. of Process* (ECF No. 171) (*TD Bank Summ. J. Order*).

On November 18, 2013, Mr. Widi filed a Second Amended Complaint.  *Second Am. Compl.* (ECF No. 191).  Mr. Widi's Second Amended Complaint moved the RFPA count to Count XVII, and it amended his claim to run not just against TD Bank, but also against the USAO.  *Id.* at 56–58.  On February 11, 2015, the Court issued a screening order that prohibited Mr. Widi from reviving his claim against TD Bank. *Screening Order, Order Vacating in Part Earlier Order Den. Mot. for Leave to File Second Am. Compl. as to Served Defs., Order Granting in Part Mot. to File Second Am. Compl., Order Striking Portions of the Second Am. Compl., and Order Den. Mot. to Stay* at 29–30 (ECF No. 270) (*Screening Order*).

Due to an oversight, the Court did not address Mr. Widi's claim against the USAO in its Screening Order.  On May 4, 2015, Mr. Widi filed a motion for reconsideration to alert the Court to the oversight, *Mot. for Recons.* at 18–19 (ECF No. 292), and on January 10, 2017, the Court issued an order permitting Mr. Widi to assert a claim against the USAO as set forth in Count XVII of the Second Amended Complaint.  *Order on Mot. for Recons.* at 27–30 (ECF No. 392).  The Court granted the USAO's motion for summary judgment on Count XVII on July 24, 2017.  *Order on Mot. for Summ. J. on Count XVII.* (ECF No. 467) (*USAO Summ. J. Order*).  The

Court now directs entry of final judgment on Mr. Widi's RFPA claims against both

TD Bank and the USAO pursuant to Federal Rule of Civil Procedure 54(b).

## II.   DISCUSSION

Rule 54(b) provides in part:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

*Id.*

To order the entry of a final judgment under Rule 54(b), a court must first "consider whether the entire case as a whole and the particular disposition that has been made and for which the entry of a judgment is sought fall within the scope of the rule." 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2655 (2014 ed.). The "general requirements are that the case include either multiple claims, multiple parties, or both and that either one or more but fewer than all the claims have been finally decided or that all the rights and liabilities of at least one party have been adjudicated." *Id.* Second, a court must "expressly find that there is no just reason to delay an appeal." *Id.*

The First Circuit has further illuminated the requirements for a Rule 54(b) certification. To certify a judgment pursuant to Rule 54(b), a district court must find (1) that the ruling is final and (2) that there is no just reason for delay. *Nystedt v. Nigro*, 700 F.3d 25, 29–30 (1st Cir. 2012). Finality "requires that a judgment 'dispose of all the rights and liabilities of at least one *party* as to at least one *claim*.'" *Lee-*

*Barnes v. Puerto Ven Quarry Corp.*, 513 F.3d 20, 24 (1st Cir. 2008) (quoting *State Street Bank & Trust Co. v. Brockrim, Inc.,* 87 F.3d 1487, 1489 (1st Cir. 1996)) (emphasis in *Lee-Barnes*); *see also Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 580 (1st Cir. 1994) ("[T]he ruling underlying the proposed judgment must itself be final in the sense that it disposes completely either of all claims against a given defendant or of some discrete substantive claim or set of claims against the defendants generally") (citing *Spiegel v. Trustees of Tufts College*, 843 F.2d 38, 43 (1st Cir. 1988)).

After the court determines finality, it turns to whether there is no just reason for delay by assessing "(1) any interrelationship or overlap among the various legal and factual issues involved in the dismissed and the pending claims, and (2) any equities and efficiencies implicated by the requested piecemeal review." *Credit Francais Int'l, S.A. v. Bio-Vita, Ltd.*, 78 F.3d 698, 706 (1st Cir. 1996) (citing *Kersey v. Dennison Mfg. Co.*, 3 F.3d 482, 487 (1st Cir. 1993)). Finally, if a district court certifies a judgment pursuant to Rule 54(b), "it should not only make that explicit determination but should also make specific findings and set forth its reasoning." *Quinn v. City of Boston*, 325 F.3d 18, 26 (1st Cir. 2003) (citing *Spiegel*, 843 F.2d at 42–43).

In Count XI of the First Amended Complaint, Mr. Widi alleged that TD Bank violated the RFPA. *Am. Compl.* at 15. The Court granted summary judgment in favor of TD Bank, *TD Bank Summ. J. Order*, and issued an order prohibiting Mr. Widi from reviving his claim against TD Bank in his Second Amended Complaint.

*Screening Order*. In his Second Amended Complaint, Mr. Widi asserted an RFPA claim against the USAO in Count XVII. *Second Am. Compl.* at 56–58. The Court likewise ordered summary judgment in favor of the USAO. *USAO Summ. J. Order*. In the Court's view, these orders are final for purposes of Mr. Widi's RFPA claims against TD Bank in Count XI of the First Amended Complaint and against TD Bank and the USAO in Count XVII of the Second Amended Complaint. That is, the Orders resolve in their entirety "all the rights and liabilities of at least one *party* as to at least one *claim*." *Lee-Barnes*, 513 F.3d at 24.

Nor is there any direct "interrelationship or overlap" between the RFPA claims and the rest of the Second Amended Complaint. *Credit Francais*, 78 F.3d at 706. The Court is aware of no direct relationship between the seventeen other counts and the RFPA claims, and Mr. Widi has not asserted that the RFPA claims would be directly relevant to his other allegations in his Second Amended Complaint.

The Court views the "equities and efficiencies" as being in favor of Rule 54(b) certification. *Id.* at 706. It is true that there is a disinclination to grant piecemeal appellate review of a case, which is the factor that caused the Court to deny Rule 54(b) certification in a separate motion involving one of the other counts. *See Order Den. Defs.' Clark and Lyon's Mot. for Final J.* (ECF No. 361). However, here, because the count is a stand-alone claim and because the remaining counts are barely inching toward finality, the Court can see no reason to delay the final resolution of Mr. Widi's RFPA claims.

5

## III.   CONCLUSION

In accordance with Federal Rule of Civil Procedure 54(b), the Court hereby CERTIFIES that its Order granting TD Bank's motion for summary judgment on Count XI of the First Amended Complaint (ECF No. 171), its Screening Order prohibiting Mr. Widi from reviving its claim against TD Bank in Count XVII of the Second Amended Complaint (ECF No. 270), and its Order granting the United States Attorney's Office's motion for summary judgment on Count XVII of the Second Amended Complaint (ECF No. 467) are FINAL JUDGMENTS of the Court and are subject to immediate appeal to the Court of Appeals for the First Circuit.[1]

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 26th day of July, 2017

---

[1]   As noted above, the Court granted summary judgment in favor of TD Bank while the First Amended Complaint was still in effect.  In the Second Amended Complaint, Mr. Widi shifted the RFPA claim from Count XVI to Count XVII, asserted the claim against the USAO, and attempted to resurrect the claim against TD Bank.  *Second Am. Compl.* 56–58.  The shifting counts and parties presents a question as to which of the Court's orders should comprise the final judgement for purposes of appeal. The Court concludes that the safest course is to incorporate all potentially dispositive orders into one judgment—as the Court has done here—so as not to deprive Mr. Widi of any arguments he might wish to raise on appeal.