| | |
|---|---|
| DAVID J. WIDI, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PAUL MCNEIL, et al., )<br>)<br>Defendants. ) | 2:12-cv-00188-JAW |

**AMENDED[1] ORDER ON MOTION FOR RECONSIDERATION AND
RENEWED MOTION FOR SUMMARY JUDGMENT**

The Court issues a judgment on Count XVIII, the Freedom of Information Act and Privacy Act count, of the Plaintiff's Second Amended Complaint.

## I. BACKGROUND

The Court extensively described the background of the pending motions in multiple earlier orders in this case. *Am. Order Den. Defs.' Mot. to Dismiss Count XIV, Den. Defs.' Mot. for Summ. J. as to Count XIV, and Den. Pl.'s Cross-Mot. for Summ. J. as to Count XIV* (ECF No. 173)[2]; *Summ. J. Order on Count XVIII* (ECF No. 360);

---

[1] In its July 19, 2017 Order, the Court erroneously stated that Mr. Widi did not respond to the Government's filing on its renewed motion for summary judgment on whether the Government was entitled to withhold EOSUA Document 35. *Order on Mot. for Recons. and Renewed Mot. for Summ. J.* at 5 (ECF No. 465). On July 28, 2017, Mr. Widi notified the Clerk's Office that he had, in fact, responded. *See Reply to EOUSA's Resp. to Order on Renewed Mot. for Summ. J.* (ECF No. 451). The Court amends its original Order to incorporate Mr. Widi's response. Once alerted by Mr. Widi, the Court reviewed Mr. Widi's response and has described the response and the Court's analysis in this amended order. For the reasons set forth in this amended order, Mr. Widi's response does not alter the conclusions in the original Order.

[2] As the Court noted in its August 16, 2016 Order, Mr. Widi moved the Freedom of Information Act and Privacy Act claims from Count XIV to Count XVIII in his Second Amended Complaint. *Summ. J. Order on Count XVIII* at 2 ("When the Court granted leave to amend the Amended Complaint on February 11, 2015, the FOIA/PA claim transferred from Count XIV to XVIII").

*Order on Mot. for Recons.* at 1–2 (ECF No. 435) (*Recons. Order*); *Order on Renewed Mot. for Summ. J. on Count XVIII* (ECF No. 437) (*Renewed Order*).

The Court's May 8, 2017 Orders left three loose ends: (1) whether the attorney work product privilege applied to Executive Office of the United States Attorneys (EOUSA) Documents 14 and 18; (2) whether the documents underlying EOUSA Document 25 met Exemption 7(C); and (3) the timing behind a January 19, 2011 memorandum of a telephone conversation between Assistant United States Attorney Darcie McElwee (AUSA McElwee) and Attorney Peter Rodway. *Recons. Order* at 12–16; *Renewed Order* at 13–15, 17.

Following the Court's May 8, 2017 Orders, the EOUSA filed two responses, the first on May 16, 2017, *EOUSA's Resp. to Order on Renewed Mot. for Summ. J.* (ECF No. 438) (*Renewed Resp.*), and the second on May 17, 2017. *EOUSA's Resp. to Order on Mot. for Recons. (ECF No. 435)* (ECF No. 441) (*Recons. Resp.*). On June 8, 2017, Mr. Widi filed a reply to the EOUSA's response to the Order on the renewed motion for summary judgment. *Reply to EOUSA's Resp. to Order on Renewed Mot. for Summ. J.* (ECF No. 451) (*Widi Renewed Reply*). On June 12, 2017, Mr. Widi filed a reply to the EOUSA's response to the Order on the motion for reconsideration. *Reply to EOUSA's Resp. to Order on Mot. for Recons.* (ECF No. 454) (*Widi Recons. Reply*).

## II. THE MAY 8, 2017 ORDERS

As noted, the Court isolated three remaining issues in its May 8, 2017 Orders: (1) whether the attorney work product privilege applied to EOUSA Documents 14 and 18; (2) whether the documents underlying EOUSA Document 25 meet Exemption

7(C); and (3) the timing behind a January 19, 2011 memorandum of a telephone conversation between AUSA McElwee and Attorney Peter Rodway. *Recons. Order* at 12–16; *Renewed Order* at 13–15, 17.

### A. EOUSA Documents 14 and 18

The EOUSA filed a *Vaughn* Index on June 30, 2015. *Defs.' Mot. for Summ. J.*, Attach. 3, *Third Decl. of John F. Boseker* (ECF No. 305). The EOUSA described Document 14 as "E-Mails from AUSA to AUSA . . . regarding Widi evidence on firearms and forfeiture with list of those seized and date, containing handwritten notations." *Id.* at 20. The EOUSA described Document 18 as "Letters (2) from AUSA to ATF Counsel . . . regarding identified trial witness evidence in connection with both hearing date and trial date." *Id.* at 21. In its August 16, 2016 Order, the Court concluded that the attorney work product privilege applied to both documents. *Summ. J. Order on Count XVIII* at 57–58 (ECF No. 360). The Court wrote that it was satisfied that "Documents 14 and 18 were prepared under the direction of an attorney in contemplation of litigation, and therefore entitled to Exemption 5." *Id.* a 58.

On October 11, 2016, Mr. Widi moved for reconsideration based on the argument that the EOUSA did not establish whether the documents were segregable. *Mot. for Recons. of Summ. J. Order and Obj. to EOUSA's Renewed Mot. for Summ. J. on Count XVIII* at 26 (ECF Nos. 370, 371) (*Pl.'s Mot. for Recons.*; *Pl.'s Opp'n*). In its May 8, 2017 Order on the motion for reconsideration, the Court expressed skepticism about whether ordering the EOUSA to perform a segregability analysis was going to

3

be productive, but the Court agreed that First Circuit authority required such an analysis. *Recons. Order* at 12–14.

### B. EOUSA Document 25: Character Reference Letters

In its May 8, 2017 Order on the motion for reconsideration, the Court expressed some confusion about the exact nature of the documents underlying the claimed exemption. *Id.* at 14–16. Assuming the documents were character letters that had been introduced into the court record at Mr. Widi's sentencing hearing, the Court was perplexed about why the EOUSA was withholding the documents and why Mr. Widi did not have independent access to them. *Id.*

### C. EOUSA Document 35: AUSA Handwritten Notes

In its Order on the renewed motion for summary judgment, the Court was unable to conclude whether the AUSA's handwritten notes dated January 19, 2011, were related to any ongoing issues in the Government's case against Mr. Widi because the timing of the notes seemed odd. *Renewed Order* at 13–15.

## III. THE PARTIES' POSITIONS

### A. The EOUSA's Responses

Regarding EOUSA Documents 14 and 18, the EOUSA responded that it had performed a segregabilty analysis of those documents, and it concluded that neither document was reasonably segregable. *Recons. Resp.* at 1–2. In support of its position, the EOUSA attached a sworn declaration from John F. Boseker, Attorney Advisor, EOUSA, in which Mr. Boseker says that the only information that would be

4

segregable and subject to release would be the words "Okay, thanks!" in EOUSA Document 14. *Id.*, Attach. 1 (*Fifth Decl. of John F. Boseker*) (*Fifth Boseker Decl.*).

Regarding EOUSA Document 25, the EOUSA conceded that those documents would be subject to release and promised to do so upon issuance of a final judgment. *Id.* at 1–2.

Regarding EOUSA Document 35, AUSA Darcie McElwee, the author of the January 19, 2011 memorandum, confirmed that the reason she wrote the memorandum in January of 2011 was that Attorney Peter Rodway had contacted her at that time to let her know that Mr. Widi had accused him of misconduct in connection with the Government's efforts to force him to undergo a tuberculosis test. *Renewed Resp.* at 1–3. AUSA McElwee was also aware that Mr. Widi had made a similar claim of misconduct against the Government. *Id.* at 2. AUSA McElwee decided to reduce her memory of an earlier conversation with Mr. Rodway as well as her January 2011 conversation with him in anticipation of a potential lawsuit by Mr. Widi. *Id.* In view of these circumstances, the EOUSA contended that AUSA McElwee's handwritten notes "clearly constitute attorney work product that is exempt from disclosure under Exemption 5 to FOIA." *Id.* at 2–3.

### B.  David Widi's Response

In his response to the Government's filing on the motion for reconsideration, Mr. Widi again claimed that because the Government acted in bad faith in responding to his FOIA requests, the Court should disregard Attorney Boseker's sworn declaration and require the Government to produce the actual documents for review.

5

*Widi Recons. Reply* at 1–5. He also objected to the EOUSA's decision to wait to release Document 25 "in conjunction with the Court's final determination on all of the records remaining at issue." *Id.* at 5–6.

Mr. Widi also argued that the Court should order disclosure of EOUSA Document 35 because the work product doctrine does not protect the document. *Widi Renewed Reply* at 1–2. He asserted that AUSA McElwee could not have created the document "because of" the prospect of litigation because she could not know whether Mr. Widi was going to bring a lawsuit. *Id.* Mr. Widi was dubious of AUSA McElwee's claim that she memorialized her conversations with Mr. Rodway in anticipation of litigation because such a claim is easy to make after the fact. *Id.* at 1.

Alternatively, he argued that even if the work product doctrine applies, "FOIA Exemption 5 does not permit an agency to withhold factual material that can be segregated from an attorney's thought processes." *Id.* at 2 (citing *Maine v. U.S. Dep't of Interior*, 124 F. Supp. 728, 744 (D. Me. 2001)). He contended that AUSA McElwee never claimed that Document 35 revealed her thought processes. *Id.* Rather, he argued that Document 35 constitutes "factual attorney work-product" that is "not afforded the protection of Exemption 5" and should therefore be released. *Id.*

## IV. DISCUSSION

### A. EOUSA Documents 14 and 18

Based on the sworn declaration of Attorney John Boseker, the Court concludes that, consistent with *Church of Scientology International v. United States Department of Justice*, 30 F.3d 224, 236 (1st Cir. 1994), the EOUSA has performed a segregability

analysis on EOUSA Documents 14 and 18 and has determined that the only non-redactable portion of EOUSA Document 14 would be "okay thanks" and that EOUSA Document 18 is properly withheld in full. *Fifth Boseker Decl.* at 2–3.

Although Mr. Widi earnestly contends that the EOUSA acted in bad faith in responding to his FOIA/PA requests, the Court does not agree. The fact that Mr. Widi was successful in pressing some of his claims for release of documents is no more evidence of the EOUSA's bad faith than the fact that the EOUSA was successful in deflecting some of his arguments in favor of release is evidence of Mr. Widi's bad faith. Unlike the cases that Mr. Widi cited, the Court in this instance does not suspect the EOUSA of engaging in bad faith behavior in responding to Mr. Widi's FOIA/PA claims.

Nor is it surprising that a two-page email between an AUSA and a paralegal within the U.S. Attorney's Office regarding the administrative forfeiture of firearms and two, two-page letters between an AUSA and an Associate Counsel with the Bureau of Alcohol, Tobacco, Firearms, and Explosives seeking personal information about two law enforcement witnesses would be subject to non-disclosure under the attorney work product privilege and would not be segregable.

In sum, the Court accepts the sworn declaration of Attorney John Boseker and concludes that EOUSA Documents 14 and 18 are not subject to disclosure.

**B.      EOUSA Document 25**

In its response, the EOUSA conceded that the documents comprising EOUSA Document 25 are subject to disclosure, and the EOUSA promised to release these

documents "in conjunction with the Court's final determination on all of the records remaining at issue." *Fifth Boseker Decl.* at 1. The Court is not clear why the EOUSA would withhold the release of the character letters until the Court has finally ruled on all remaining records requests, but it does not matter because with this ruling, the Court is issuing a final ruling on Count XVIII, the FOIA/PA count, and under its own terms, the EOUSA will be required to release these documents forthwith.

C.    **EOUSA Document 35**

The Court reviewed and accepts the sworn declaration of AUSA Darcie McElwee. *Renewed Resp.*, Attach. 1, *Decl. of Darcie N. McElwee* at 1–4. Based on her sworn declaration, the Court easily concludes that AUSA McElwee's handwritten notes were created in anticipation of litigation. Therefore, the Court resolves that the handwritten notes are attorney work product and are not subject to disclosure under Exemption 5. The Court does not share Mr. Widi's skepticism about the accuracy of AUSA McElwee's sworn declaration, and the Court accepts the contents of her declaration as true.

Mr. Widi cites caselaw from this District for the proposition that Exemption 5 does not permit an agency to withhold factual materials that can be segregated from an attorney's thought processes. *Widi Renewed Reply* at 2 (citing *Maine v. U.S. Dep't of Interior*, 124 F. Supp. 728, 744 (D. Me. 2001)). As an initial matter, the First Circuit Court of Appeals vacated this holding. *Maine v. U.S. Dep't of Interior*, 298 F.3d 60, 70 (1st Cir. 2002). Even assuming the validity of the holding, however, the Court infers, based on the circumstances of the telephone call and the handwritten

memorandum, that the conversation and memorandum contained attorney work product within the meaning of Exemption 5. The topic of the memorandum—a potential lawsuit by Mr. Widi; the participants in the memorialized conversation—two attorneys; the length of the memorandum—only half a page; the timing of the memorandum—contemporaneously with the January conversation and within two months of the November conversation; and the fact that Mr. Widi did, in fact, file a lawsuit in a relatively short time after the memorandum all convince the Court that the document is properly withheld from disclosure.

## V. CONCLUSION

The Court GRANTS in part and DENIES in part David J. Widi, Jr.'s Motion for Reconsideration of Summary Judgment Order (ECF No. 370), and the Court GRANTS the Executive Office of the United States Attorneys' Renewed Motion for Summary Judgment on Count XVIII (ECF No. 366). Specifically, the Court GRANTS so much of David J. Widi, Jr.'s motion for reconsideration as relates to the character letter documents underlying EOUSA Document 25 and ORDERS the EOUSA to produce those documents to David J. Widi, Jr. forthwith. The Court DENIES so much of David J. Widi, Jr.'s motion for reconsideration as relates to the documents underlying EOUSA Documents 14, 18, and 35. All disclosure issues having been fully and finally resolved, the Court ORDERS JUDGMENT in part on behalf of David J. Widi, Jr. and in part on behalf of the Executive Office of the United States Attorneys.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.

UNITED STATES DISTRICT JUDGE

Dated this 31st day of July, 2017