UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DAVID J. WIDI, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:12-cv-00188-JAW |
| | ) |
| PAUL MCNEIL, et al., | ) |
| | ) |
| Defendants. | ) |

**AMENDED RULE 54(b) CERTIFICATION ORDER ON COUNT XVIII**

On July 19, 2017, the Court issued an order on David J. Widi, Jr.'s motion for reconsideration and the Executive Office of the United States Attorneys' motion for summary judgment on Count XVIII of Mr. Widi's Second Amended Complaint. *Order on Mot. for Recons. and Renewed Mot. for Summ. J.* (ECF No. 465). In the Order, the Court concluded that judgment should issue in part on behalf of David J. Widi, Jr. and in part on behalf of the Executive Office of the United States Attorneys. *Id.* at 8. On July 21, 2017, the Court issued a Rule 54(b) Certification Order on Count XVIII. (ECF No. 466). On July 31, 2017, the Court amended its July 19, 2017 Order.[1] *Amended Order on Mot. for Recons. and Renewed Mot. for Summ. J.* (ECF No. 475). The Court now re-issues a final judgment order pursuant to Federal Rule of Civil Procedure 54(b) on Count XVIII of the Second Amended Complaint.

---

[1] It is July 19, 2017 Order, the Court erroneously stated that Mr. Widi did not respond to the Government's filing on its renewed motion for summary judgment on the issue of whether the Government was entitled to withhold EOSUA Document 35. *Order on Mot. for Recons. and Renewed Mot. for Summ. J.* at 5 (ECF No. 465). On July 28, 2017, Mr. Widi notified the Clerk's Office that he had, in fact, responded. *See Reply to EOUSA's Resp. to Order on Renewed Mot. for Summ. J.* (ECF No. 451). The Court amended its original Order to incorporate Mr. Widi's response. The Court determined, however, that Mr. Widi's response did not alter the Court's conclusions contained in its original Order.

Rule 54(b) provides in part:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

*Id.*

To order the entry of a final judgment under Rule 54(b), a court must first "consider whether the entire case as a whole and the particular disposition that has been made and for which the entry of a judgment is sought fall within the scope of the rule." 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2655 (2014 ed.). The "general requirements are that the case include either multiple claims, multiple parties, or both and that either one or more but fewer than all the claims have been finally decided or that all the rights and liabilities of at least one party have been adjudicated." *Id.* Second, a court must "expressly find that there is no just reason to delay an appeal." *Id.*

The First Circuit has illuminated the requirements for a Rule 54(b) certification. To certify a judgment pursuant to Rule 54(b), a district court must find (1) that the ruling is final and (2) that there is no just reason for delay. *Nystedt v. Nigro*, 700 F.3d 25, 29–30 (1st Cir. 2012). Finality "requires that a judgment 'dispose of all the rights and liabilities of at least one *party* as to at least one *claim*.'" *Lee-Barnes v. Puerto Ven Quarry Corp.*, 513 F.3d 20, 24 (1st Cir. 2008) (quoting *State Street Bank & Trust Co. v. Brockrim, Inc.,* 87 F.3d 1487, 1489 (1st Cir. 1996)) (emphasis in *Lee-Barnes*); *see also Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d

576, 580 (1st Cir. 1994) ("[T]he ruling underlying the proposed judgment must itself be final in the sense that it disposes completely either of all claims against a given defendant or of some discrete substantive claim or set of claims against the defendants generally") (citing *Spiegel v. Trustees of Tufts College*, 843 F.2d 38, 43 (1st Cir. 1988)). After the court determines finality, it turns to whether there is no just reason for delay by assessing "(1) any interrelationship or overlap among the various legal and factual issues involved in the dismissed and the pending claims, and (2) any equities and efficiencies implicated by the requested piecemeal review." *Credit Francais Int'l, S.A. v. Bio-Vita, Ltd.*, 78 F.3d 698, 706 (1st Cir. 1996) (citing *Kersey v. Dennison Mfg. Co.*, 3 F.3d 482, 487 (1st Cir. 1993)). Finally, if a district court certifies a judgment pursuant to Rule 54(b), "it should not only make that explicit determination but should also make specific findings and set forth its reasoning." *Quinn v. City of Boston*, 325 F.3d 18, 26 (1st Cir. 2003) (citing *Spiegel*, 843 F.2d at 42–43).

On November 18, 2013, Mr. Widi filed a second amended complaint consisting of sixty-nine pages and eighteen counts. *Second Am. Compl.* (ECF No. 191). In the main, the second amended complaint makes a variety of claims against law enforcement officers who were involved in the investigation and prosecution of federal charges against Mr. Widi. *Id.* at 1–58. Mr. Widi elected to include in the second amended complaint a Freedom of Information Act (FOIA)/Privacy Act (PA) count. *Id.* at 59–62. The party defendants to Count XVIII are (1) the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), (2) the Executive Office of the United

States Attorneys (EOUSA), and (3) the Office of Information Policy (OIP). *Id.* In the Court's view, its July 31, 2017 Order as amended is a final order for purposes of the FOIA/PA claims in Count XVIII as against the ATF, EOUSA and OIP. Thus, the Order resolves in their entirety "all the rights and liabilities of at least one *party* as to at least one *claim.*" *Lee-Barnes*, 513 F.3d at 24.

Nor is there any direct "interrelationship or overlap" between the FOIA/PA claims and the rest of the second amended complaint. *Credit Francais*, 78 F.3d at 706. Although some of the FOIA/PA requests may have some bearing on the other pending counts, having addressed the remaining counts in multitudinous motions over the last five years, the Court is aware of no direct relationship between the seventeen other remaining counts and the FOIA/PA count, and Mr. Widi has not asserted that the FOIA/PA information would be directly relevant to his other claims. Furthermore, Mr. Widi could have initiated an entirely separate legal action setting forth his FOIA/PA claims, and if he had done so, the final order on the FOIA/PA claims would have been subject to appeal.

The Court views the "equities and efficiencies" as being in favor of Rule 54(b) certification. *Id.* at 706. It is true that there is a disinclination to grant piecemeal appellate review of a case, which is the factor that caused the Court to deny Rule 54(b) certification in a separate motion involving one of the other counts. *See Order Den. Defs.' Clark and Lyon's Mot. for Final J.* (ECF No. 361). However, here, because the count is a stand-alone claim and because the remaining counts are barely inching

toward finality, the Court can see no reason to delay the final resolution of Mr. Widi's FOIA/PA claims.

In accordance with Federal Rule of Civil Procedure 54(b), the Court hereby CERTIFIES that its Amended Order dated July 31, 2017 (ECF No. 475) is a FINAL JUDGMENT of the Court and therefore subject to immediate appeal, if the parties elect to appeal, to the Court of Appeals for the First Circuit.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 31st day of July, 2017