UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DAVID J. WIDI, JR., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 2:12-cv-00188-JAW |
| PAUL MCNEIL, et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER ON PLAINTIFF'S MOTION TO CORRECT RECORD

On July 26, 2017, the Court issued a Rule 54(b) Certification Order, directing the entry of a final judgment as to David J. Widi, Jr.'s Right to Financial Privacy Act claims against TD BankNorth (TD Bank) and the United States Attorney's Office (USAO). *Rule 54(b) Certification Order* (ECF No. 469) (*Rule 54(b) Order*). In the Order, the Court wrote:

> In accordance with Federal Rule of Civil Procedure 54(b), the Court hereby CERTIFIES that its Order granting TD Bank's motion for summary judgment on Count XI of the First Amended Complaint (ECF No. 171), its Screening Order prohibiting Mr. Widi from reviving its claim against TD Bank in Count XVII of the Second Amended Complaint (ECF No. 270), and its Order granting the United States Attorney's Office's motion for summary judgment on Count XVII of the Second Amended Complaint (ECF No. 467) are FINAL JUDGMENTS of the Court and are subject to immediate appeal to the Court of Appeals for the First Circuit.

*Id.* at 6. On September 5, 2017, Mr. Widi moved to correct the record. *Mot. to Correct the Record Pertaining to ECF # 469 and ECF # 470* (ECF No. 485).[1]

---

[1] Mr. Widi's motion is incorrectly captioned Motion to Correct the Record Pertaining to ECF #369 and ECF #370. However, in the body of the motion he correctly refers to ECF #469 and ECF

Mr. Widi is concerned that, in its certification order, the Court did not mention certain motions and orders. He says that the Court omitted the fact that he filed a motion to strike and renewed request for a discovery order and a motion for reconsideration of the order granting TD Bank's motion for summary judgment. *Id.* at 1. The reason the Court listed in its Certification Order the order granting TD Bank's motion for summary judgment and its screening order is that these orders could be construed as dispositive order leading to the judgment in favor of TD Bank and against Mr. Widi. The secondary orders are not necessary to allow Mr. Widi to appeal the judgment. Once Mr. Widi appeals, as he has, the judgment, he is entitled to bring to the attention of the Court of Appeals for the First Circuit all the alleged mistakes of law that are subsumed by the judgment.

Next, Mr. Widi claims that the Court was mistaken in its Certification Order, when it recited a portion of the history of his claims against TD Bank and the USAO. *Id.* at 2. The Court does not agree with Mr. Widi's interpretation of the allegations in his original and amended complaints. Even so, it does not matter. Either view—Mr. Widi's or the Court's—is of no significance for purposes of his appeal, since he is entitled to appeal the judgments in favor of both TD Bank and the USAO, regardless of when Mr. Widi brought the USAO into the case.

Finally, Mr. Widi asserts that the Court misrepresented the complicated trajectory of his claim against the USAO and he wishes to preserve the issue to

---

#470. On September 5, 2017, the Clerk's Office docketed a Notice of Docket Entry Modification correcting the caption of the motion (ECF No. 487). In this Order, the Court will refer to ECF No. 469 and ECF No. 470.

2

demonstrate this Judge's bias against him and to challenge this Judge's refusal to recuse from his case. The docket entries speak for themselves and Mr. Widi may place before the First Circuit whatever allegations he contends are justified by the docket.

The Court DENIES David J. Widi, Jr.'s Motion to Correct the Record Pertaining to ECF # 469 and ECF # 470 (ECF No. 485).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 5th day of October, 2017