UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DAVID J. WIDI, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:12-cv-00188-JAW |
| | ) | |
| PAUL MCNEIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DISCOVERY MOTION**

The parties dispute whether a plaintiff may obtain discovery under Federal Rule of Civil Procedure 56(d). The Court orders the parties to confer pursuant to Local Rule 26(b) and report to the Court as to whether they are able to agree to the limited and focused discovery described in this Order.

**I.    BACKGROUND**

On June 13, 2012, David J. Widi, Jr. filed a complaint against a number of state and federal officials pursuant to 42 U.S.C. § 1983, including Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF) Agents Stephen E. Hickey and Michael A. Grasso, claiming they violated his civil rights on November 28, 2008. *Compl.* (ECF No. 1). More than five years later, Mr. Widi's case remains pending. Mr. Widi filed a Second Amended Complaint on November 18, 2013. *Second Amended Compl.* (ECF No. 191). It serves no useful purpose to wend through the procedural maze that preceded this motion.

The Court begins on January 10, 2017, when the Court permitted Mr. Widi to assert a claim in Count VII of the Second Amended Complaint against Agents Hickey and Grasso, based on Mr. Widi's claim that they unlawfully searched the so-called grey trailer that was on the grounds of his residence and found and photographed a motorcycle inside. *Order on Mot. for Recons.* at 19 (ECF No. 392).

To substantiate his allegations against Agents Hickey and Grasso, Mr. Widi referred to the fact that the Agents' names appear on a photo log, "which lists "Grasso" for Photo 20 as the person who found the evidence, names the location of the photograph as the 'Utility Trailer w/ Harley,' and lists Stephen Hickey as the photographer." *Id.* at 19. In his motion for reconsideration, Mr. Widi alleged that this means that "Special Agent Grasso found the utility trailer with the motorcycle inside, and Special Agent Hickey took photographs of it." *Id.* (citing *Mot. for Recons.* at 18 (ECF No. 292)). Mr. Widi attached a photograph to his motion for reconsideration that showed an enclosed trailer with the door open and a motorcycle inside. *Id.* (citing App. at A39).

The Court characterized this accumulated evidence against Agents Grasso and Hickey as "thin." *Id.* Nevertheless, viewing Mr. Widi's allegations extremely charitably for purposes of the screening mechanism in 28 U.S.C. § 1915A, the Court concluded it was constrained to allow the Second Amended Complaint to go forward against these Agents. *Id.* at 6-7, 19-20, 32.

On April 18, 2017, Agents Hickey and Grasso filed a motion for summary judgment, *Stephen E. Hickey and Michael Grasso's Mot. for Summ. J. on Count VII*

*of the Second Am. Compl.* (ECF No. 428), and a Statement of Undisputed Material Facts. *Statement of Undisputed Material Facts* (ECF No. 429) (DSMF). In their motion, the Agents present a starkly different version of what transpired during the November 28, 2008 search regarding the grey trailer, and they have submitted affidavits from the Agents and others to back up their version of the events.

They say that it is part of standard operating procedure for ATF to videotape the premises before executing a search warrant. DSMF Attach. 5, *Decl. of Stephen E. Hickey* ¶ 4; Attach. 3, *Decl. of Douglas Kirk* ¶ 4 (*Kirk Decl.*); Attach. 2, *Decl. of Michael Grasso* ¶ 4. Agent Kirk videotaped the premises, including the grey trailer, before the search began, and when he did so, the trailer was "wide open." *Kirk Decl.* ¶ 7. Agent Hickey was assigned to take photographs of the premises and the items found during the search. *Hickey Decl.* ¶ 5. Agent Grasso was part of the search team. *Grasso Decl.* ¶ 6. While the search was being conducted, Agent Grasso asked Agent Hickey to photograph the trailer and at that time the Harley Davidson was in plain view. *Hickey Decl.* ¶¶ 6, 7, 9. Neither Agent Hickey nor Agent Grasso has any information regarding who, if anyone, opened the trailer on November 28, 2008 and they believe it is possible the trailer was open when the law enforcement officers arrived to execute the search warrant. *Hickey Decl.* ¶ 10; *Grasso Decl.* ¶ 10.

Mr. Widi's response to the Agents' motion for summary judgment was originally due on May 9, 2017. On May 22, 2017, Mr. Widi filed a motion to extend time to file an opposition to the motion for summary judgment. *Mot. to Enlarge Time to File Opp'n to Defs. Hickey and Grasso's Mot. for Summ. J. on Count VII* (ECF No.

3

442). In that motion, Mr. Widi, who was still incarcerated, claimed that he had been unable to view the DVD that depicted the premises before the search. *Id.* at 1. On May 23, 2017, the Court asked Agents Hickey and Grasso to confirm that they had supplied Mr. Widi with a copy of the DVD. *Order* (ECF No. 444). On May 23, 2017, the Agents confirmed that they had in fact sent Mr. Widi a copy of the DVD by certified mail and that it had been received by FCI Pollock on April 21, 2017. *Stephen E. Hickey and Michael Grasso's Resp. to Mot. to Enlarge Time (ECF No. 442) and the Court's Interim Order with Respect to Same (ECF No. 444)* (ECF No. 445). Having concluded that Mr. Widi's inability to view the DVD was not caused by the Agents and was the result of internal policy within the Bureau of Prisons, the Court granted Mr. Widi's motion and his response was then due on June 30, 2017. *Order* (ECF No. 446).

On July 3, 2017, Mr. Widi filed another motion to extend time. *Second Mot. to Enlarge Time to File Opp'n to Defs. Hickey and Grasso's Mot. for Summ. J. on Count VII* (ECF No. 457). Mr. Widi engaged in an extended discussion about the Bureau of Prisons hurdles that prevented him from viewing the DVD. *Id.* at 1-2. At the same time, he noted that he was scheduled to be released from Bureau of Prisons' custody on July 7, 2017, which seemed to obviate his viewing difficulties. *Id.* at 2. However, Mr. Widi raised another issue: discovery. *Id.* at 2. He said that on March 6, 2017, he had made a discovery request to Agents Hickey and Grasso, but that he never received a response. *Id.* Mr. Widi stated that he followed up with a letter by certified mail and was "hoping that the Defendants will respond in the immediate future and

4

[believed] that the requested discovery [was] necessary to effectively oppose the Defendants' motion." *Id.* On July 6, 2017, the Court granted Mr. Widi's motion in large part and extended the time for response to July 28, 2017. *Order on David J. Widi, Jr.'s Second Mot. to Enlarge Time to File Opp'n to Defs. Hickey and Grasso's Mot. for Summ. J. on Count VII* (ECF No. 458).

On July 10, 2017, Agents Hickey and Grasso filed a so-called status report concerning Mr. Widi's discovery requests. *Stephen E. Hickey and Michael Grasso's Status Report Regarding Pl.'s Purported Disc. Reqs.* (ECF No. 461). In their status report, Agents Hickey and Grasso write that Mr. Widi did not serve his "'discovery requests' until *after* Defendants had filed their Motion for Summary Judgment." *Id.* at 1 (emphasis in original). Accordingly, the Agents say, they "do not intend to respond to them until and unless Widi complies with Fed.R.Civ.P. 56(d)." *Id.* The Agents also dispute whether Mr. Widi sent the discovery requests when he said he sent them. *Id.* at 1-3. Furthermore, the Agents say that it is black letter law that a "litigant who invokes [Rule 56(d)] must make an authoritative and timely proffer showing 'good cause for his inability to have discovered or marshaled the necessary facts earlier in the proceedings; (ii) a plausible basis for believing that additional facts probably exist and can be retrieved within a reasonable time; and (iii) an explanation of how those facts, if collected, will suffice to defeat the pending summary judgment motion.'" *Id.* at 3 (quoting *Donovan v. Fowle*, No. 1:09-cv-00328-JAW, 2010 U.S. Dist. LEXIS 43675 (D. Me. May 3, 2010) (quoting *Rivera-Torres v. Rey-Hernandez*, 502 F.3d 7, 10 (1st Cir. 2007)).

On the same day, Mr. Widi filed a motion to compel discovery. *Mot. to Compel Disc.* (ECF No. 462). To his discovery motion, Mr. Widi attached a discovery request, asking Agents Hickey and Grasso to produce a large number of documents and information relating to the November 28, 2008 search. *Id.* Attach. 1, *Disc. Req.* On July 17, 2017, Agents Hickey and Grasso responded, opposing Mr. Widi's discovery requests. *Stephen E. Hickey and Michael Grasso's Opp'n to Pl.'s Mot. to Compel Disc.* (ECF No. 464). On September 5, 2017, Mr. Widi replied to the Defendants' response to his motion to compel discovery. *Reply to Hickey and Grasso's Opp'n to Pl.'s Mot. to Compel Disc.* (ECF No. 488).

On July 28, 2017, Mr. Widi responded to the Agents' motion for summary judgment, filed a response to their statement of undisputed material fact, and presented additional material facts. *Opp'n to Hickey and Grasso's Mot. for Summ. J. on Count VII of the Second Am. Compl.* (ECF No. 473) (*Widi Opp'n*); *Opposing Statement of Material Facts* (ECF No. 474) (PRDSMF) (PSAMF).

On August 7, 2017, Agents Hickey and Grasso replied to Mr. Widi's response to their motion for summary judgment and replied to his statement of additional material facts. *Stephen E. Hickey and Michael Grasso's Reply Br. in Support of Their Mot. for Summ. J. on Count VII of the Second Am. Compl.* (ECF No. 479) (*Defs.' Reply*); *Defs.' Resps. to Pl.'s Statement of Additional Facts* (ECF No. 480) (DRPSAMF).

## II. DISCUSSION

This case has traveled a highly unusual course. Typically, a case filed by a pro se plaintiff who is incarcerated is subject to a rapid initial screening under 28 U.S.C.

6

§ 1915A. If the complaint survives the screening, the Court allows the complaint to be served on the governmental defendants, the governmental defendants answer the complaint, the Court addresses any motions to dismiss, a scheduling order issues, discovery ensues, the Court addresses any motions for summary judgment, and the case is set for trial, assuming that no dispositive order is issued.

For at least a couple of reasons, this case has not followed that traditional path. After Mr. Widi filed his original Complaint on June 13, 2012, the then Magistrate Judge issued an early, but markedly incomplete screening order. *Order for Serv. After Screening Compl. Pursuant to 28 U.S.C. § 1915A* (ECF No. 6). Mr. Widi's original Complaint listed forty separate Defendants and contained thirteen separate Counts. *Id.* at 1. In her screening order, however, the Magistrate Judge elected to address only a few of the Defendants and authorized the Clerk to prepare summonses against only five: Special Agent Paul McNeil of ATF, TD BankNorth, Special Agent Kevin Curran, Maine Probation Agent Dennis R. Clark and Maine Probation Agent Michael Lyons. *Id.* The Magistrate Judge referred to the other thirty-five Defendants:

> I am not issuing a recommendation regarding the dismissal of the other putative defendants and claims at this juncture. Instead, I am simply holding those aspects of the case in abeyance until the five principal defendants have been served and filed any initial motions they intend to file. Following consideration of those matters I will make a further determination regarding service upon other defendants and whether any other claims have been sufficiently set forth under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Id.* at 2. This order left the claims against the other thirty-five defendants frozen without resolution for years. The Magistrate Judge could not have foreseen the

7

difficulty and delay caused by her decision to issue a partial screening order. Mr. Widi's Complaint (now Second Amended Complaint) was not finally screened under 28 U.S.C. § 1915A until January 10, 2017. *Order on Mot. for Reconsideration* (ECF No. 392).

A second unusual aspect of this case has been that Mr. Widi elected to include two Counts unrelated to his complaints about his November 28, 2008 arrest and the search and seizure of his property that day. One was Count XVIII, involving the Freedom of Information Act (FOIA), *Second Amended Compl.* at 59-62, and the other was Count XVII, involving a grand jury issue. *Id.* at 56-58. These claims took time to resolve and cluttered an already dense docket. The Court finally issued judgments in both these claims and they are on appeal to the Court of Appeals for the First Circuit. *Judgment* (ECF No. 468); *Judgment* (ECF No. 470). Nevertheless, in retrospect, it would have been cleaner if Mr. Widi had filed those claims separately or if the Court had severed them from the November 28, 2008 claims.

In addition to the FOIA and grand jury defendants, the other Defendants began to file dispositive motions. The FOIA Count, the grand jury Count, and some of the claims against the remaining governmental defendants were susceptible to resolution either on a motion to dismiss or a motion for summary judgment, and the Court set to work deciding the motions as filed. But none was simple and Mr. Widi subjected nearly all adverse orders to motions for reconsideration, sometimes multiple times. Furthermore, at least to July 7, 2017, Mr. Widi was incarcerated and

his incarceration created significant impediments to the efficient resolution of his claims, beginning with the so-called mailbox rule.

All the while, the Court held off issuing a traditional scheduling order in the hope that the parties ultimately subject to discovery would be only those parties properly named in the lawsuit. Now that the Court and the parties are five years into the case with no end in sight, the Court's decision not to issue a scheduling order was a mistake, one the Court intends to rectify. But for the purposes of this motion, there has been no authorized period of discovery.

With this background, Agents Hickey and Grasso filed a motion for summary judgment, directly challenging Mr. Widi's factual assertions that led to the Court's screening order. In sworn declarations, the Agents say that when they came upon the trailer, the trailer door was open, and they were able to see and photograph the Harley-Davidson motorcycle, which was open to public view.

In response, Mr. Widi demands an enormous amount of discovery from the Agents. *Disc. Req.* at 1-3. Mr. Widi says he needs this information to dispute Agent Hickey and Grasso's assertions that the trailer door was open when they came upon it. *Mot. Compel* at 3-4. Mr. Widi plans to submit an affidavit saying that the trailer door was shut when he left his premises. *Id.* at 4. But Mr. Widi also concedes that he wants to obtain information through Agents Hickey and Grasso because he wishes to pursue other defendants in this case, including state defendants. *Id.*

Rule 56(d) is typically cited after a period of discovery has lapsed and one of the parties has moved for summary judgment. Thus, for example, in *Donovan*, the

9

motion for summary judgment had been filed "after the expiration of the discovery period" and was in the Magistrate Judge's view, "no 'early' filed motion." 2010 U.S. LEXIS 43675, at *2 n.1. In *Rivera-Torres*, the First Circuit assumed that the party resorting to Rule 56(d) had been given the opportunity to conduct some discovery. 502 F.3d at 11 ("[A] party seeking to derive the benefit of Rule 56([d]) must demonstrate due diligence both in conducting discovery before the emergence of the summary judgment motion and in pursuing an extension of time once the motion has surfaced").[1] At the same time, as the Magistrate Judge also pointed out, a Rule 56(d) motion does not "turn on the fact that the discovery period has expired." *Donovan*, 2010 U.S. LEXIS 43675, at *2 n.1.

Rule 56(d), regardless of when the motion for summary judgment is filed, forces the responding party to explain why discovery is necessary in light of the contents of the moving party's motion. As noted earlier, the First Circuit requires good cause, a plausible basis for believing the additional facts probably exist and can be readily retrieved, and an explanation of how these facts will defeat summary judgment. *Rivera-Torres*, 502 F.3d at 10.

Here, Mr. Widi has come up with a minimal explanation for why he needs discovery. Taking the quicker issue first, the Court will not authorize Mr. Widi to engage in any discovery of Agents Hickey and Grasso in order to facilitate discovery against other defendants. This, in the Court's view, would be an abuse of the

---

[1] The *Rivera-Torres* Court cites Federal Rule of Civil Procedure 56(f). 502 F.3d at 11. In 2010, the subsection (f) was moved to subsection (d). FED. R. CIV. P. 56, advisory committee note (2010) ("Subdivision (d) carries forward without substantial change the provisions of former subsection (f)"). The Court has altered the First Circuit citation to reflect the currently applicable subsection.

10

discovery process and the Court will not allow it. Thus, for example, although Mr. Widi may concede that there is no evidence that either Agent Hickey or Agent Grasso actually opened the trailer door, he suspects that someone else must have done so. This is not sufficient, in the Court's view, to subject Agent Hickey or Agent Grasso to the expense, time, and trouble of discovery as party defendants.

Nor will the Court authorize Mr. Widi to engage in a fishing expedition for potentially voluminous and marginally relevant information, such as "any and all communications amongst federal and/or state agencies, bureaus or departments related to the investigation of Mr. Widi and the searches on November 28 and December 4, 2008." *Disc. Req.* at 2.

Given the fact that the discovery period has never commenced, the Court is slightly more sympathetic to his request for discovery concerning whether Agent Hickey or Agent Grasso opened the trailer door. The Agents swear under oath that they did not, but ordinarily a litigant is not required to accept at face value a declaration, even a sworn declaration, from his opponent. Even so, Mr. Widi himself acknowledges that he was not present when Agents Hickey and Grasso took the photographs and the Court remains mystified as to how he intends to disprove what these Agents represented under oath. Nevertheless, for example, if Agents Hickey and Grasso authored contemporaneous reports of their participation in the November 28, 2008 search, it seems appropriate for them to divulge those reports to Mr. Widi. There may be a limited number of other reports and similar documents that fall into

11

this category.  To this end, the Court envisions an extremely narrow and focused set of documents susceptible to Rule 56(d) discovery.

Where the parties are involved in a discovery dispute, Local Rule 26(b) requires the parties to engage in a good faith effort to resolve the dispute.  LOC. RUL. D. ME. 26(b).  They have not done so.  Accordingly, the Court will require Mr. Widi and counsel for Agents Hickey and Grasso to confer, for counsel for Agents Hickey and Grasso to review whether there are discovery documents directly responsive to the narrow issue before the Court, and for Mr. Widi to reassess what discovery he really requires in light of the contents of this Order.  The Court ORDERS the parties to report to the Court the results of their Local Rule 26(b) consultation within two weeks of the date of this Order.

## III. CONCLUSION

The Court DEFERS final ruling on David J. Widi, Jr.'s Motion to Compel Discovery (ECF No. 462) pending the Local Rule 26(b) consultation and report.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 13th day of October, 2017