| | | |
|---|---|---|
| DAVID J. WIDI, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:12-cv-00188-JAW |
| | ) | |
| PAUL MCNEIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER ON MOTION FOR DISCOVERY AND MOTION FOR RECONSIDERATION OF DISCOVERY ORDER

The Court defers ruling on a plaintiff's motion to compel discovery in order to give the defendants an opportunity to respond to the issues raised in his motion. The Court denies the plaintiff's separately-filed motion for reconsideration of the discovery order because the plaintiff is entitled to only limited discovery under Federal Rule of Civil Procedure 56(d) in response to the defendants' filing of a motion for summary judgment.

### I. BACKGROUND

On October 13, 2017, the Court issued an order on discovery motions, deferring final ruling on the motion until the parties conferred pursuant to Local Rule 26(b) and reported to the Court. *Order on Disc. Mot.* (ECF No. 510). The genesis of this motion is a motion for summary judgment that Agents Hickey and Grasso filed on April 18, 2017. *Stephen E. Hickey and Michael Grasso's Mot. for Summ. J. on Count VII of the Second Am. Compl.* (ECF No. 428). In response, after getting an extension of time within which to respond to the motion, Mr. Widi requested that Agents Hickey

and Grasso respond to a pending discovery request before he responded to the pending motion. *Second Mot. to Enlarge Time to File Opp'n to Defs. Hickey and Grasso's Mot. for Summ. J. on Count VII* (ECF No. 457). The Agents objected to responding to discovery until Mr. Widi complied with Federal Rule of Civil Procedure 56(d). *Stephen E. Hickey and Michael Grasso's Status Report Regarding Pl.'s Purported Disc. Reqs.* (ECF No. 461). Mr. Widi filed a motion to compel discovery to which he attached a discovery request for an extensive list of documents and other information. *Mot. to Compel Disc.* (ECF No. 462). Agents Hickey and Grasso objected to Mr. Widi's discovery request. *Stephen E. Hickey and Michael Grasso's Opp'n to Pl.'s Mot. to Compel Disc.* (ECF No. 464). On September 5, 2017, Mr. Widi replied to the Agents' response. *Reply to Hickey and Grasso's Opp'n to Pl.'s Mot. to Compel Disc.* (ECF No. 488).

On July 28, 2017, Mr. Widi responded to the Agents' motion for summary judgment and on August 7, 2017, the Agents replied to Mr. Widi's response to their motion for summary judgment. *Opp'n to Hickey and Grasso's Mot. for Summ. J. on Count VII of the Second Am. Compl.* (ECF No. 473); *Stephen E. Hickey and Michael Grasso's Reply Br. in Support of Their Mot. for Summ. J. on Count VII of the Second Am. Compl.* (ECF No. 479).

On October 13, 2017, the Court issued an order, deferring a final ruling on Mr. Widi's motion to compel discovery until the parties had conferred about discovery and reported back to the Court. *Order on Disc. Mot.* at 12 (ECF No. 510). On October 18, 2017, the Agents' counsel filed a joint motion to extend the time to file a report to the

Court for one week. *Jt. Mot. for a One-Week Extension of the Deadline for Submitting a Report of Local Rule 26(b) Conf.* (ECF No. 514). Mr. Widi contacted the Clerk's Office and objected to the joint nature of the motion, leading the Court to issue yet another order, noting that "the upshot is that Mr. Widi agreed to the filing of a joint motion, and, once filed, decided to oppose it." *Order on Jt. Mot. to Extend* (ECF No. 515). On October 26, 2017, the Court reset the due date at November 3, 2017 for the report of counsel regarding the Local Rule 26(b) conference. *Id.* at 3.

On November 3, 2017, Agents Hickey and Grasso complied with the Court's order and filed a report of the Local Rule 26(b) conference. *Defs.' Report of Local Rule 26(b) Conf.* (ECF No. 519) (*Defs.' Report*). Mr. Widi did not comply in a timely fashion. Instead, after being granted an extension of time, Mr. Widi prepared and filed a motion for reconsideration of the discovery order. *Mot. for Recons. of Order on Disc. Mot. (ECF # 510)* (ECF No. 518) (*Mot. for Recons.*). Finally, on November 5, 2017, Mr. Widi filed his report of the Local Rule 26(b) conference. *Pl.'s Report of Local Rule 26(b) Conf.* (ECF No. 521) (*Pl.'s Report*).

## II.    DISCUSSION

### A.    Motion to Compel Discovery

In their report of the results of the Local Rule 26(b) conference, Agents Hickey and Grasso noted that they assumed Mr. Widi had already been provided with documentation during his criminal case and they inquired of Mr. Widi what documents he already possessed. *Defs.' Report* at 2. After some delay, Mr. Widi asked them to assume he had no documents. *Id.* Counsel for Agents Hickey and Grasso

produced two hundred and ten pages of documents to Mr. Widi on November 3, 2017. *Id.*

In his late-filed report, Mr. Widi complains that the Defendants "have not disclosed anything other than what was already provided to Mr. Widi during his criminal case." *Pl.'s Report* at 2. He asserts that the existence of other relevant reports that had been produced by ATF was discussed during the FOIA litigation. *Id.* (citing ECF No. 370:2). Mr. Widi also objects to the Defendants' claim that they "do not have" any other documents. *Id.* In his view, he is entitled to documents from others if the Agents were "in privity" with other people or institutions who possess the documents. *Id.* He urges the Court to revisit its January 10, 2017 order in which it dismissed without prejudice a series of subpoenas that Mr. Widi moved to have issued against a number of third parties, including the town of Eliot. *Id.* at 2; *see Mot. for Issuance of Subpoena* (ECF No. 362); *Order on Mot. for Recons.* at 31 (ECF No. 392).

Mr. Widi disputes the Agents' assertion that they did not author any reports because he contends ATF regulations require agents to file reports of any criminal investigations. *Id.* at 3. Mr. Widi contends that the photo log submitted by the Defendants in this case differs from the photo log generated during the search. *Id.* (citing ECF No. 429-5:11 and ECF No. 473-4). Mr. Widi says that one of the photographs taken during the search shows a photo log with entirely different entries than the one now proffered by the defendants and accuses the Agents of making "patently false" representations. *Id.*

Mr. Widi maintains that the Agents have not attempted to resolve the discovery issues in good faith and argues that this Court should grant the motion to compel discovery and any further relief deemed just including the issuance of third party subpoenas against the town of Eliot and the United States. *Id.*

B.   **Motion for Reconsideration**

In his motion for reconsideration, Mr. Widi recites his own version of the history of this complicated case. *Mot. for Recons.* at 1-11. He insists that the Court erred in forcing him to litigate motions for summary judgment without discovery and argues that the Court's order, which allowed him limited discovery under Rule 56(d), compounded the Court's error. *Id.* at 6. Mr. Widi says that his complaint should have been treated the same way the Court treats other civil actions. *Id.* at 7 (quoting *Levecque v. Argo Mktg. Group*, No. 2:14-cv-00218-JAW, 2015 U.S. Dist. LEXIS 23566, at *23 (D. Me. Feb. 25, 2015)). Mr. Widi contends that he should be entitled to engage in full discovery against Agents Hickey and Grasso before facing a motion for summary judgment. *Id.* at 7-11.

First, the Court observes that Mr. Widi has filed a motion to reconsider an order that deferred a final decision. Technically, he should have waited until a final order before moving to reconsider because the final order may have given him less to object about.

Putting that aside, the difference between Mr. Widi's case and a typical civil action is that—with exceptions not relevant here—his lawsuit is against governments and governmental officials, specifically law enforcement personnel, who enjoy the

benefits of qualified immunity. In 1982, the United States Supreme Court decided *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), which held that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 818. Significantly, the *Harlow* Court wrote that "bare allegations of malice should not suffice to subject government officials either to the costs of trial or to the burdens of broad-reaching discovery." *Id.* Thus, "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Id.*

In *Hegarty v. Somerset County*, 25 F.3d 17 (1st Cir. 1994), the Court of Appeals for the First Circuit, addressing the granting of a motion for summary judgment in favor of the officers, declined to allow discovery to proceed against the officers while an interlocutory appeal on the immunity issue was before the appellate court. *Id.* at 18. The *Hegarty* Court observed that "immunity from suit includes protection from the burdens of discovery." *Id.* The First Circuit also noted that the district court in that case "prior to its ruling on the issue of qualified immunity, properly ordered some discovery *limited to that issue.*" *Id.* (emphasis in original). It cited the United States Supreme Court case of *Anderson v. Creighton*, 483 U.S. 635 (1987), for the proposition that "discovery tailored specifically to the question of qualified immunity may be necessary before a motion for summary judgment on qualified immunity grounds can be resolved." *Hegarty*, 25 F.3d at 18 (citing *Anderson*, 483 U.S. at 646 n.6).

Here, Agents Hickey and Grasso both raised qualified immunity as an affirmative defense. *Stephen E. Hickey, Jr.'s Ans. to Second Am. Compl. and Affirmative Defenses* at 29 (ECF No. 424); *Michael Grasso's Ans. to Second Am. Compl. and Affirmative Defenses* at 28 (ECF No. 425) ("Defendant is entitled to qualified immunity"). Therefore, Mr. Widi has not been entitled to discovery in the initial stages of the lawsuit.

After the Agents filed a motion for summary judgment and Mr. Widi requested discovery, the Court was willing to allow some discovery, especially since the Agents' motion was not grounded on qualified immunity and instead is based on the Agents' factual assertion that the motorcycle was in plain view when they came upon it. *See Stephen E. Hickey and Michael Grasso's Mot. for Summ. J. on Count VII of the Second Am. Compl.* at 4-5 (ECF No. 428). This is where Federal Rule of Civil Procedure 56(d) comes into play. Agents Hickey and Grasso filed their motion for summary judgment based on a very narrow factual issue: whether the door of the grey trailer was open when they came upon it and photographed it. As the Court explained in its October 13, 2017 order, Rule 56(d) is typically invoked after the discovery period has lapsed, but not necessarily. *Order on Disc. Mot.* at 10 (ECF No. 510) (citing *Donovan v. Fowle*, No. 1:09-cv-00328-JAW, 2010 U.S. Dist. LEXIS 43675, at *2 n.1 (D. Me. May 3, 2010)). Here, the Agents have placed a singular factual issue before the Court and under Rule 56(d), it makes sense that Mr. Widi be allowed some discovery on that issue alone.

The Court explained all of this in its October 13, 2017 order. *Id.* at 9-12. This is why the Court ordered Mr. Widi to confer with counsel for the Agents to determine whether the parties could come to an agreement on a limited subset of discovery. However, Mr. Widi filed a late response to that order and elected instead to file an extensive motion, insisting that he is entitled to complete and unfettered discovery. He is not. Moreover, instead of strictly complying in good faith with the Court order, Mr. Widi again chose to attack the Court's integrity. *Pl.'s Mot.* at 9 ("The fact of the matter is that for five years this Court has been attempting to prevent Mr. Widi's claims from moving forward. The Court has not been concerned with getting to the truth of the matter, otherwise it would have allowed discovery a long time ago"). If an attorney filed a late response to a court order and in the interim filed an extensive motion attacking the integrity of the court, the court would consider sanctions.

Nevertheless, the Court recognizes that Mr. Widi, as a pro se litigant, may not have understood that discovery is typically limited in cases involving government entities and government officials and that Rule 56(d) allows a court to narrow discovery upon the filing of a motion for summary judgment, whenever the motion is filed. Furthermore, the Agents have not had an opportunity to respond to Mr. Widi's most recent filing, namely his report of the Local Rule 26(b) conference, and the Court will allow the Agents time to make a formal response. The Court ORDERS Defendants Hickey and Grasso to file a response to Mr. Widi's November 5, 2017 response within two weeks from the date of this order.

In summary, for the parties' benefit, because the Agents filed a motion for summary judgment based on an assertion of non-disputed facts, not on an assertion of qualified immunity, the Court will allow Mr. Widi some discovery on the narrow factual issue presented by the motion.

Finally, if the Agents do not prevail in their pending motion, Mr. Widi will be allowed to proceed with discovery in accordance with the Scheduling Order the Court issued on October 13, 2017. *Scheduling Order* (ECF No. 512).

## III. CONCLUSION

The Court DEFERS action on David J. Widi, Jr.'s Motion to Compel Discovery (ECF No. 462), ORDERS Defendants to respond to David J. Widi's Report of Local Rule 26(b) Conference within two weeks of the date of this order, and DENIES his Motion for Reconsideration of Order on Discovery Motion (ECF # 510) (ECF No. 518).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 15th day of November, 2017