UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DAVID J. WIDI, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:12-cv-00188-JAW |
| | ) | |
| PAUL MCNEIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION FOR DISCOVERY**

The Court denies plaintiff's motion to compel discovery because the plaintiff has failed to present a plausible basis for believing that additional facts exist and can readily be retrieved together with an explanation of how those facts will defeat summary judgment.

**I.  BACKGROUND**

On October 13, 2017, the Court issued an order on discovery motions, deferring final ruling on the motion until the parties conferred pursuant to Local Rule 26(b) and reported to the Court. *Order on Disc. Mot.* (ECF No. 510) (*First Disc. Order*). The genesis of this motion is a motion for summary judgment that Agents Hickey and Grasso filed on April 18, 2017. *Stephen E. Hickey and Michael Grasso's Mot. for Summ. J. on Count VII of the Second Am. Compl.* (ECF No. 428). In response, after getting an extension of time within which to respond to the motion, Mr. Widi requested that Agents Hickey and Grasso respond to a pending discovery request before he responded to the pending motion. *Second Mot. to Enlarge Time to File Opp'n*

to Defs. Hickey and Grasso's Mot. for Summ. J. on Count VII* (ECF No. 457). The Agents objected to responding to discovery until Mr. Widi complied with Federal Rule of Civil Procedure 56(d). *Stephen E. Hickey and Michael Grasso's Status Report Regarding Pl.'s Purported Disc. Reqs.* (ECF No. 461). On July 10, 2017, Mr. Widi filed a motion to compel discovery to which he attached a discovery request for an extensive list of documents and other information. *Mot. to Compel Disc.* (ECF No. 462) (*Mot. to Compel*). Agents Hickey and Grasso objected to Mr. Widi's discovery request. *Stephen E. Hickey and Michael Grasso's Opp'n to Pl.'s Mot. to Compel Disc.* (ECF No. 464). On September 5, 2017, Mr. Widi replied to the Agents' response. *Reply to Hickey and Grasso's Opp'n to Pl.'s Mot. to Compel Disc.* (ECF No. 488).

Meanwhile, on July 28, 2017, Mr. Widi responded to the Agents' motion for summary judgment and on August 7, 2017, the Agents replied to Mr. Widi's response to their motion for summary judgment. *Opp'n to Hickey and Grasso's Mot. for Summ. J. on Count VII of the Second Am. Compl.* (ECF No. 473); *Stephen E. Hickey and Michael Grasso's Reply Br. in Support of Their Mot. for Summ. J. on Count VII of the Second Am. Compl.* (ECF No. 479).

On October 13, 2017, the Court issued an order deferring a final ruling on Mr. Widi's motion to compel discovery until the parties conferred about discovery and reported back to the Court. *First Disc. Order* at 12. On October 18, 2017, the Agents' counsel filed a joint motion to extend the time to file a report to the Court for one week. *Jt. Mot. for a One-Week Extension of the Deadline for Submitting a Report of Local Rule 26(b) Conf.* (ECF No. 514). Mr. Widi contacted the Clerk's Office and

objected to the joint nature of the motion, leading the Court to issue yet another order, noting that "the upshot is that Mr. Widi agreed to the filing of a joint motion, and, once filed, decided to oppose it." *Order on Jt. Mot. to Extend* (ECF No. 515). On October 26, 2017, the Court reset the due date to November 3, 2017 for the report of counsel regarding the Local Rule 26(b) conference. *Id.* at 3.

On November 3, 2017, Agents Hickey and Grasso complied with the Court's order and filed a report of the Local Rule 26(b) conference. *Defs.' Report of Local Rule 26(b) Conf.* (ECF No. 519) (*Defs.' Report*). Mr. Widi did not comply in a timely fashion. Instead, after being granted an extension of time, Mr. Widi prepared and filed a motion for reconsideration of the discovery order. *Mot. for Recons. of Order on Disc. Mot. (ECF # 510)* (ECF No. 518) (*Mot. for Recons.*). Finally, on November 5, 2017, Mr. Widi filed his report of the Local Rule 26(b) conference. *Pl.'s Report of Local Rule 26(b) Conf.* (ECF No. 521) (*Pl.'s Report*).

On November 15, 2017, the Court issued an order, again deferring action on Mr. Widi's motion to compel discovery, but denying his motion for reconsideration. *Order on Mot. for Disc. and Mot. for Recons. of Disc. Order* (ECF No. 528) (*Second Disc. Order*). In response, Agents Hickey and Grasso replied to Mr. Widi's report of the Local Rule 26(b) conference on November 15, 2017. *Stephen E. Hickey and Michael Grasso's Resp. to Pl.'s Report of Local Rule 26(b) Conf.* (ECF No. 529) (*Defs.' Disc. Reply*).

## II. THE PARTIES' POSITIONS

### A. The Defendants' Local Rule 26(b) Report

In their initial report of the results of the Local Rule 26(b) conference, Agents Hickey and Grasso noted that they assumed Mr. Widi had already been provided with documentation during his criminal case and they asked Mr. Widi what documents he already possessed. *Defs.' Report* at 2. After some delay, Mr. Widi told them to assume he had no documents. *Id.* Counsel for Agents Hickey and Grasso produced two hundred and ten pages of documents to Mr. Widi on November 3, 2017. *Id.* at 3.

### B. David Widi's Local Rule 26(b) Report

In his late-filed report, Mr. Widi complains that the Defendants "have not disclosed anything other than what was already provided to Mr. Widi during his criminal case." *Pl.'s Report* at 2. He asserts that the existence of other relevant reports that had been produced by ATF was discussed during the FOIA litigation. *Id.* (citing ECF No. 370:2). Mr. Widi also objects to the Defendants' claim that they "do not have" any other documents. *Id.* In his view, he is entitled to documents from others if the Agents were "in privity" with other people or institutions who possess the documents. *Id.* He urges the Court to revisit its January 10, 2017 order in which it dismissed without prejudice a series of subpoenas that Mr. Widi moved to have issued against a number of third parties, including the town of Eliot. *Id.* at 2; *see Mot. for Issuance of Subpoena* (ECF No. 362); *Order on Mot. for Recons.* at 31 (ECF No. 392).

Mr. Widi disputes the Agents' assertion that they did not author any reports because he contends ATF regulations require agents to file reports of any criminal investigations. *Pl.'s Report* at 3. Mr. Widi contends that the photo log submitted by the Defendants in this case differs from the photo log generated during the search. *Id.* (citing ECF No. 429-5:11 and ECF No. 473-4). Mr. Widi says that one of the photographs taken during the search shows a photo log with entirely different entries than the one now proffered by the defendants and accuses the Agents of making "patently false" representations. *Id.*

Mr. Widi maintains that the Agents have not attempted to resolve the discovery issues in good faith and argues that this Court should grant the motion to compel discovery and any further relief deemed just including the issuance of third party subpoenas against the town of Eliot and the United States. *Id.*

### C. The Defendants' Response to David Widi's Report

In their further response of November 15, 2017, Defendants note that they had endeavored to produce for Mr. Widi any documents that had a bearing on the narrow issue that the Court identified, namely whether the Defendants opened the door of Mr. Widi's grey utility trailer on the day of the search. *Defs.' Disc. Reply* at 1-2. The Defendants informed the Court that they have confirmed to Mr. Widi that they "had no other reports of documents describing their actions on the day of the search other than what had already been produced, and therefore had nothing else further to produce in discovery." *Id.* The Defendants point out that Mr. Widi already has a voluminous set of documents arising from the search and he has transcripts of the

5

agents' testimony about the search. *Id.* at 3. They say that "[t]he simple truth of the matter is there is no evidence to support Widi's baseless assertions against Defendants because they are just that—baseless." *Id.* They argue that "[n]o amount of additional discovery will change those basic facts, nor has Widi offered any plausible basis for believing that additional discovery has any reasonable likelihood of yielding information sufficient to defeat summary judgment." *Id.* at 4.

## III. DISCUSSION

### A. Legal Standards

The general standard for allowing discovery is set forth in Federal Rule of Civil Procedure 26(b):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs the likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b). In addition to this general standard, as the Court explained in its November 15, 2017 order, the right to discovery in this case has been narrowed by Federal Rule of Civil Procedure 56(d), which provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

FED. R. CIV. P. 56(d).

6

The Court earlier quoted the First Circuit's interpretation of Rule 56(d). *First Disc. Order* at 5, 9-10. Under Rule 56(d), Mr. Widi has the burden to "make an authoritative and timely proffer showing '(1) good cause for his inability to have discovered or marshaled the necessary facts earlier in the proceedings; (ii) a plausible basis for believing that additional facts probably exist and can be retrieved within a reasonable time; and (iii) an explanation of how those facts, if collected, will suffice to defeat the pending summary judgment motion.'" *Id.* (quoting *Donovan v. Fowle*, No. 1:09-cv-00328-JAW, 2010 U.S. Dist. LEXIS 43674 (D. Me. May 3, 2010) (quoting *Rivera-Torres v. Rey-Hernandez*, 502 F.3d 7, 10 (1st Cir. 2007)).

B.  **Application of the Legal Standards to David Widi's Motion**

In his Second Amended Complaint, specifically Count VII, Mr. Widi claims that Agents Hickey and Grasso opened up a grey trailer on his property and photographed its contents, and in doing so, they violated his constitutional rights. *Second Am. Compl.* at 30 (ECF No. 191). On April 18, 2017, Agents Hickey and Grasso moved for summary judgment and submitted a statement of undisputed material facts. *Stephen E. Hickey and Michael Grasso's Mot. for Summ. J. on Count VII of the Second Am. Compl.* (ECF No. 428); *Statement of Undisputed Material Facts* (ECF No. 429). The basis of the motion for summary judgment is the Agents' sworn declarations that when they came upon Mr. Widi's grey trailer, the door was opened, and they merely photographed what was there to be seen. *Statement of Undisputed Material Facts* Attach 5 *Decl. of Stephen E. Hickey* ¶ 9 (ECF No. 429) ("I am aware that Widi has accused me of violating his Fourth Amendment rights by 'searching'

7

that trailer. That allegation is false. I specifically recall the trailer and the Harley Davidson motorcycle, and I can state unequivocally that I did not 'open' that trailer on the day of the search. To the contrary, the trailer was already open when I first encountered it and when I took the picture attached as Exhibit B"); *Id.* Attach 2 *Decl. of Michael Grasso* ¶ 7 ("I am aware that Widi has accused me of violating his Fourth Amendment rights by 'searching' that trailer. That allegation is false. I specifically recall the trailer and the Harley Davidson motorcycle, and I can state unequivocally that I did not 'open' that trailer on the day of the search").

In response to the Agents' motion, Mr. Widi filed a motion to compel discovery from them. *Mot. to Compel* at 1-5. In his motion, Mr. Widi asked that Agents Hickey and Grasso be compelled to produce documents that he had requested in his Discovery Request dated March 6, 2017. *See id.* Attach. 1 *Disc. Req.* at 1-3. Following the Court's orders, Agents Hickey and Grasso sent Mr. Widi two hundred and ten pages of documents. *Defs.' Report* at 3. In response, Mr. Widi protested that the produced documents were the same documents he received during his criminal case, *Pl.'s Report* at 1-2, that Agents Hickey and Grasso should be required to produce documents in the possession of other individuals and agencies because they are "in privity" with them, *id.* at 2, and that a discrepancy between the photo log that was produced and a photo of another photo log made contemporaneously with the grey trailer search establishes that the Agents are lying about the reports they generated. *Id.* at 3.

In all his filings, Mr. Widi has not provided the Court with a response to the question now before the Court: skipping over the good cause requirement under *Rivera-Torres*, Mr. Widi has not attempted to demonstrate either (1) a plausible basis for believing that additional facts probably exist and can be retrieved within a reasonable time, or (2) an explanation of how those facts, if collected, will suffice to defeat the pending summary judgment motion. *Rivera-Torres*, 502 F.3d at 10. In other words, Mr. Widi failed to address what specific discovery he requires to defend against the pending motion for summary judgment; namely, what discovery will reveal that either Agent Hickey or Agent Grasso, or both of them opened the door of the grey trailer.

The Court informed Mr. Widi in its October 13, 2017 order and in its November 15, 2017 order that it was open to allowing him some limited discovery on the narrow factual issue before the Court in the pending motion for summary judgment. *First Disc. Order* at 10-12; *Second Disc. Order* at 7-9. Even so, in the October 13, 2017 order, the Court observed that "Mr. Widi has come up with a minimal explanation for why he needs discovery." *First Disc. Order* at 10. The Court rejected Mr. Widi's demand that he be allowed to conduct discovery on Agents Hickey and Grasso in order to obtain information against other defendants. *Id.* at 10-11. It also warned Mr. Widi that it would not allow him to engage in a fishing expedition. *Id.* at 11. Expressing its view that Mr. Widi could be entitled to some discovery, the Court still wrote that it was "mystified as to how [Mr. Widi] intends to disprove what these Agents represented under oath." *Id.* The Court speculated that there "may be a limited

number of other reports and similar documents" that could be responsive to the narrow issue before the Court. *Id.* at 11-12. In its November 15, 2017 order, the Court reiterated that it would "allow Mr. Widi some discovery on the narrow factual issue presented by the motion." *Second Disc. Order* at 9.

Despite the Court's invitations to Mr. Widi to comply with Rule 56(d), its quoting the tripartite standard under *Rivera-Torres*, its quoting the Rule itself ("show[] by affidavit or declaration that, for specified reasons, he cannot present facts essential to justify [his] opposition", FED. R. CIV. P. 56(d)), and its urging Mr. Widi to describe a narrow set of required discovery, the Court only has his insistence that "general discovery should be allowed," that he should be allowed to engage in discovery of these Agents to assist his case against other defendants, and that the Court is itself at fault for not being concerned about "getting to the truth of the matter." *Mot. for Recons.* at 9-10.

Given the state of the record before the Court, the fact that the Agents have turned over two hundred and ten pages of documents to Mr. Widi, that it is not appropriate to allow Mr. Widi to force Agents Hickey and Grasso to undergo the expense and trouble of discovery in order to obtain information in Mr. Widi's case against other defendants, and that Mr. Widi failed to comply with Rule 56(d), the Court dismisses without prejudice his Motion to Compel Discovery. The Court will turn to the merits of the pending motion for summary judgment.

## IV. CONCLUSION

The Court DISMISSES without prejudice David J. Widi, Jr.'s Motion to Compel Discovery (ECF No. 462).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 6th day of December, 2017