UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

David J. Widi, Jr.

    v.                        Civil No. 2:12-cv-188-JD

Paul McNeil, et al.


O R D E R

David J. Widi, Jr., proceeding pro se and in forma pauperis, brought civil rights claims against federal and state defendants, most of whom have been dismissed from the case.[1] The remaining defendants, Kevin Curran, Kevin Cady, Robert Brown, Elliott Moya, and Theodore Short, who are or were officers in the Town of Eliot, Maine, Police Department, move for sanctions against Widi for failing to comply with the court's discovery orders.[2] Widi did not file a response to the motions.

In the motions for sanctions, the defendants describe in detail Widi's failure to provide discovery and to abide by the court's discovery orders in this case. See doc. nos. 578, 579,

---

[1] The case was reassigned to the undersigned judge on August 30, 2018, following recusal of the judges in the District of Maine.
[2] The initial motion for sanctions was filed on behalf of Curran and the other defendants then joined the motion.

& 580. The court has addressed the issues in a series of orders. See doc. nos. 540, 543, 553, 560, 569, 573, & 574. The court held a sixth telephone conference with Widi and the defendants on August 3, 2018, to address the continuing discovery issues. The court ordered that motions for sanctions were due by August 24, 2018, and the response deadline was set for September 14, 2018.

The defendants filed their motion for sanctions within the time allowed. Widi did not file a response to the defendants' motion by the deadline.

## Discussion

The defendants ask the court to dismiss the claims against them, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), as a sanction against Widi for his failure to comply with his discovery obligations and the court's orders. The defendants also argue that the claims should be dismissed under Federal Rule of Civil Procedure 41(b) because of Widi's failure to prosecute his claims. Alternatively, the defendants ask that the court impose other lesser sanctions allowed under the rule and order Widi to pay the expenses they have incurred because of his conduct.

"District courts' authority to dismiss an action as a

sanction for noncompliance with a discovery order is well established." Vallejo v. Santini-Padilla, 607 F.3d 1, 7 (1st Cir. 2010). That is because dismissal "is an essential tool for district courts' effective exercise of their right to establish orderly processes and manage their own affairs." Id. at 8 (internal quotation marks omitted). While dismissal is a harsh sanction and courts "should not be too quick to resort to dismissal, . . . disobedience of court orders, in and of itself, constitutes extreme misconduct (and thus warrants dismissal)." Id. (internal quotation marks omitted).

The Federal Rules of Civil Procedure "reinforce and augment the inherent power of district courts to dismiss cases for disregard of judicial orders." Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003). Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In addition, under Rule 37(b)(2)(A)(v), the court may dismiss the action if a party "fails to obey an order to provide or permit discovery."

Widi filed his complaint in June of 2012. After initial review and subsequent amendments, the case proceeded against federal and local defendants on a range of civil rights claims. The claims against all defendants, except the Eliot Police

3

Department defendants, were previously dismissed.

The Eliot Police Department defendants then proceeded with discovery. The court set April 30, 2018, as the deadline for Widi to respond to the defendants' discovery requests. Widi provided some discovery documents through email. He did not provide direct responses to the defendants' requests or answers to interrogatories within the time ordered by the court. During a second conference call, the court explained Widi's discovery obligations and set May 29, 2018, as the deadline for his compliance. The court then extended the deadline as requested by Widi to June 14, 2018.

Widi did not provide the outstanding discovery by the June 14, deadline. The court set a third conference call, but Widi failed to participate. A fourth conference call was held on June 29, but Widi again failed to participate despite the court's order that he do so and having received notice of the call.

The court set a fifth conference call for July 20 and required the defendants to physically serve Widi with notice. The court notified Widi that if he again failed to participate, the court would impose sanctions, including dismissal of his claims. The defendants attempted to physically serve Widi with notice of the July 10 call but were unable to do so.

Widi did participate in the July 20 call.  The court set July 30 as the deadline for Widi's discovery responses and warned Widi that sanctions would be imposed if he continued to be unavailable and unresponsive.  The court also scheduled a sixth telephone conference for August 3, 2018.

Counsel for the defendants continued to experience difficulty communicating with Widi.  While Widi again provided documents by email, he did not properly respond to the defendants' discovery requests as he was directed to do by the court.  He also refused to address issues with his interrogatory responses.

The sixth conference call was held on August 3.  After a discussion about whether or not Widi had properly responded to the defendants' discovery requests, the court allowed the parties to file motions for sanctions.  Widi did not respond to the defendants' counsels' subsequent efforts to resolve the discovery issues.  Widi also did not respond to the motions for sanctions.

The circumstances in this case demonstrate that Widi has deliberately refused to comply with the court's discovery orders.  The court repeatedly explained his obligations, and he has not provided an adequate excuse for his behavior.  His failure to respond to the motions for sanctions further shows

his failure to prosecute his case.

Therefore, pursuant to Rule 41(b), Rule 37(b)(2)(A)(v), and the inherent power of the court to manage its proceedings, it is appropriate in this case to dismiss the remaining claims as a sanction for Widi's failure to obey court orders, to comply with ordered discovery, and to prosecute his case.

## Conclusion

For the foregoing reasons, the defendants' motions for sanctions (documents 578, 579, and 580) are granted.

The remaining claims in the case, against defendants Curran, Cady, Brown, Moya, and Short, are dismissed with prejudice.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

                                       /s/ Joseph A. DiClerico, Jr.
                                       Joseph A. DiClerico, Jr.
                                       United States District Judge
                                       (Sitting by designation.)

September 20, 2018

cc: David J. Widi, Jr., pro se
    Evan J. Roth, AUSA
    John G. Osborn, AUSA
    Sheila W. Sawyer, AUSA
    John J. Wall, III, Esq.
    Edward R. Benjamin, Jr.

Kasia S. Park, Esq.
Brendan R. O'Rouke, Esq.
Benjamin Wahrer, Esq.